## Second Original

IN THE ~~SUPERIOR~~/STATE COURT OF _Carroll_ COUNTY

### STATE OF GEORGIA

_Rita Meeks, individually and as_
_Administratrix of the Estate of_
_Alan Hembree_

CIVIL ACTION NUMBER __15CV01044__

__JK__

PLAINTIFF

Vs.

_Eulus Holbert Keown, Jr., Robert_
_Lynn Newcomb, Celadon Trucking_
_Services, Inc., and Wabash National Corporation_

~~DEFENDANT~~

### SUMMONS

TO THE ABOVE NAMED DEFENDANT:

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

_Matthew E. Cook, Esq._                 _Christopher J. Adams, Esq._
_Cook Law Group, LLC_                    _Kenneth S. Nugent, P.C._
_P.O. Box 2415_                          _1355 Peach Hill Street NE_
_Gainesville, GA 30503_                  _Ste 1000_
                                         _Atlanta, GA 30309_

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

This _25_ day of _September_, _2015_.

Clerk of Superior Court/State Court

By: _____

Deputy Clerk

SC-1 Rev. 85



EXHIBIT

A

tabbies

IN THE SUPERIOR COURT CARROLL COUNTY

STATE OF GEORGIA

RITA MEEKS, individually and as Administratrix )
of the Estate of ALAN HEMBREE,              )
                                            )
        Plaintiff,                          )
                                            )       CIVIL ACTION FILE
vs.                                         )       NO.
                                            )
EULUS HOLBERT KEOWN, JR.,                   )
ROBERT LYNN NEWCOMB, CELADON                )
TRUCKING SERVICES, INC., and WABASH         )
NATIONAL CORPORATION,                       )
                                            )
        Defendants.                         )

## COMPLAINT FOR DAMAGES

COMES NOW, RITA MEEKS, in her capacity as Administratix and surviving heir of the

deceased, ALAN HEMBREE, and brings this suit for wrongful death against Defendants EULUS

HOLBERT KEOWN, JR., ROBERT LYNN NEWCOMB, CELADON TRUCKING SERVICES,

INC., and WABASH NATIONAL CORPORATION, as follows:

## PARTIES AND JURISDICTION

1.

The Plaintiff is the Administratrix for the Estate of Alan Hembree and was appointed as

such on March 3, 2014, in the Probate Court of Haralson County, Georgia and otherwise has been

a resident of the State of Georgia at all times relevant to this case.

2.

The Defendant, EULUS HOLBERT KEOWN, Jr.,(hereinafter "Defendant KEOWN") is a

resident of the State of Georgia and subject to the jurisdiction and venue of this Court and may be

1

personally served with process at 685 Kierbow Road, Carrollton, Georgia 30117.

3.

The Defendant, ROBERT LYNN NEWCOME, (hereinafter "Defendant NEWCOME") is a resident of the State of Virginia and may be served with a copy of this Summons and Complaint pursuant to the Georgia Long-Arm Statute O.C.G.A. § 9 -10-91 and § 9-10-94 at his residence at 870 Stoneyridge Road, Bassett VA, 24055.

4.

Defendant NEWCOME, is subject to the jurisdiction and venue of this Court pursuant to the Georgia Long-Arm Statute O.C.G.A. § 9 -10-91 and § 9-10-94.

5.

The Defendant, CELADON TRUCKING SERVICES, INC., (hereinafter "Defendant CELADON") is a foreign corporation, and may be served with a copy of this Summons and Complaint through its agent for service to wit: National Corporate Research, LTD., located at 3675 Crestwood Parkway, Suite 350, Duluth, Georgia 30096.

6.

Defendant CELADON, is subject to the jurisdiction and venue of this Court as a party Defendant pursuant to O.C.G.A § 14-2-510(b)(4).

7.

At all times relevant hereto, Defendant NEWCOME, was an agent/employee of Defendant CELADON, operating under the authority of Defendant CELADON, and acting within the scope and agency of his employment for Defendant CELADON.

2

8.

At all times relevant hereto, Defendant NEWCOME, was a statutory employee of Defendant CELADON.

9.

Defendant WABASH NATIONAL CORPORATION, (hereinafter "Defendant WNC") is a manufacturer of the truck trailer subject to the direct action and is subject to the jurisdiction and venue of this Court as a maker of products within the stream of commerce and is foreseeable that they would be subject to this jurisdiction.

10.

Defendant WNC, is a foreign corporation, and is subject to the jurisdiction and venue of this Court pursuant to the Georgia Long-Arm Statute O.C.G.A. § 9 -10-91 and § 9-10-94.

11.

Defendant WNC, may be served with a copy of this Summons and Complaint pursuant to the Georgia Long-Arm Statute O.C.G.A. § 9 -10-91 and § 9-10-94 through its registered agent for service to wit: Corporation Service Company, located at 251 E. Ohio Street, Suite 500, Indianapolis, IN 46204.

12.

Defendants KEOWN, NEWCOMB, CELADON, and WNC, are joint tortfeasors and venue as to all is proper in this Court pursuant to O.C.G.A. § 9-10-31.

13.

The Superior Court of Carroll County is the Court of proper venue in this action.

3

14.

The Superior Court of Carroll County has jurisdiction over the subject matter of this action.

## FACTS

15.

On or about November 12, 2012, at approximately 2:54 p.m., Defendant KEOWN, was operating a 2000 Buick LeSabre traveling westbound on I-20 in the number three lane near the Post Road exit.

16.

At the same date and time, Defendant KEOWN lost control of his vehicle and traveled into the path and in front of a tractor and trailer being driven by Jose Roberto Meza.

17.

Defendant KEOWN'S vehicle made contact with Mr. Meza's tractor which caused his vehicle to travel across the left lane and into the median and back across all westbound lanes before overturning.

18.

The truck being driven by Mr. Meza overturned and came to rest near the north shoulder of I-20 on it's left side, facing north.

19.

The collision between Defendant KEOWN and Mr. Meza's vehicles caused the far two right lanes of I-20 westbound traffic to be closed for several hours.

4

20.

On or about November 13, 2012, at approximately 10:25 p.m., Defendant NEWCOMB

was operating a 2013 International truck, VIN Number 3HSDJSJR6DN341110 owned by

Defendant CELADON and equipped with a trailer manufactured by Defendant WNC, traveling

westbound on I-20 in the middle lane at approximately one quarter mile before the Post Road exit.

