> **BUSINESS INFORMATION**
> CONNIE LAWSON
> INDIANA SECRETARY OF STATE
> 12/09/2016 11:40 AM

**Business Details**

| | | | |
|---|---|---|---|
| Business Name: | **WABASH NATIONAL CORPORATION** | Business ID: | **1991110333** |
| Entity Type: | **Foreign For-Profit Corporation** | Business Status: | **Active** |
| Creation Date: | **10/01/1991** | Business Entity Report Due Date: | **10/31/2017** |
| Principal Office Address: | **1000 SAGAMORE PKWY S, LAFAYETTE, IN, 47905, USA** | | |
| Domicile of State: | **Delaware** | | |

**Principal Information**

| Title | Name | Address |
|---|---|---|
| President | Brent L Yeagy | 1000 SAGAMORE PKWY S, LAFAYETTE, IN, 47905, USA |
| Secretary | ERIN J. ROTH | 1000 SAGAMORE PKWY S, LAFAYETTE, IN, 47905, USA |
| Treasurer | JEFFERY TAYLOR | 1000 SAGAMORE PKWY S, LAFAYETTE, IN, 47905, USA |

**Registered Agent Information**

Type: **Business**
Name: **CORPORATION SERVICE COMPANY**
Address: **251 E OHIO STREET, STE 500, INDIANAPOLIS, IN, 46204, USA**



EXHIBIT B

STATE OF INDIANA
OFFICE OF THE SECRETARY OF STATE

CERTIFICATE OF AUTHORITY

I, JOSEPH H. HOGSETT, Secretary of State of Indiana, hereby certify that the Application for Certificate of Authority to do business in the State of Indiana of the following corporation in the form prescribed by my office has been presented to me at my office, accompanied by the fees together with a Certificate of Existence of the corporation, as prescribed by the provisions of the Indiana Business Corporation Law, as amended.

I further certify that:

The name under which the corporation is to transact business in the State of Indiana, is
**WABASH NATIONAL CORPORATION**

The corporation is incorporated under the laws of the State of Delaware

The name and address of its resident agent in Indiana for service of legal process is
John R. Gamba
10 N. Fourth Street           Lafayette
479010000

WHEREFORE, I hereby issue to such corporation this Certificate of Authority, and I further certify that it shall have authority to transact business in the State of Indiana effective on October 01, 1991, subject to the terms and conditions prescribed by the Indiana Business Corporation Law, as amended.

In Witness Whereof, I have hereunto set my hand and affixed the seal of the State of Indiana, at the City of Indianapolis, this First day of October , 1991

JOSEPH H. HOGSETT, Secretary of State

By_____
                                    Deputy

10-01-1991

199 1110333

# APPLICATION FOR CERTIFICATE OF AUTHORITY OF A FOREIGN CORPORATION

State Form 38784 (R 4 / 11-87) Corporate Form 112
Prescribed by Joseph H. Hogsett Secretary of State of Indiana

**INSTRUCTIONS:**
1. Use an 8½ x 11 inch paper for inserts.
2. Present 2 originally executed copies to: Secretary of State
   Room 155, State House
   Indianapolis, Indiana 46204
   (317) 232-6576
3. **FILING FEE - $90.00**
4. Must submit a certificate of existence duly authenticated by the proper authority from corporation's domiciliary state. I.C. 23-1-49-1 et seq.

## APPLICATION FOR CERTIFICATE OF AUTHORITY OF

### WABASH NATIONAL CORPORATION

A FOREIGN CORPORATION,
TO TRANSACT BUSINESS IN THE STATE OF INDIANA

The undersigned officer of the above ___Delaware___ (State of Domicile) corporation which was formed as:

[X] A general business corporation    [ ] A professional corporation

desiring to effectuate the admittance of the Corporation to transact business in the State of Indiana, certifies the following facts:

### ARTICLE I: Name

Name of Corporation: (Must be identical to name shown in Articles of Incorporation and Amendments thereto)
Wabash Delaware Corporation, after filing certificate of merger, the name of the Corporation is amended to be Wabash National Corporation

