IN THE SUPERIOR COURT OF CARROLL COUNTY
STATE OF GEORGIA

RITA MEEKS, INDIVIDUALLY AND AS
ADMINISTRATIX OF THE ESTATE OF
ALAN HEMBREE,

    Plaintiff,

v.

EULUS HOLBERT KEOWN, JR., ROBERT
LYNN NEWCOMB, CELADON TRUCKING
SERVICES, INC. AND WABASH
NATIONAL CORPORATION,

    Defendants.

CIVIL ACTION
FILE NO.: 15CV01044JJK

## ANSWER OF ROBERT LYNN NEWCOMB AND CELADON TRUCKING SERVICES, INC.

Robert Lynn Newcomb ("Newcomb") and Celadon Trucking Services, Inc. ("Celadon"), (herein collectively "Defendants") for Answer show the court as follows:

### FIRST DEFENSE

This Court lack personal jurisdiction over these defendants.

### SECOND DEFENSE

By the exercise of ordinary care, Plaintiff's Decedent could have avoided the incident referenced in the Complaint.

### THIRD DEFENSE

Plaintiff's claims are barred as the incident referenced in the Complaint was due to the negligence of Plaintiff's Decedent and the doctrine of Assumption of the Risk.

### FOURTH DEFENSE

Venue is improper in this Court.


EXHIBIT E

## FIFTH DEFENSE

Without waiving the aforementioned defenses, Newcomb and Celadon respond to the individually numbered paragraphs as follows:

1.

Defendants are without knowledge of information sufficient to form a belief as to the truth of the allegations of paragraph 1.

2.

Defendants are without knowledge of information sufficient to form a belief as to the truth of the allegations of paragraph 2.

3.

Defendants admit Newcomb is a resident of Virginia and may be served at his residence at 870 Stoney Ridge Road, Bassett, Virginia 24055. Defendants deny any remaining allegations of paragraph 3.

4.

Defendants deny the allegations of paragraph 4.

5.

Celadon admits the allegations of paragraph 5. Newcomb is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 5.

6.

Defendants deny the allegations of paragraph 6.

7.

Defendants admit Newcomb was an employee of Celadon operating under Celadon's authority and within the scope of his employment. Defendants deny the remaining allegations of paragraph 7.

8.

Defendants admit Newcomb was an employee of Celadon. Defendants deny the remaining allegations of paragraph 8.

9.

Defendants admit the trailer is a Wabash trailer. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 9.

10.

Defendants are without knowledge or information sufficient to form a belief as to the truth of allegations of paragraph 10.

11.

Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 11.

12.

Defendants deny the allegations of paragraph 12.

13.

Defendants deny the allegations of paragraph 13.

14.

Defendants admit the allegations of paragraph 14.

15.

Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 15.

16.

Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 16.

17.

Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 17.

18.

Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 18.

19.

Defendants admit two lanes of I-20 westbound were closed due to an accident. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 19.

20.

Defendant admit on November 12, 2012, Newcomb was driving a 2013 International owned by Celadon and pulling a Wabash trailer westbound on I-20 and moved from the middle lane to the left lane prior to Post Road. Defendants deny the remaining allegations of paragraph 20.

21.

Defendants admit that Newcomb moved to the left lane due to lane closure from a prior accident. Defendants deny the remaining allegations of paragraph 21.

22.

Defendants admit that Hembree struck the rear of the Wabash trailer in the left lane of I-20 westbound, which was fully occupied by the tractor trailer. Defendants deny the remaining allegations of paragraph 22.

23.

Defendants admit Hembree died. Defendants are without knowledge of information sufficient to form a belief as to the truth as to any remaining allegations of paragraph 23.

24.

Defendants incorporate by reference the responses to paragraphs 1 through 23.

25.

Defendants admit that all motorists have a duty to exercise reasonable care. Defendants are without knowledge or information sufficient to form a belief as the truth of the remaining allegations of paragraph 25.

26.

Defendants admit there were lane closures on I-20 westbound due to a prior accident. Defendants are without knowledge or information sufficient to form a belief as the truth of the remaining allegations of paragraph 26.

27.

Defendants are without knowledge or information sufficient to form a belief as the truth of the allegations of paragraph 26, including all subparts.

28.

Defendants incorporate by reference the responses to paragraphs 1 through 27.

29.

Defendants admit all drivers have a duty to exercise reasonable care, including Newcomb and Hembree.

30.

Defendants deny the allegations of paragraph 30.