21.

In response to the hazard created by Defendant KEOWN, Defendant NEWCOMB,

suddenly and without warning attempted to merge into the far left lane in avoidance of the partial

road closure.

22.

Mr. Alan Guy Hembree was traveling in the far left lane as Defendant NEWCOMB

attempted to merge and collided with the rear of the trailer which was equipped with an underride

guard manufactured by Defendant WNC.

23.

As a result of the collision, Mr. Hembree sustained fatal injuries.

## COUNT 1: NEGLIGENCE OF DEFENDANT KEOWN

24.

Plaintiff incorporates by reference the allegations in Paragraphs 1 through 23 as if fully set

forth herein.

25.

At all times material to this action, Defendant KEOWN owed a duty of exercising due and

reasonable care to Mr. Hembree, as well as other motorists on the road.

5

26.

Defendant KEOWN'S negligence in failing to maintain his lane created a dangerous condition which initiated the partial closure of I-20 West for several hours of November 12, 2012, and into the early morning hours of November 13, 2012.

27.

The negligence of Defendant KEOWN which was a direct and proximate cause of the fatal injuries to Mr. Hembree, consisted of, but is not limited to, the following:

(a)     Defendant drove his vehicle in reckless disregard for the safety of other drivers, especially Alan Hembree;

(b)     Defendant operated his vehicle in violation of O.C.G.A 40-6-48; constituting negligence per se ;

(c0     Defendant failed to maintain control of his vehicle, and failed to post a proper lookout;

(d)     Defendant created a hazardous and dangerous condition.

### COUNT 2: NEGLIGENCE OF DEFENDANT NEWCOMB

28.

Plaintiff incorporates by reference the allegations in Paragraphs 1 through 27 as if fully set forth herein.

29.

At all times material to this action, Defendant NEWCOMB owed a duty of exercising due and reasonable care to Mr. Hembree, as well as other motorists on the road.

6

30.

Defendant NEWCOMB breached this duty by operating his tractor-trailer in an unsafe and negligent manner.

31.

Defendant, NEWCOMB attempted to merge in a manner and speed that was negligent and in violation of the Official Code of Georgia and Federal Motor Carrier safety regulations.

32.

The negligence of Defendant CELADON, and Defendant NEWCOMB, all of which constituted a direct and proximate cause of the fatal injuries to Mr. Hembree, consisted of, but is not limited to, the following:

(a)     Defendant drove his vehicle in reckless disregard for the safety of other drivers, especially Alan Hembree;

(b)     Defendant operated his vehicle in violation of O.C.G.A 40-6-48;

(c)     Defendant failed to maintain control of his vehicle, and failed to post a proper lookout;

(d)     Defendant operated his vehicle in an unsafe manner in violation of the Federal Motor Carrier Safety Regulations, 49 CFR 392.2

### COUNT 3: NEGLIGENCE OF CELADON TRUCKING

33.

Plaintiff incorporates by reference the allegations in Paragraphs 1 through 32 as if fully set forth herein.

7

34.

At the time of the subject collision, Defendant NEWCOMB'S behavior, acts, omissions, and other conduct, negligent or otherwise, were committed during the course and scope of his employment, while in his capacity as an employee and agent, and while under the direction and control of Defendant CELADON.

35.

At the time of the subject collision, Defendant NEWCOMB was operating the vehicle with the express permission of Defendant CELADON.

36.

Defendant CELADON is liable to Plaintiff for the negligent acts of its agent/employee Defendant NEWCOMB under the doctrine of *Respondeat Superior*.

37.

Defendant CELADON, failed to properly train, regulate and supervise its agent/employee Defendant NEWCOMB, thus proximately causing or contributing to Mr. Hembree's fatal injuries.

38.

Defendant CELADON negligently hired its agent/employee Defendant NEWCOMB and failed to implement and utilize proper procedures to evaluate his skills and expertise, thus proximately causing or contributing to Mr. Hembree's fatal injuries.

39.

Defendant CELADON, negligently retained Defendant NEWCOMB and negligently entrusted the tractor trailer to Defendant NEWCOMB, thus proximately causing or contributing to Mr. Hembree's fatal injuries.

40.

Defendant NEWCOMB'S negligence and violation of O.C.G.A. 40-6-48, constitute

negligence *per se*.

41.

Defendant CELADON, negligently entrusted the tractor-trailer to Defendant NEWCOMB,

thus proximately causing or contributing to Mr. Hembree's fatal injuries.

42.

The negligence of Defendant CELADON, and Defendant NEWCOMB, all of which

consisted a direct and proximate cause of the fatal injuries to Mr. Hembree, consisted of but is

not limited to the following:

(a) Defendant drove his vehicle in reckless disregard for the safety of other drivers,
especially Alan Hembree;

(b) Defendant operated his vehicle in violation of O.C.G.A 40-6-48; constituting
negligence per se ;

(c) Defendant failed to maintain control of his vehicle, and failed to post a proper
lookout;

(d) Defendant operated his vehicle in an unsafe manner in violation of the Federal
Motor Carrier Safety Regulations, 49 CFR 392.2

## COUNT 4: PRODUCTS LIABILITY CLAIMS OF DEFENDANT WNC

43.

Plaintiff incorporates by reference the allegations in Paragraphs 1 through 42 as if fully set

forth herein.

9

44.

Defendant WNC designed, and constructed the trailer involved in the instant fatal collision.

45.

During the process by which Defendant WNC designed and constructed the trailer, they also designed, constructed and installed the underride guard which was affixed to the rear of the trailer.

46.

During the impact, the underride guard on the trailer failed, causing massive intrusion of the trailer into the passenger compartment of the vehicle being driven by Alan Hembree.

47.

The occurrence of an impact of this nature was reasonably foreseeable to Defendant WNC.

48.

The occurrence of an impact of this nature was likely to cause serious injury or death to a front seat passenger if the underride guard failed.

49.

Before the subject trailer was sold, it was feasible that would absorb crash energy, prevent intrusion, and prevent the loss of life in an occurrence of this nature.

50.

The design, construction and installation of the trailer and its underride guard proximately caused the fatal injuries of Alan Hembree.

10

51.

Any benefits of the design of the WNC trailer and its underride guard do not outweigh the risk of danger inherent in the design.