### ARTICLE II: Registered Office and Registered Agent and Principal Office

| Field | Value | ZIP Code |
|---|---|---|
| Address of its registered office in Indiana | 10 N. Fourth Street, Lafayette, Indiana | 47901 |
| Name of the registered agent at the office | John R. Gambs | |
| Street address of its principal office | 1000 Sagamore Parkway South, Lafayette, Indiana | 47905 |

### ARTICLE III: Date of Incorporation and Duration of Existence

The date of incorporation in domiciliary state: September 13, 1991
Period of duration: Perpetual

### ARTICLE IV: Corporate Officers

The names and business addresses of the officers of the Corporation:

| Name | Title | Address (Street, city and state) | ZIP Code |
|---|---|---|---|
| Donald J. Ehrlich | President | 1000 Sagamore Parkway South Lafayette, Indiana | 47905 |
| William M. Hoover | Vice President and Secretary | 1000 Sagamore Parkway South Lafayette, Indiana | 47905 |
| Ronald J. Klimara | Vice President and Treasurer | 1000 Sagamore Parkway South Lafayette, Indiana | 47905 |
| John R. Gambs | Assistant Secretary | 10 North Fourth Street Lafayette, Indiana | 47901 |

| ARTICLE V: Board of Directors | | |
|---|---|---|
| The names and business address of the Board of Directors of the Corporation are as follows: | | |
| Name | Address (Street, city and state) | ZIP Code |
| Donald J. Ehrlich | 1000 Sagamore Parkway South Lafayette, Indiana | 47905 |
| Mitchell P. Rales | 1250 24th Street, N.W., Suite 800 Washington, DC | 20037 |
| Steven M. Rales | 1250 24th Street, N.W., Suite 800 Washington, DC | 20037 |
| | | |
| | | |
| | | |

In witness whereof, the undersigned being the __Assistant Secretary__
(title)

of said corporation executes this Application for Certificate of Authority, and verifies subject to penalties of perjury, that the facts contained herein are true this __27th__ day of __September__, 19 __91__.

Signature

Printed Name: John R. Gambs

CERTIFICATE OF INCORPORATION

OF

WABASH DELAWARE CORPORATION

FIRST: The name of the corporation (which is hereinafter called the "Corporation") is:

Wabash Delaware Corporation

SECOND: The address of the registered office of the Corporation in the State of Delaware is 32 Loockerman Square, Suite L-100, Dover, Kent County, Delaware 19901. The name of its registered agent in the State of Delaware at such address is The Prentice-Hall Corporation System, Inc.

THIRD: The purpose of the Corporation is to engage in any lawful act or activity for which corporations may be organized under the General Corporation Law of Delaware (the "GCL").

FOURTH: I. The total number of shares of all classes of stock which the Corporation has authority to issue is 100,000,000 shares, having an aggregate par value of $1,000,000 of which 75,000,000 shares of the par value of $.01 per share amounting in aggregate par value to $750,000 shall be Common Stock, and 25,000,000 shares of the par value of $.01 per share amounting in aggregate par value to $250,000 shall be Preferred Stock.

II. The Board of Directors of the Corporation is authorized, subject to limitations prescribed by law and the provisions of this Article FOURTH, to provide for the issuance from time to time in one or more series of any number of shares of Preferred Stock, and, by filing a certificate pursuant to the GCL, to establish the number of shares to be included in each such series, and to fix the designation, relative rights, preferences, qualifications and limitations of the shares of each such series. The authority of the Board of Directors with respect to each series shall include, but not be limited to, determination of the following:

    A. The number of shares constituting that series and the distinctive designation of that series;

    B. The dividend rate on the shares of that series, whether dividends shall be

-1-

cumulative, and, if so, from which date or dates, and whether they shall be payable in preference to, or in another relation to, the dividends payable on any other class or classes or series of stock;

C. Whether that series shall have voting rights, in addition to the voting rights provided by law, and, if so, the terms of such voting rights;

D. Whether that series shall have conversion or exchange privileges, and, if so, the terms and conditions of such conversion or exchange, including provision for adjustment of the conversion or exchange rate in such events as the Board of Directors shall determine;

E. Whether or not the shares of that series shall be redeemable, and, if so, the terms and conditions of such redemption, including the manner of selecting shares for redemption if less than all shares are to be redeemed, the date or dates upon or after which they shall be redeemable, and the amount per share payable in case of redemption which amount may vary under different conditions and at different redemption dates;