31.

Defendants deny the allegations of paragraph 31.

32.

Defendants deny the allegations of paragraph 32, including all subparts.

33.

Defendants incorporate by reference their responses to paragraphs 1-32.

34.

Defendants admit Newcomb was acting in the scope of his employment at the time of the accident. Defendants deny the remaining allegations of paragraph 34.

35.

Defendants admit the allegations of paragraph 35.

36.

Defendants admit the applicability of the doctrine of *respondeat superior*. Defendants deny the remaining allegations of paragraph 36.

37.

Defendants deny the allegations of paragraph 37.

38.

Defendants deny the allegations of paragraph 38.

39.

Defendants deny the allegations of paragraph 39.

40.

Defendants deny the allegations of paragraph 40.

41.

Defendants deny the allegations of paragraph 41.

42.

Defendants deny the allegations of paragraph 42, including all subparts.

43.

Defendants incorporate by reference their responses to paragraphs 1-42.

44.

Defendants admit it was a Wabash trailer. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 44.

45.

Defendants admit the trailer was equipped with an underride guard. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 45.

46.

Defendants admit Hembree struck the trailer breaking the underride guard. Defendants are without knowledge or information sufficient to form a belief as to the truth of any remaining allegations of paragraph 46.

47.

Defendants are without knowledge or information sufficient to form a belief as to the truth of any allegations of paragraph 47.

48.

Defendants admit striking the rear of a trailer at interstate speeds is likely to cause serious injury or death under any circumstances.

49.

Defendants admit the purpose of an underride guard is to assist with preventing a vehicle from under riding the trailer. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 49.

50.

Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 50.

51.

Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 51.

52.

Defendants are unaware of any defects in the Wabash trailer or its underride guard. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 52.

53.

Defendants incorporate by reference their response to paragraphs 1-52.

54.

Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 54.

55.

Defendants deny the allegations of paragraph 55.

56.

Defendants deny the allegations of paragraph 56.

57.

Defendants deny the allegations of paragraph 57.

58.

Defendants admit this action was previously filed in the State Court of Carroll County. Defendants admit the documents referenced in paragraph 58 speak for themselves.

### SIXTH DEFENSE

Any allegation not specifically admitted above is hereby denied.

WHEREFORE, having fully answered, Robert Lynn Newcomb and Celadon Trucking Services, Inc. request all relief to which they are entitled under the law.

This 22 day of October, 2015.

DENNIS, CORRY, PORTER & SMITH, L.L.P.

By: _____
JOHN D. DIXON
Georgia Bar No. 223376
For the Firm
Attorneys for Robert Lynn Newcomb and Celadon Trucking Services, Inc.

3535 Piedmont Road, NE
14 Piedmont Center, Suite 900
Atlanta, Georgia 30305-4611
Telephone: (404) 365-0102
Facsimile: (404) 365-0134

## CERTIFICATE OF SERVICE

This is to certify that I have this day served a copy of the foregoing **ANSWER OF ROBERT LYNN NEWCOMB AND CELADON TRUCKING SERVICES, INC.** by depositing same in the United States Mail in a properly-addressed envelope with adequate postage thereon to:

Scott L. Bonder, Esq.
Joseph A. White, Esq.
Fried & Bonder, LLC,
White Provision
1170 Howell Mill Road, NW Suite 305
Atlanta, GA 30318 ,

Christopher Harrison, Esq.
Downey & Cleveland, LLP
288 Washington Ave.
Marietta, GA 30060

Matthew E. Cook, Esq.
Cook Law Group, LLC
P.O. Box 2415
Gainesville, GA 30503

Christopher J. Adams, Esq.
Kenneth S. Nugent P.C. Attorneys at Law
1355 Peachtree Street
The Peachtree Suite 1000
Atlanta, GA 30309

This 22 day of October, 2015.