52.

When the trailer left the control of Defendant WNC it and the underride system were in an unreasonably dangerous condition in that;

a.   The design of the trailer's underride guard was too weak and ineffective to prevent substantial intrusion into the occupant space of a rear ending vehicle in a reasonably foreseeable rear impact; and/or

b.   The trailers underride guard was affixed too high above the road surface to permit a rear-ending vehicle's frame and structure to properly engage it during a reasonably foreseeable rear impact.

## WRONGFUL DEATH OF ALAN HEMBREE

53.

Plaintiff incorporates by reference the allegations in Paragraphs 1 through 52 as if fully set forth herein.

54.

Plaintiff Rita Meeks is the mother of the deceased Alan Hembree and brings this action for wrongful death within her capacity as Administratrix and surviving heir of the deceased, Alan Hembree.

55.

As a result of the of the unreasonably dangerous conditions created by the Defendants KEOWN, NEWCOMB, CELADON, and WNC, Alan Hembree suffered fatal injuries for which

11

his Estate claims damages pursuant to the Georgia Wrongful Death Statute.

56.

As a direct and proximate result of Defendants' negligence and products liability, Plaintiff

Rita Meeks, individually and as Administratrix of the Estate of Alan Guy Hembree, incurred

damages including but not limited to: medical expenses; conscious pain and suffering - allowable

under the laws of the State of Georgia, and Alan Hembree's final expenses.

57.

Plaintiff Rita Meeks, individually and as Administratrix of the Estate of Alan Guy

Hembree is entitled to recover for the ramifications of his injuries and death directly and

proximately resulting from Defendants negligence.

58.

This Complaint is a renewal of an action, pursuant to O.C.G.A. §9-2-61, against these

Defendants.  The allegations are essentially the same as those contained in the Amended

Complaint that was filed in Carroll County State Court and assigned Civil Action No.14-S-00367

which was voluntarily dismissed, without prejudice.  The dismissal of the prior action was entered

on April 7, 2015 (see attached Exhibit A).  All costs have been paid and this action is being

renewed within six months.

WHEREFORE, Plaintiff prays and respectfully demands as follows:

(a)     Plaintiff has a trial by jury;

(b)     Judgment against the Defendants, for general damages in an amount to be

        determined by the jury;

(c)     Judgment against the Defendants, for those special damages proven at trial;

12

(d)     Judgment against the Defendants, for the full value of the life of Alan Hembree;

(e)     The Defendants be required to pay for all court costs; and

(f)     That Plaintiff has such other and further relief as this Court deems appropriate.

This _____ 25ᵗʰ day of _____ Septeb _____, 2015.

Respectfully submitted,
**COOK LAW GROUP, LLC**

P.O. Box 2415
Gainesville, GA 30503
Telephone: 678-928-3899
Facsimile: 888-612-0589
Email: matt@cook-lawgroup.com

Matthew E. Cook
Georgia Bar No. 184399
Attorney for Plaintiff

**KENNETH S. NUGENT, P.C.**

Christopher J. Adams
Georgia Bar No. 002709
Jan P. Cohen
Georgia Bar No. 174337
Attorneys for Plaintiff

1355 Peachtree Street
The Peachtree - Suite 1000
Atlanta, GA 30309
Telephone:404-253-5839
Facsimile: 404-420-2195
Email: cadams@attorneykennugent.com

4227 Pleasant Hill Road
Building 11, Suite 300
Duluth, GA 30096
Telephone:770-495-6694
Facsimile: 770-495-6760
Email: jcohen@attorneykennugent.com

13

COPY

IN THE SUPERIOR/STATE COURT OF _Carroll_ _____ COUNTY

STATE OF GEORGIA

_Rita Meeks, individually and as_
_Administratrix of the Estate of_
_Alan Hembree_

CIVIL ACTION
NUMBER _14-C-00367_

PLAINTIFF

Vs.

_Eulus Holbert Keown, Jr., Robert Lynn Newcomb,_
_Celadin Trucking Services, Inc., American_
_International Group, Inc. A.K.A. AIG Specialty_
_Insurance Company, Wabash National Trailer Centers, Inc.,_
_Wabash National Corporation, Wabash National, L.P.,_
_Wabash National Manufacturing, L.P., John Doe 1,_
_John Doe 2, and John Doe 3_ DEFENDANT

SUMMONS

TO THE ABOVE NAMED DEFENDANT:

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

_Christopher J. Adams, Esq._
_Kenneth S. Nugent, P.C._
_1355 Peachtree St. NE_
_The Peachtree Ste 1000_
_Atlanta, GA 30309_

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

This ___6___ day of _November_, _2014_

Clerk of Superior Court/State Court

By: _Karen Wade_

Deputy Clerk

SC-1 Rev. 85

EXHIBIT
A

IN THE STATE COURT CARROLL COUNTY

STATE OF GEORGIA

RITA MEEKS, individually and as Administratrix )
of the Estate of ALAN HEMBREE,                )
                                              )
        Plaintiff,                            )
                                              )            CIVIL ACTION FILE
vs.                                           )            NO. 14-S-00367
                                              )
EULUS HOLBERT KEOWN, JR.,                     )
ROBERT LYNN NEWCOMB, CELADON                  )
TRUCKING SERVICES, INC.,AMERICAN              )
INTERNATIONAL GROUP, INC. a.k.a. AIG          )
SPECIALITY INSURANCE COMPANY,                 )
WABASH NATIONAL TRAILER CENTERS,              )
INC., WABASH NATIONAL CORPORATION,            )
WABASH NATIONAL, L.P., WABASH                 )
NATIONAL MANUFACTURING, L.P.,                 )
JOHN DOE 1, JOHN DOE 2, and JOHN DOE 3,       )
                                              )
        Defendants.                           )

## AMENDED COMPLAINT FOR DAMAGES

COMES NOW, RITA MEEKS, in her capacity as Administratix and surviving heir of the

deceased, ALAN HEMBREE, and brings this suit for wrongful death against Defendants EULUS

HOLBERT KEOWN, JR., ROBERT LYNN NEWCOMB, CELADON TRUCKING SERVICES,

INC., AMERICAN INTERNATIONAL GROUP, INC. a.k.a. AIG SPECIALITY INSURANCE

COMPANY, WABASH NATIONAL TRAILER CENTERS, INC., WABASH NATIONAL

CORPORATION, WABASH NATIONAL, L.P., WABASH NATIONAL MANUFACTURING,

L.P., JOHN DOE 1, JOHN DOE 2, and JOHN DOE 3 as follows:

1

## PARTIES AND JURISDICTION

1.