F. Whether that series shall be entitled to the benefit of a sinking fund to be applied to the purchase or redemption of shares of that series, and, if so, the terms and amounts of such sinking fund;

G. The right of the shares of that series to the benefit of conditions and restrictions upon the creation of indebtedness of the Corporation or any subsidiary, upon the issue of any additional stock (including additional shares of such series or of any other series) and upon the payment of dividends or the making of other distributions on and the purchase, redemption or other acquisition by the Corporation or any subsidiary of any outstanding stock of the Corporation;

H. The right of the shares of that series in the event of any voluntary or involuntary liquidation, dissolution or winding

-2-

up of the Corporation and whether such rights shall be in preference to, or in another relation to, the comparable rights of any other class or classes or series of stock; and

I. Any other relative, participating, optional or other special rights, qualifications, limitations or restrictions of that series.

III. Shares of any series of Preferred Stock which have been redeemed (whether through the operation of a sinking fund or otherwise) or which, if convertible or exchangeable, have been converted into or exchanged for shares of stock of any other class or classes shall have the status of authorized and unissued shares of Preferred Stock of the same series and may be reissued as a part of the series of which they were originally a part or may be reclassified and reissued as part of a new series of Preferred Stock to be created by resolution or resolutions of the Board of Directors or as part of any other series of Preferred Stock, all subject to the conditions and the restrictions on issuance set forth in the resolution or resolutions adopted by the Board of Directors providing for the issue of any series of Preferred Stock.

IV. Subject to the provisions of any applicable law, or except as otherwise provided by the resolution or resolutions providing for the issue of any series of Preferred Stock, the holders of outstanding shares of Common Stock shall exclusively possess voting power for the election of directors and for all other purposes, each holder of record of shares of Common Stock being entitled to one vote for each share of Common Stock standing in his name on the books of the Corporation.

V. Except as otherwise provided by the resolution or resolutions providing for the issue of any series of Preferred Stock, after payment shall have been made to the holders of Preferred Stock of the full amount of dividends to which they shall be entitled pursuant to the resolution or resolutions providing for the issue of any series of Preferred Stock, the holders of Common Stock shall be entitled, to the exclusion of the holders of Preferred Stock of any and all series, to receive such dividends as from time to time may be declared by the Board of Directors.

VI. Except as otherwise provided by the resolution or resolutions providing for the issue of any series of Preferred Stock, in the event of any liquidation, dissolution or winding up of the Corporation, whether voluntary or involuntary, after payment shall have been made to the holders of the Preferred

418.Z00532B:09/12/91
17684-3

Stock of the full amount to which they shall be entitled pursuant to the resolution or resolutions providing for the issue of any series of Preferred Stock, the holders of Common Stock shall be entitled, to the exclusion of the holders of Preferred Stock of any and all series, to share, ratably according to the number of shares of Common Stock held by them, in all remaining assets of the Corporation available for distribution to its stockholders.

FIFTH: The name and mailing address for the sole incorporator is as follows:

| Name | Mailing Address |
|---|---|
| Michael Joel Silver | Piper & Marbury<br>36 South Charles Street<br>Baltimore, Maryland 21201 |

SIXTH: The number of directors of the Corporation shall consist of not less than three, the exact number to be fixed from time to time by the Board of Directors pursuant to a resolution adopted by the affirmative vote of a majority of the entire Board of Directors. No director need be a stockholder. Each director shall hold office until the next annual meeting of stockholders and until his successor is elected and qualified, or until he sooner dies, resigns, is removed or becomes disqualified. The name and mailing addresses of the persons who are to serve as directors until the first annual meeting of the stockholders or until their successors are elected and qualify are:

> Donald J. Ehrlich
> 1000 Sagamore Parkway
> Lafayette, Indiana 47904
>
> Mitchell P. Rales
> 1250 24th Street, N.W.
> Suite 800
> Washington, D.C. 20037
>
> Steven M. Rales
> 1250 24th Street, N.W.
> Suite 800
> Washington, D.C. 20037

SEVENTH: The directors shall have concurrent power with the stockholders to make, alter, amend, change add to or repeal the By-Laws of the Corporation. In addition to the powers and authority hereinbefore or by statute expressly conferred upon them, the directors are hereby empowered to exercise all such powers and do all such acts and things as may be exercised or done by the Corporation, subject nevertheless, to the

-4-

provisions of the statutes of Delaware, this Certificate of Incorporation, and any By-Laws adopted by the stockholders; provided, however, that no By-Laws hereafter adopted by the stockholders shall invalidate any prior act of the directors which would have been valid if such By-Laws had not been adopted.