_____
JOHN D. DIXON

IN THE SUPERIOR COURT OF CARROLL COUNTY
STATE OF GEORGIA

| | |
|---|---|
| RITA MEEKS, INDIVIDUALLY AND AS ADMINISTRATIX OF THE ESTATE OF ALAN HEMBREE, <br><br> Plaintiff, <br><br> vs. <br><br> EULUS HOLBERT KEOWN, JR., ROBERY LYNN NEWCOMB, CELADON TRUCKING SERVICES, INC. AND WABASH NATIONAL CORPORATION, <br><br> Defendants. | CIVIL ACTION <br> FILE NO. 15CV01044JJK |

## CERTIFICATE OF SERVICE OF DISCOVERY

This is to certify that I have this day served a copy of the following DEFENDANT CELADON TRUCKING SERVICES, INC.'S FIRST INTERROGATORIES AND FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF, RITA MEEKS, INDIVIDUALLY AND AS ADMINISTRATIX OF THE ESTATE OF ALAN HEMBREE by depositing same in the United States Mail in a properly-addressed envelope with adequate postage thereon to:

      Scott L. Bonder, Esq.
      Joseph A. White, Esq.
      Fried & Bonder, LLC,
      White Provision
      1170 Howell Mill Road, NW Suite 305
      Atlanta, GA  30318 ,

      Christopher Harrison, Esq.
      Downey & Cleveland, LLP
      288 Washington Ave.
      Marietta, GA  30060

Matthew E. Cook, Esq.
Cook Law Group, LLC
P.O. Box 2415
Gainesville, GA  30503

Christopher J. Adams, Esq.
Kenneth S. Nugent P.C. Attorneys at Law
1355 Peachtree Street
The Peachtree Suite 1000
Atlanta, GA  30309

                      DENNIS, CORRY, PORTER & SMITH, L.L.P.

By: _____
      JOHN D. DIXON
      Georgia Bar No.: 223376
      For the Firm
      Attorneys for Robert Lynn Newcomb and Celadon Trucking Services, Inc.

3535 Piedmont Road, NE
14 Piedmont Center, Suite 900
Atlanta, Georgia 30305-4611
Telephone:   (404) 365-0102
Facsimile:   (404) 365-0134

## CERTIFICATE OF SERVICE

This is to certify that I have this day served a copy of the foregoing CERTIFICATE OF SERVICE OF DISCOVERY by depositing said copy in the United States mail in a properly-addressed envelope with adequate postage thereon to:

>Scott L. Bonder, Esq.
>Joseph A. White, Esq.
>Fried & Bonder, LLC,
>White Provision
>1170 Howell Mill Road, NW Suite 305
>Atlanta, GA  30318 ,

>Christopher Harrison, Esq.
>Downey & Cleveland, LLP
>288 Washington Ave.
>Marietta, GA  30060

>Matthew E. Cook, Esq.
>Cook Law Group, LLC
>P.O. Box 2415
>Gainesville, GA  30503

>Christopher J. Adams, Esq.
>Kenneth S. Nugent P.C. Attorneys at Law
>1355 Peachtree Street
>The Peachtree Suite 1000
>Atlanta, GA  30309

This 22 day of October, 2015.

_____
JOHN D. DIXON
For the Firm

LAW OFFICES
# DENNIS, CORRY, PORTER & SMITH, L.L.P.

3535 PIEDMONT ROAD, NE
14 PIEDMONT CENTER, SUITE 900
ATLANTA, GEORGIA 30305-4611

www.dcplaw.com

TELEPHONE 404 365-0102
FACSIMILE 404 365-0134

JOHN D. DIXON
jdixon@dcplaw.com

October 22, 2015

**BY FEDERAL EXPRESS**
**TRACKING NO.: 774798371721**

Mr. Alan Lee, Clerk
Carroll County Superior Court
Carroll County Courthouse
323 Newnan Street, Room 106
Carrollton, GA 30117

    Re: *Rita Meeks, individually and as Administratix of the Estate of Alan Hembree v. Eulus Holbert Keown, Jr., Robery Lynn Newcomb, Celadon Trucking Services, Inc. and Wabash National Corporation*
In the Superior Court of Carroll County
State of Georgia
Civil Action File No. : 15CV01044JJK
Our File No. 567-11690.1 (JDD)

Dear Mr. Lee:

    Enclosed please find an original and one (1) copy of the following:

    (1)    Answer of Robert Lynn Newcomb and Celadon Trucking Services, Inc.; and

    (2)    Certificate of Service of Discovery.

    Please file the original, and return the stamped "filed" copy to me in the enclosed self-addressed envelope. If you have any questions, please contact me.

                      Sincerely yours,

                      *Deborah D. Meacham*

                      Deborah D. Meacham
                      Legal Assistant to John D. Dixon

JDD/ddm
Enclosures
cc:    Scott L. Bonder, Esq.
        Joseph A. White, Esq.
        Christopher Harrison, Esq.
        Matthew E. Cook, Esq.
        Christopher J. Adams, Esq.