The Plaintiff is the Administratrix for the Estate of Alan Hembree and was appointed as

such on March 3, 2014, in the Probate Court of Haralson County, Georgia and otherwise has been

a resident of the State of Georgia at all times relevant to this case.

2.

The Defendant, EULUS HOLBERT KEOWN, Jr.,(hereinafter "Defendant KEOWN") is a

resident of the State of Georgia and subject to the jurisdiction and venue of this Court and may be

personally served with process at 735 Kierbow Road, Carrollton, Georgia 30117.

3.

The Defendant, ROBERT LYNN NEWCOME, (hereinafter "Defendant NEWCOME") is

a resident of the State of Virginia and may be served with a copy of this Summons and Complaint

pursuant to the Georgia Long-Arm Statute O.C.G.A. § 9 -10-91 and § 9-10-94 at his residence at

870 Stoneyridge Road, Bassett VA, 24055.

4.

Defendant NEWCOME, is subject to the jurisdiction and venue of this Court pursuant to

the Georgia Long-Arm Statute O.C.G.A. § 9 -10-91 and § 9-10-94.

5.

The Defendant, CELADON TRUCKING SERVICES, INC., (hereinafter "Defendant

CELADON") is a foreign corporation, and may be served with a copy of this Summons and

Complaint through its agent for service to wit: National Corporate Research, LTD., located at

3675 Crestwood Parkway, Suite 350, Duluth, Georgia 30096.

2

6.

Defendant CELADON, is subject to the jurisdiction and venue of this Court as a party

Defendant pursuant to O.C.G.A § 14-2-510(b)(4).

7.

The Defendant AMERICAN INTERNATIONAL GROUP, INC. a.k.a. AIG SPECIALITY

INSURANCE COMPANY (hereinafter "Defendant AIG") is a surety company licensed to

transact business in the State of Georgia, Defendant AIG is subject to the jurisdiction and venue

of this Court as a party Defendant.  Service may be made upon Defendant AIG registered agents

for service to wit: United States Corporation Company, 2711 Centerville Road, Suite 400,

Wilmington, Delaware 19808 and Corporation Service Company, 209 West Washington Street,

Charleston, West Virginia 25302.

8.

At all times relevant hereto, Defendant NEWCOME, was an agent/employee of Defendant

CELADON, operating under the authority of Defendant CELADON, and acting within the scope

and agency of his employment for Defendant CELADON.

9.

At all times relevant hereto, Defendant NEWCOME, was a statutory employee of

Defendant CELADON.

10.

At the time of the subject collision, Defendant AIG provided a policy of liability insurance

on behalf of Defendant CELADON, and its agent/employee Defendant NEWCOME, the same

being, liability policy number MCI85116, and umbrella liability number 4882186.

3

11.

Defendant AIG, is subject to suit by direct action pursuant to the provisions of O.C.G.A. § 46-7-12.

12.

Defendant WABASH NATIONAL TRAILER CENTERS, INC., (hereinafter "Defendant WABASH") is a manufacturer of the truck trailer subject to the direct action and is subject to the jurisdiction and venue of this Court as a maker of products within the stream of commerce and is foreseeable that they would be subject to this jurisdiction.

13.

Defendant WABASH, is a foreign corporation, and may be served with a copy of this Summons and Complaint through its registered agent for service to wit: Corporation Service Company, located at 40 Technology Parkway South, Suite 300, Norcross, Georgia 30092.

14.

Defendant WABASH, is subject to the jurisdiction and venue of this Court as a party Defendant pursuant to O.C.G.A § 14-2-510(b)(4).

15.

Defendant WABASH NATIONAL CORPORATION, (hereinafter "Defendant WNC") is a manufacturer of the truck trailer subject to the direct action and is subject to the jurisdiction and venue of this Court as a maker of products within the stream of commerce and is foreseeable that they would be subject to this jurisdiction.

4

16.

Defendant WNC, is a foreign corporation, and is subject to the jurisdiction and venue of this Court pursuant to the Georgia Long-Arm Statute O.C.G.A. § 9 -10-91 and § 9-10-94.

17.

. Defendant WNC, may be served with a copy of this Summons and Complaint pursuant to the Georgia Long-Arm Statute O.C.G.A. § 9 -10-91 and § 9-10-94 through its registered agent for service to wit: Corporation Service Company, located at 251 E. Ohio Street, Suite 500, Indianapolis, IN 46204.

18.

Defendant WABASH NATIONAL, L.P. (hereinafter "Defendant WNLP") is a manufacturer of the truck trailer subject to the direct action and is subject to the jurisdiction and venue of this Court as a maker of products within the stream of commerce and is foreseeable that they would be subject to this jurisdiction.

19.

Defendant WNLP, is a foreign corporation, and is subject to the jurisdiction and venue of this Court pursuant to the Georgia Long-Arm Statute O.C.G.A. § 9 -10-91 and § 9-10-94.

20.

Defendant WNLP, may be served with a copy of this Summons and Complaint pursuant to the Georgia Long-Arm Statute O.C.G.A. § 9 -10-91 and § 9-10-94 through its registered agent for service to wit: Corporation Service Company, located at 251 E. Ohio Street, Suite 500, Indianapolis, IN 46204.

21.

Defendant WABASH NATIONAL MANUFACTURING, L.P. (hereinafter "Defendant WNMLP") is a manufacturer of the truck trailer subject to the direct action and is subject to the jurisdiction and venue of this Court as a maker of products within the stream of commerce and is foreseeable that they would be subject to this jurisdiction.

22.

Defendant WNMLP, is a foreign corporation, and is subject to the jurisdiction and venue of this Court pursuant to the Georgia Long-Arm Statute O.C.G.A. § 9 -10-91 and § 9-10-94.

23.

Defendant WNMLP, may be served with a copy of this Summons and Complaint pursuant to the Georgia Long-Arm Statute O.C.G.A. § 9 -10-91 and § 9-10-94 through its registered agent for service to wit: Corporation Service Company, located at 251 E. Ohio Street, Suite 500, Indianapolis, IN 46204.