EIGHTH: Whenever a compromise or arrangement is proposed between this Corporation and its creditors or any class of them and/or between this Corporation and its stockholders or any class of them, any court of equitable jurisdiction within the State of Delaware may, on the application in a summary way of this Corporation or of any creditor or stockholder thereof, or on the application of any receiver or receivers appointed for this Corporation under the provisions of Section 291 of Title 8 of the Delaware Code or on the application of trustees in dissolution or of any receiver or receivers appointed for this Corporation under the provisions of Section 279 of Title 8 of the Delaware Code, order a meeting of the creditors or class of creditors, and/or of the stockholders or class of stockholders of this Corporation, as the case may be, to be summoned in such manner as the said court directs. If a majority in number representing three-fourths in value of the creditors or class of creditors, and/or of the stockholders or class of stockholders of this Corporation, as the case may be, agree to any compromise or arrangement and to any reorganization of this Corporation as consequence of such compromise or arrangement, the said compromise or arrangement and the said reorganization shall, if sanctioned by the court to which the said application has been made, be binding on all the creditors or class of creditors, and/or on all the stockholders or class of stockholder of this Corporation, as the case may be, and also on this Corporation.

NINTH: Meetings of stockholders may be held within or without the State of Delaware, as the By-Laws may provide. The books of the Corporation may be kept (subject to any provisions contained in the statutes) outside the State of Delaware at such place or places as may be designated from time to time by the Board of Directors or in the By-Laws of the Corporation. Elections of directors need not be by written ballot unless the By-Laws of the Corporation shall so provide.

TENTH: The Corporation shall indemnify to the full extent authorized or permitted by law any person made, or threatened to be made, a party to any action or proceeding (whether civil or criminal or otherwise) by reason of the fact that he, his testator or intestate, is or was a director or officer of the Corporation or by reason of the fact that such director or officer, at the request of the Corporation, is or was serving any other corporation, partnership, joint venture, trust, employee benefit plan or other enterprise, in any capacity.

Nothing contained herein shall affect any rights to indemnification to which employees other than directors and officers may be entitled by law. No director of the Corporation shall be personally liable to the Corporation or its stockholders for monetary damages for any breach of fiduciary duty by such a director as a director. Notwithstanding the foregoing sentence, a director shall be liable to the extent provided by applicable law (i) for any breach of the director's duty of loyalty to the Corporation or its stockholders, (ii) for acts or omissions not in good faith or which involve intentional misconduct or a knowing violation of law, (iii) pursuant to Section 174 of the GCL, or (iv) for any transaction from which such director derived an improper personal benefit. No amendment to or repeal of this Article TENTH shall apply to or have any effect on the liability or alleged liability of any director of the Corporation for or with respect to any acts or omissions of such director occurring prior to such amendment.

ELEVENTH: The Corporation reserves the right from time to time to make any amendments of its charter which may now or hereafter be authorized by law, including any amendments changing the terms or contract rights, as expressly set forth in its charter, of any of its outstanding stock by classification, reclassification or otherwise; but no such amendment which changes such terms or contract rights of any of its outstanding stock shall be valid unless such amendment shall be authorized by not less than a majority of the aggregate of votes entitled to be cast thereon by a vote in writing of a majority with or without a meeting.

TWELFTH: The Corporation elects not to be governed by the provisions of Section 203 of the General Corporation Law of Delaware.

THIRTEENTH: The Corporation is to have perpetual existence.

I, THE UNDERSIGNED, being the incorporator hereinbefore named, for the purpose of forming a Corporation pursuant to the General Corporation Law of Delaware do make this Certificate hereby declaring and certifying, under penalties of perjury, that this is my act and deed and the facts herein stated are true, and accordingly heretofore set my hand this 12th day of September, 1991.