24.

Defendant JOHN DOE NUMBER 1, is an unknown, unnamed entity who is responsible in whole or in part as a manufacture, distributer, seller, designer, or one who maintains or repairs trailers and or underride guards such as the one made subject to the immediate action.

25.

Defendant JOHN DOE NUMBER 2, is an unknown, unnamed entity who is responsible in whole or in part as a manufacture, distributer, seller, designer, or one who maintains or repairs trailers and or underride guards such as the one made subject to the immediate action.

6

26.

Defendant JOHN DOE NUMBER 3, is an unknown, unnamed entity who is responsible in whole or in part as a manufacture, distributer, seller, designer, or one who maintains or repairs trailers and or underride guards such as the one made subject to the immediate action.

27.

Defendants KEOWN, NEWCOMB, CELADON, AIG, WABASH, WNC, WNLP, WNMLP, JOHN DOE 1, JOHN DOE 2 and JOHN DOE 3 are joint tortfeasors and venue as to all is proper in this Court pursuant to O.C.G.A. § 9-10-31.

28.

The State Court of Carroll County is the Court of proper venue in this action.

29.

The State Court of Carroll County has jurisdiction over the subject matter of this action.

FACTS

30.

On or about November 12, 2012, at approximately 2:54 p.m., Defendant KEOWN, was operating a 2000 Buick LeSabre traveling westbound on I-20 in the number three lane near the Post Road exit.

31.

At the same date and time, Defendant KEOWN lost control of his vehicle and traveled into the path and in front of a tractor and trailer being driven by Jose Roberto Meza.

32.

Defendant KEOWN'S vehicle made contact with Mr. Meza's tractor which caused his

7

vehicle to travel across the left lane and into the median and back across all westbound lanes before overturning.

33.

The truck being driven by Mr. Meza overturned and came to rest near the north shoulder of I-20 on it's left side, facing north.

34.

The collision between Defendant KEOWN and Mr. Meza's vehicles caused the far two right lanes of I-20 westbound traffic to be closed for several hours.

35.

On or about November 13, 2012, at approximately 10:25 p.m., Defendant NEWCOMB was operating a 2013 International truck, VIN Number 3HSDJSJR6DN341110 owned by Defendant CELADON and equipped with a trailer manufactured by Defendant WABASH, traveling westbound on I-20 in the middle lane at approximately one quarter mile before the Post Road exit.

36.

On or about November 13, 2012, at approximately 10:25 p.m., Defendant NEWCOMB was operating a 2013 International truck, VIN Number 3HSDJSJR6DN341110 owned by Defendant CELADON and equipped with a trailer manufactured by Defendant WNC, traveling westbound on I-20 in the middle lane at approximately one quarter mile before the Post Road exit.

37.

On or about November 13, 2012, at approximately 10:25 p.m., Defendant NEWCOMB was operating a 2013 International truck, VIN Number 3HSDJSJR6DN341110 owned by

Defendant CELADON and equipped with a trailer manufactured by Defendant WNLP, traveling

westbound on I-20 in the middle lane at approximately one quarter mile before the Post Road exit.

38.

On or about November 13, 2012, at approximately 10:25 p.m., Defendant NEWCOMB

was operating a 2013 International truck, VIN Number 3HSDJSJR6DN341110 owned by

Defendant CELADON and equipped with a trailer manufactured by Defendant WNMLP,

traveling westbound on I-20 in the middle lane at approximately one quarter mile before the Post

Road exit

39.

In response to the hazard created by Defendant KEOWN, Defendant NEWCOMB,

suddenly and without warning attempted to merge into the far left lane in avoidance of the partial

road closure.  He did not establish his presence in the lane.

40.

Mr. Alan Guy Hembree was traveling in the far left lane as Defendant NEWCOMB

attempted to merge and collided with the rear of the trailer which was equipped with an underride

guard manufactured by Defendant WABASH.

41.

Mr. Alan Guy Hembree was traveling in the far left lane as Defendant NEWCOMB

attempted to merge and collided with the rear of the trailer which was equipped with an underride

guard manufactured by Defendant WNC.

42.

Mr. Alan Guy Hembree was traveling in the far left lane as Defendant NEWCOMB

9

attempted to merge and collided with the rear of the trailer which was equipped with an underride

guard manufactured by Defendant WNLP.

43.

Mr. Alan Guy Hembree was traveling in the far left lane as Defendant NEWCOMB

attempted to merge and collided with the rear of the trailer which was equipped with an underride

guard manufactured by Defendant WNMLP.

44.

As a result of the collision, Mr. Hembree sustained fatal injuries.

## COUNT 1: NEGLIGENCE OF DEFENDANT KEOWN

45.

Plaintiff incorporates by reference the allegations in Paragraphs 1 through 44 as if fully set

forth herein.

46.

At all times material to this action, Defendant KEOWN owed a duty of exercising due and

reasonable care to Mr. Hembree, as well as other motorists on the road.

47.

Defendant KEOWN'S negligence in failing to maintain his lane created a dangerous

condition which initiated the partial closure of I-20 West for several hours of November 12, 2012,

and into the early morning hours of November 13, 2012.

48.

The negligence of Defendant KEOWN which was a direct and proximate cause of the fatal

injuries to Mr. Hembree, consisted of, but is not limited to, the following:

10

(a)     Defendant drove his vehicle in reckless disregard for the safety of other drivers, especially Alan Hembree;

(b)     Defendant operated his vehicle in violation of O.C.G.A 40-6-48; constituting negligence per se ;

(c0     Defendant failed to maintain control of his vehicle, and failed to post a proper lookout;

(d)     Defendant created a hazardous and dangerous condition.

### COUNT 2: NEGLIGENCE OF DEFENDANT NEWCOMB

49.

Plaintiff incorporates by reference the allegations in Paragraphs 1 through 48 as if fully set forth herein.

50.

At all times material to this action, Defendant NEWCOMB owed a duty of exercising due and reasonable care to Mr. Hembree, as well as other motorists on the road.

51.

Defendant NEWCOMB breached this duty by operating his tractor-trailer in an unsafe and negligent manner.

52.

Defendant, NEWCOMB attempted to merge in a manner and speed that was negligent and in violation of the Official Code of Georgia and Federal Motor Carrier safety regulations.