                                                */s/ Michael Joel Silver*
                                                Michael Joel Silver,
                                                Sole Incorporator

Indiana Secretary of State
Packet: 1991110333
Filing Date: 10/01/1991
Effective Date: 10/01/1991

PAGE   1



# Office of Secretary of State

I, MICHAEL HARKINS, SECRETARY OF STATE OF THE STATE OF DELAWARE DO HEREBY CERTIFY THE ATTACHED IS A TRUE AND CORRECT COPY OF THE CERTIFICATE OF INCORPORATION OF WABASH DELAWARE CORPORATION FILED IN THIS OFFICE ON THE THIRTEENTH DAY OF SEPTEMBER, A.D. 1991, AT 9 O'CLOCK A.M.

* * * * * * * * *





751256003

Michael Harkins, Secretary of State

AUTHENTICATION:   *3171914

DATE:   09/13/1991

CERTIFICATE OF MERGER
OF
WABASH NATIONAL CORPORATION
INTO
WABASH DELAWARE CORPORATION
(Under Section 252 of the General Corporation Law
of the State of Delaware)

Wabash Delaware Corporation hereby certifies that:

(1) The name and state of incorporation of each of the constituent corporations are:

   (a) Wabash National Corporation, a Maryland corporation; and
   (b) Wabash Delaware Corporation, a Delaware corporation.

(2) An agreement of merger has been approved, adopted, certified, executed and acknowledged by Wabash National Corporation and by Wabash Delaware Corporation in accordance with the provisions of subsection (c) of Section 252 of the General Corporation Law of the State of Delaware.

(3) The name of the surviving corporation is Wabash Delaware Corporation.

(4) The certificate of incorporation of Wabash Delaware Corporation shall be the certificate of incorporation of the surviving corporation and Article FIRST is hereby amended to read as follows:

"FIRST: The name of the corporation (which is hereinafter called the "Corporation") is:

Wabash National Corporation"

(5) The surviving corporation is a corporation of the State of Delaware.

(6) The executed Agreement of Merger is on file at the principal place of business of Wabash Delaware Corporation at 1000 Sagamore Parkway, Lafayette, Indiana 47904.

(7) A copy of the Agreement of Merger will be furnished by Wabash Delaware Corporation, on request and without cost, to any stockholder of Wabash Delaware Corporation or Wabash National Corporation.

(8) The authorized capital stock of Wabash National Corporation is 1,000,000 shares of Common Stock (par value $1.00 per share) and 15,000 shares of Preferred Stock (par value $1.00) per share).

-1-

82.Z007468:09/13/91
17601 7

IN WITNESS WHEREOF, WABASH DELAWARE CORPORATION has caused this certificate to be signed by Donald J. Ehrlich, its President and attested by William M. Hoover, its Secretary on the __16th__ day of September 1991.

WABASH DELAWARE CORPORATION

By: _____
President

Attest:

By: _____
Secretary

-2-

Packet: 1991410333
Filing Date: 10/01/1991
Effective Date: 10/01/1991

# State of Delaware

## Office of Secretary of State

PAGE 1

I, MICHAEL HARKINS, SECRETARY OF STATE OF THE STATE OF DELAWARE DO HEREBY CERTIFY THE ATTACHED IS A TRUE AND CORRECT COPY OF THAT THE CERTIFICATE OF MERGER OF "WABASH NATIONAL CORPORATION" A CORPORATION ORGANIZED AND EXISTING UNDER THE LAWS OF THE STATE OF MARYLAND, MERGING WITH AND INTO "WABASH DELAWARE CORPORATION" A CORPORATION ORGANIZED AND EXISTING UNDER THE LAWS OF THE STATE OF DELAWARE UNDER THE NAME OF "WABASH NATIONAL CORPORATION" AS RECEIVED AND FILED IN THIS OFFICE THE THE NINETEENTH DAY OF SEPTEMBER, A.D. 1991, AT 3:30 O'CLOCK P.M.

AND I DO HEREBY FURTHER CERTIFY THAT THE AFORESAID CORPORATION SHALL BE GOVERNED BY THE LAWS OF THE STATE OF DELAWARE.

\* \* \* \* \* \* \* \* \* \*

Michael Harkins, Secretary of State

AUTHENTICATION: *3178023

DATE:   09/20/1991

751262061