53.

The negligence of Defendant CELADON, and Defendant NEWCOMB, all of which

11

constituted a direct and proximate cause of the fatal injuries to Mr. Hembree, consisted of, but is not limited to, the following:

(a)     Defendant drove his vehicle in reckless disregard for the safety of other drivers, especially Alan Hembree;

(b)     Defendant operated his vehicle in violation of O.C.G.A 40-6-48;

(c)     Defendant failed to maintain control of his vehicle, and failed to post a proper lookout;

(d)     Defendant operated his vehicle in an unsafe manner in violation of the Federal Motor Carrier Safety Regulations, 49 CFR 392.2

### COUNT 3: NEGLIGENCE OF CELADON TRUCKING

54.

Plaintiff incorporates by reference the allegations in Paragraphs 1 through 53 as if fully set forth herein.

55.

At the time of the subject collision, Defendant NEWCOMB'S behavior, acts, omissions, and other conduct, negligent or otherwise, were committed during the course and scope of his employment, while in his capacity as an employee and agent, and while under the direction and control of Defendant CELADON.

56.

At the time of the subject collision, Defendant NEWCOMB was operating the vehicle with the express permission of Defendant CELADON.

12

57.

Defendant CELADON is liable to Plaintiff for the negligent acts of its agent/employee Defendant NEWCOMB under the doctrine of *Respondeat Superior.*

58.

Defendant CELADON, failed to properly train, regulate and supervise its agent/employee Defendant NEWCOMB, thus proximately causing or contributing to Mr. Hembree's fatal injuries.

59.

Defendant CELADON negligently hired its agent/employee Defendant NEWCOMB and failed to implement and utilize proper procedures to evaluate his skills and expertise, thus proximately causing or contributing to Mr. Hembree's fatal injuries.

60.

Defendant CELADON, negligently retained Defendant NEWCOMB and negligently entrusted the tractor trailer to Defendant NEWCOMB, thus proximately causing or contributing to Mr. Hembree's fatal injuries.

61.

Defendant NEWCOMB'S negligence and violation of O.C.G.A. 40-6-48, constitute negligence *per se.*

62.

Defendant CELADON, negligently entrusted the tractor-trailer to Defendant NEWCOMB, thus proximately causing or contributing to Mr. Hembree's fatal injuries.

63.

The negligence of Defendant CELADON, and Defendant NEWCOMB, all of which

13

consisted a direct and proximate cause of the fatal injuries to Mr. Hembree, consisted of but is not limited to the following:

(a)    Defendant drove his vehicle in reckless disregard for the safety of other drivers, especially Alan Hembree;

(b)    Defendant operated his vehicle in violation of O.C.G.A 40-6-48; constituting negligence per se ;

(c)    Defendant failed to maintain control of his vehicle, and failed to post a proper lookout;

(d)    Defendant operated his vehicle in an unsafe manner in violation of the Federal Motor Carrier Safety Regulations, 49 CFR 392.2

## COUNT 4: LIABILITY OF AIG

64.

Plaintiff incorporates by reference the allegations in Paragraphs 1 through 63 as if fully set forth herein.

65.

Defendant AIG provided an insurance policy insuring the Defendants CELADON and NEWCOMB, which provides automobile, liability and property damage insurance to the above named Defendants for claims arising out of the collision which is the subject matter of this Complaint.

66.

Defendant AIG is named as a party to this lawsuit pursuant to O.C.G.A. 46-7-12.

14

## COUNT 5: PRODUCTS LIABILITY CLAIMS OF DEFENDANT WABASH

67.

Plaintiff incorporates by reference the allegations in Paragraphs 1 through 66 as if fully set forth herein.

68.

Defendant WABASH designed, and constructed the trailer involved in the instant fatal collision.

69.

During the process by which Defendant WABASH designed and constructed the trailer, they also designed, constructed and installed the underride guard which was affixed to the rear of the trailer.

70.

During the impact, the underride guard on the trailer failed, causing massive intrusion of the trailer into the passenger compartment of the vehicle being driven by Alan Hembree.

71.

The occurrence of an impact of this nature was reasonably foreseeable to Defendant WABASH.

72.

The occurrence of an impact of this nature was likely to cause serious injury or death to a front seat passenger if the underride guard failed.

73.

Before the subject trailer was sold, it was feasible that would absorb crash energy, prevent

15

intrusion, and prevent the loss of life in an occurrence of this nature.

74.

The design, construction and installation of the trailer and it's underride guard proximately

caused the fatal injuries of Alan Hembree.

75.

Any benefits of the design of the WABASH trailer and it's underride guard do not

outweigh the risk of danger inherent in the design.

76.

When the trailer left the control of Defendant WABASH, it and the underride system were

in an unreasonably dangerous condition in that;

    a.    The design of the trailer's underride guard was too weak and ineffective to prevent
        substantial intrusion into the occupant space of a rear ending vehicle in a
        reasonably foreseeable rear impact; and/or

    b.    The trailers underride guard was affixed too high above the road surface to permit
        a rear-ending vehicle's frame and structure to properly engage it during a
        reasonably foreseeable rear impact.

## COUNT 6: PRODUCTS LIABILITY CLAIMS OF DEFENDANT WNC

77.

Plaintiff incorporates by reference the allegations in Paragraphs 1 through 76 as if fully set

forth herein.

78.

Defendant WNC designed, and constructed the trailer involved in the instant fatal

collision.

16

79.

During the process by which Defendant WNC designed and constructed the trailer, they also designed, constructed and installed the underride guard which was affixed to the rear of the trailer.

80.

During the impact, the underride guard on the trailer failed, causing massive intrusion of the trailer into the passenger compartment of the vehicle being driven by Alan Hembree.

81.

The occurrence of an impact of this nature was reasonably foreseeable to Defendant WNC.

82.

The occurrence of an impact of this nature was likely to cause serious injury or death to a front seat passenger if the underride guard failed.

83.

Before the subject trailer was sold, it was feasible that would absorb crash energy, prevent intrusion, and prevent the loss of life in an occurrence of this nature.

84.

The design, construction and installation of the trailer and it's underride guard proximately caused the fatal injuries of Alan Hembree.

85.

Any benefits of the design of the WNC trailer and it's underride guard do not outweigh the risk of danger inherent in the design.

17

86.

When the trailer left the control of Defendant WNC, it and the underride system were in

an unreasonably dangerous condition in that;

    a.    The design of the trailer's underride guard was too weak and ineffective to prevent
           substantial intrusion into the occupant space of a rear ending vehicle in a
           reasonably foreseeable rear impact; and/or

    b.    The trailers underride guard was affixed too high above the road surface to permit
           a rear-ending vehicle's frame and structure to properly engage it during a
           reasonably foreseeable rear impact.

## COUNT 7: PRODUCTS LIABILITY CLAIMS OF DEFENDANT WNLP

87.

Plaintiff incorporates by reference the allegations in Paragraphs 1 through 86 as if fully set

forth herein.

88.

Defendant WNLP designed, and constructed the trailer involved in the instant fatal

collision.

89.

During the process by which Defendant WNLP designed and constructed the trailer, they

also designed, constructed and installed the underride guard which was affixed to the rear of the

trailer.

90.

During the impact, the underride guard on the trailer failed, causing massive intrusion of

the trailer into the passenger compartment of the vehicle being driven by Alan Hembree.

91.

The occurrence of an impact of this nature was reasonably foreseeable to Defendant

WNLP.

92.

The occurrence of an impact of this nature was likely to cause serious injury or death to a

front seat passenger if the underride guard failed.

93.

Before the subject trailer was sold, it was feasible that would absorb crash energy, prevent

intrusion, and prevent the loss of life in an occurrence of this nature.

94.

The design, construction and installation of the trailer and it's underride guard proximately

caused the fatal injuries of Alan Hembree.

95.

Any benefits of the design of the WNLP trailer and it's underride guard do not outweigh

the risk of danger inherent in the design.

96.

When the trailer left the control of Defendant WNLP, it and the underride system were in

an unreasonably dangerous condition in that;

    a.    The design of the trailer's underride guard was too weak and ineffective to prevent
            substantial intrusion into the occupant space of a rear ending vehicle in a
            reasonably foreseeable rear impact; and/or

    b.    The trailers underride guard was affixed too high above the road surface to permit
            a rear-ending vehicle's frame and structure to properly engage it during a
            reasonably foreseeable rear impact.

19

## COUNT 8: PRODUCTS LIABILITY CLAIMS OF DEFENDANT WNMLP

97.

Plaintiff incorporates by reference the allegations in Paragraphs 1 through 96 as if fully set forth herein.

98.

Defendant WNMLP designed, and constructed the trailer involved in the instant fatal collision.

99.

During the process by which Defendant WNMLP designed and constructed the trailer, they also designed, constructed and installed the underride guard which was affixed to the rear of the trailer.

100.

During the impact, the underride guard on the trailer failed, causing massive intrusion of the trailer into the passenger compartment of the vehicle being driven by Alan Hembree.

101.

The occurrence of an impact of this nature was reasonably foreseeable to Defendant WNMLP.

102.

The occurrence of an impact of this nature was likely to cause serious injury or death to a front seat passenger if the underride guard failed.

103.

Before the subject trailer was sold, it was feasible that would absorb crash energy, prevent

20

intrusion, and prevent the loss of life in an occurrence of this nature.

104.

The design, construction and installation of the trailer and it's underride guard proximately caused the fatal injuries of Alan Hembree.

105.

Any benefits of the design of the WNMLP trailer and it's underride guard do not outweigh the risk of danger inherent in the design.

106.

When the trailer left the control of Defendant WNMLP, it and the underride system were in an unreasonably dangerous condition in that;

a.     The design of the trailer's underride guard was too weak and ineffective to prevent substantial intrusion into the occupant space of a rear ending vehicle in a reasonably foreseeable rear impact; and/or

b.     The trailers underride guard was affixed too high above the road surface to permit a rear-ending vehicle's frame and structure to properly engage it during a reasonably foreseeable rear impact.

## WRONGFUL DEATH OF ALAN HEMBREE

107.

Plaintiff incorporates by reference the allegations in Paragraphs 1 through 61 as if fully set forth herein.

108.

Plaintiff Rita Meeks is the mother of the deceased Alan Hembree and brings this action for wrongful death within her capacity as Administratrix and surviving heir of the deceased, Alan Hembree.

21

109.

As a result of the of the unreasonably dangerous conditions created by the Defendants KEOWN, NEWCOMB, CELADON, AIG, WABASH, WNC, WNLP, WNMLP, JOHN DOE 1, JOHN DOE 2, and JOHN DOE 3, Alan Hembree suffered fatal injuries for which his Estate claims damages pursuant to the Georgia Wrongful Death Statute.

110.

As a direct and proximate result of Defendants' negligence and products liability, Plaintiff Rita Meeks, individually and as Administratrix of the Estate of Alan Guy Hembree, incurred damages including but not limited to: medical expenses; conscious pain and suffering - allowable under the laws of the State of Georgia, and Alan Hembree's final expenses.

111.

Pursuant to the terms and conditions of its polices of insurance and applicable Georgia Law, Defendant AIG, is liable to Plaintiffs and responsible for payment of damages incurred by Plaintiffs as a result of the negligent acts of Defendants CELADON and NEWCOMB.

112.

Plaintiff Rita Meeks, individually and as Administratrix of the Estate of Alan Guy Hembree is entitled to recover for the ramifications of his injuries and death directly and proximately resulting from Defendants negligence.

WHEREFORE, Plaintiff prays and respectfully demands as follows:

(a)     Plaintiff has a trial by jury;

(b)     Judgment against the Defendants, for general damages in an amount to be
        determined by the jury;

22

(c)     Judgment against the Defendants, for those special damages proven at trial;

(d)     Judgment against the Defendants, for the full value of the life of Alan Hembree;

(e)     The Defendants be required to pay for all court costs; and

(f)     That Plaintiff has such other and further relief as this Court deems appropriate.

This _____ day of _November_ , 2014.


                                        Respectfully submitted,
                                        KENNETH S. NUGENT, P.C.


                                        _____
                                        Christopher J. Adams
                                        Georgia Bar No. 002709
                                        Jan P. Cohen, Esq.
                                        Georgia Bar No. 174337
                                        Attorneys for Plaintiff

1355 Peachtree Street
The Peachtree - Suite 1000
Atlanta, GA 30309
Telephone:404-253-5839
Facsimile: 404-420-2195
Email: cadams@attorneykennugent.com

4227 Pleasant Hill Road
Building 11, Suite 300
Duluth, GA 30096
Telephone:770-495-6694
Facsimile: 770-495-6760
Email: jcohen@attorneykennugent.com


23

## CERTIFICATE OF SERVICE

I hereby certify that I have this day served a copy of the within and foregoing Amended

Complaint for Damages upon all counsel by depositing same in the United States Mail with

sufficient postage affixed thereto to ensure delivery to:

R. Christopher Harrison, Esq.,
Downey & Cleveland, LLP
288 Washington Ave.
Marietta, GA 30060

John Dixon, Esq.
Jan Seanor Sigman, Esq.
Dennis, Corry, Porter & Smith, L.L.P.
3535 Piedmont Road, NE
14 Piedmont Center, Suite 900
Atlanta, GA 30305

Scott Bonder, Esq.
Joseph A. White, Esq.
Fried & Bonder LLC
White Provision, Suite 305
1170 Howell Mill Road, NW
Atlanta, GA 30318

Fred M. Valez, III., Esq.
George B. Green, Jr., Esq.
Carlock, Copeland & Stair, LLP
191 Peachtree Street NE
Suite 3600
Atlanta, GA 30303

and served upon Wabash National Corporation, Wabash National, L.P., and Wabash
National Manufacturing, L.P., by an Indiana process server to:

Wabash National Corporation
Registered Agent: Corporation Service Company
251 E. Ohio Street
Ste. 500
Indianapolis, IN 46204

24

Wabash National L.P.
Registered Agent: Corporation Service Company
251 E. Ohio Street
Ste. 500
Indianapolis, IN 46204

Wabash National Manufacturing, L.P.
Registered Agent: Corporation Service Company
251 E. Ohio Street
Ste. 500
Indianapolis, IN 46204

and served upon **American International Group, Inc.** by a Delaware process server to:

American International Group, Inc.
Registered Agent: United States Corporation Company
2711 Centerville Road
Ste 400
Wilmington, DE 19808

and served upon **AIG Speciality Insurance Company** by a West Virginia process server to:

AIG Speciality Insurance Company
Registered Agent: Corporation Service Company
209 West Washington Street
Charleston, WV 25302

This ____5____ day of November, 2014.

Respectfully submitted,
KENNETH S. NUGENT, P.C.

Christopher J. Adams
Georgia Bar No. 002709
Jan P. Cohen, Esq.
Georgia Bar No. 174337
Attorneys for Plaintiff

1355 Peachtree Street
The Peachtree - Suite 1000
Atlanta, GA 30309

25

Telephone:404-253-5839
Facsimile: 404-420-2195
Email: cadams@attorneykennugent.com

4227 Pleasant Hill Road
Building 11, Suite 300
Duluth, GA 30096
Telephone:770-495-6694
Facsimile: 770-495-6760
Email: jcohen@attorneykennugent.com

26



IN THE STATE COURT CARROLL COUNTY

STATE OF GEORGIA

RITA MEEKS, individually and as Administratrix )
of the Estate of ALAN HEMBREE,                )
     Plaintiff,                              )
                                               )
                                               )
                                               )   CIVIL ACTION FILE
vs.                                            )   NO. 14-S-00367
                                               )
                                               )
EULUS HOLBERT KEOWN, JR.,                      )
ROBERT LYNN NEWCOMB, CELADON                   )
TRUCKING SERVICES, INC., AMERICAN              )
INTERNATIONAL GROUP, INC. a.k.a. AIG           )
SPECIALTY INSURANCE COMPANY,                   )
WABASH NATIONAL TRAILER CENTERS,               )
INC., WABASH NATIONAL CORPORATION,             )
WABASH NATIONAL. L.P., WABASH                  )
NATIONAL MANUFACTURING, L.P.,                  )
JOHN DOE 1, JOHN DOE 2, and JOHN DOE 3,        )
                                               )
     Defendants.                             )

## DISMISSAL WITHOUT PREJUDICE

NOW COMES, Rita Meeks, individually and as Administratrix of the Estate of Alan

Hembree in the above-styled action, and hereby dismisses her complaint in the above-captioned

action, without prejudice.

This 7 day of _April_, 2015.

Respectfully submitted,
KENNETH S. NUGENT, P.C.

Christopher J. Adams
Georgia Bar No. 002709
Jan P. Cohen
Georgia Bar No. 174337
Attorneys for Plaintiff

1355 Peachtree Street
The Peachtree - Suite 1000

Atlanta, GA 30309
Telephone: (404) 253-5839

4227 Pleasant Hill Road
Building 11, Suite 300
Duluth, GA 30096
Telephone: (770) 495-6694

CERTIFICATE OF SERVICE

This is to certify that I have this day served counsel in the foregoing matter with a copy of the

foregoing pleading by depositing in the United States Mail a copy of same in a properly

addressed envelope with adequate postage thereon as follows:

Christopher Harrison, Esq.,
Downey & Cleveland, LLP
288 Washington Ave.
Marietta, GA 30060

John Dixon, Esq.
Jan Seanor Sigman, Esq.
Dennis, Corry, Porter & Smith, L.L.P.
3535 Piedmont Road, NE
14 Piedmont Center, Suite 900
Atlanta, GA 30305

Scott Bonder, Esq.
Joseph A. White, Esq.
Fried & Bonder LLC
White Provision, Suite 305
1170 Howell Mill Road, NW
Atlanta, GA 30318

Fred M. Valez, III., Esq.
William E. Underwood, Esq.
Carlock, Copeland & Stair, LLP
191 Peachtree Street NE
Suite 3600
Atlanta, GA 30303

Paul Jefferson, Esq.
Jefferson & Brewer, LLC
300 N. Meridian Street
Suite 220
Indianapolis, IN 46204

This the ___7___ day of _____April_____. 2015.

Respectfully submitted,
KENNETH S. NUGENT, P.C.

_____

Christopher J. Adams
Georgia Bar No. 002709
Jan P. Cohen
Georgia Bar No. 174337
Attorneys for Plaintiff

1355 Peachtree Street
The Peachtree - Suite 1000
Atlanta, GA 30309
Telephone: (404) 253-5839

4227 Pleasant Hill Road
Building 11, Suite 300
Duluth, GA 30096
Telephone: (770) 495-6694