# IN THE STATE COURT OF CARROLL COUNTY
## STATE OF GEORIGA

RITA MEEKS, individually and as Administratrix )
of the Estate of ALAN HEMBREE )
                          )
      Plaintiff, )
                          )    Civil Action File
v. )    No. 15-CV-01044
                          )
EULUS HOBERT KEOWN, JR., )
ROBERT LYNN NEWCOMB, CELADON )
TRUCKING SERVICES, INC., and WABASH )
NATIONAL CORPORATION, )
                          )
      Defendants. )

## WABASH NATIONAL CORPORATION'S ANSWER TO PLAINTIFF'S COMPLAINT

COMES NOW Wabash National Corporation, (hereinafter "WNC"), Defendant in the above styled civil action, and hereby answers Plaintiff's Complaint as follows:

### DEFENSES

#### First Defense

Plaintiff's Complaint against WNC fails to state a claim upon which relief can be granted.

#### Second Defense

Plaintiff's Complaint against WNC is barred in whole or in part because the trailer at issue met or exceeded all applicable safety standards at the time it left WNC custody and control.

1



### Third Defense

Plaintiff's Complaint against WNC is barred in whole or in part by federal preemption.

### Fourth Defense

Plaintiff's Complaint against WNC fails due to a lack of proximate cause.

### Fifth Defense

Plaintiff's Complaint against WNC fails because the decedent's negligence was the sole proximate cause of his injuries.

### Sixth Defense

Plaintiff's Complaint against WNC fails, in whole or part, as a result of the decedent's own contributory and/or comparative negligence.

### Seventh Defense

Plaintiff's Complaint against WNC fails as a result of the last clear chance doctrine.

### Eighth Defense

Plaintiff's Complaint against WNC fails as a result of the open and obvious danger doctrine.

### Ninth Defense

Plaintiff's Complaint against WNC fails as a result of an intervening cause, product alteration, and/or criminal act.

### Tenth Defense

Plaintiff's claim fails in whole or part due to the assumption of the risk.

### Eleventh Defense

Plaintiff's claim fails in whole or part due to failure to plead special damages as required by law.

### Twelfth Defense

Plaintiff's Complaint is barred for failure to pay all applicable costs in the original action as required by O.C.G.A. § 9-11-41(d).

### Thirteenth Defense

Plaintiff's Complaint against WNC is barred by the statute of limitations.

### Fourteenth Defense

Plaintiff's Complaint against WNC is barred in whole or in part by the doctrine of laches.

### Fifteenth Defense

Subject to and without waiving the foregoing affirmative defenses, WNC responds to the individually numbered paragraphs of Plaintiff's Complaint as follows:

### PARTIES AND JURISDICTION

1.

The Plaintiff is the Administratrix for the Estate of Alan Hembree and was appointed as such on March 3, 2014, in the Probate Court of Haralson County, Georgia and otherwise has been a resident of the State of Georgia at all times relevant to this case.

**ANSWER:** WNC is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegation contained in this paragraph of Plaintiff's Complaint.

3

2.

The Defendant, EULUS HOLBERT KEOWN, Jr.,(hereinafter "Defendant KEOWN") is a resident of the State of Georgia and subject to the jurisdiction and venue of this Court and may be personally served with process at 735 Kierbow Road, Carroilton, Georgia 30117.

**ANSWER:** WNC is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegation contained in this paragraph of Plaintiff's Complaint.

3.

The Defendant, ROBERT LYNN NEWCOME, (hereinafter "Defendant NOECOME" is a resident of the State of Virginia and may be served with a copy of this Summons and Complaint pursuant to the Georgia Long-Arm Statute O.C.G.A § 9-10-91 and § 9-10-94 at his residence at 870 Stoneyridge Road, Bassett, VA, 24055.

**ANSWER:** WNC is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegation contained in this paragraph of Plaintiff's Complaint.

4.

Defendant NEWCOME, is subject to the jurisdiction and venue of this Court pursuant to the Georgia Long-Arm Statute § 9-10-91 and § 9-10-94.

**ANSWER:** WNC is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegation contained in this paragraph of Plaintiff's Complaint.

4

5.

The Defendant, CELADON TRUCKING SERVICES, INC., (hereinafter "Defendant CELADON") is a foreign corporation, and may be served with a copy of this Summons and Complaint through its agent for service to wit:   National Corporate Research, LTD., located at 3675 Crestwood Parkway, Suite 350, Duluth, Georgia 30096.

**ANSWER:**  WNC is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegation contained in this paragraph of Plaintiff's Complaint.

6.

Defendant CELADON, is subject to the jurisdiction and venue of this Court as a party Defendant pursuant to O.C.G.A § 14-2-510(b)(4).

**ANSWER:**  WNC is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegation contained in this paragraph of Plaintiff's Complaint.

7.

At all times relevant hereto, Defendant NEWCOME, was an agent/employee of Defendant CELADON, operating under the authority of Defendant CELADON, and acting within the scope and agency of his employment for Defendant CELADON.

**ANSWER:**  WNC is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegation contained in this paragraph of Plaintiff's Complaint.

5

8.

At all times relevant hereto, Defendant NEWCOME, was a statutory employee of Defendant CELADON.

**ANSWER:** WNC is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegation contained in this paragraph of Plaintiff's Complaint.

9.

Defendant WABASH NATIONAL CORPORATION, (hereinafter "Defendant WNC") is a manufacturer of the truck trailer subject to the direct action and is subject to the jurisdiction and venue of this Court as a maker of products within the stream of commerce and is foreseeable that they would be subject to this jurisdiction.

**ANSWER:** WNC admits that it is a manufacturer, subject to the jurisdiction and venue of this court, but denies any other allegations contained in this paragraph of Plaintiff's Complaint.

10.

Defendant WNC, is a foreign corporation, and is subject to the jurisdiction and venue of this Court pursuant to the Georgia Long-Arm Statute O.C.G.A. § 9 -10-91 and § 9-10-94.

**ANSWER:** WNC admits that it is subject to the jurisdiction and venue of this court, but denies any remaining allegations contained in this paragraph of Plaintiff's Complaint.

6

11.

Defendant WNC, may be served with a copy of this Summons and Complaint pursuant to the Georgia Long-Arm Statute O.C.G.A. § 9 -10-91 and § 9-10-94 through its registered agent for service to wit: Corporation Service Company, located at 251 E. Ohio Street, Suite 500, Indianapolis, IN 46204.

ANSWER:  WNC admits that it was properly served with the Summons and Complaint, but denies any remaining allegations in this paragraph of Plaintiff's Complaint.

12.

Defendants KEOWN, NEWCOMB, CELADON, and WNC, are joint tortfeasors and venue as to all is proper in this Court pursuant to O.C.G.A. § 9-10-31.

ANSWER:  WNC denies the allegations contained in this paragraph of Plaintiff's Complaint.

13.

The State Court of Carroll County is the Court of proper venue in this action.

ANSWER:  WNC admits the allegations in this paragraph of Plaintiff's Complaint.

14.

The State Court of Carroll County has jurisdiction over the subject matter of this action.

ANSWER:  WNC admits the allegations in this paragraph of Plaintiff's Complaint.

7

## FACTS

15.

On or about November 12, 2012, at approximately 2:54 p.m., Defendant KEOWN, was operating a 2000 Buick LeSabre traveling westbound on 1-20 in the number three lane near the Post Road exit.

**ANSWER:** WNC is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph of Plaintiff's Complaint.

16.

At the same date and time, Defendant KEOWN lost control of his vehicle and traveled into the path and in front of a tractor and trailer being driven by Jose Roberto Meza.

**ANSWER:** WNC is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegation contained in this paragraph of Plaintiff's Complaint.

17.

Defendant KEOWN'S vehicle made contact with Mr. Meza's tractor which caused his vehicle to travel across the left lane and into the median and back across all westbound lanes before overturning.

**ANSWER:** WNC is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegation contained in this paragraph of Plaintiff's Complaint.

8

18.

The truck being driven by Mr. Meza overturned and came to rest near the north shoulder of I-20 on its left side, facing north.

**ANSWER:** WNC is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph of Plaintiff's Complaint.

19.

The collision between Defendant KEOWN and Mr. Meza's vehicles caused the far two right lanes of I-20 westbound traffic to be closed for several hours.

**ANSWER:** WNC is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegation contained in this paragraph of Plaintiff's Complaint.

20.

On or about November 13; 2012; at approximately 10:25 p .m :, Defendant NEWCOMB was operating a 2013 International truck, VIN Number 3HSDJSJR6DN341lIO owned by Defendant CELADON and equipped with a trailer manufactured by Defendant WNC, traveling westbound on I-20 in the middle lane at approximately one quarter mile before the Post Road exit.

**ANSWER:** WNC admits that it manufactured the trailer with that VIN number. As to the balance of the paragraph, WNC is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegation contained in this paragraph of Plaintiff's Complaint.

9

21.

In response to the hazard created by Defendant KEOWN, Defendant NEWCOMB, suddenly and without warning attempted to merge into the far left lane in avoidance of the partial road closure. He did not establish his presence in the lane.

**ANSWER:** WNC is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegation contained in this paragraph of Plaintiff's Complaint.

22.

Mr. Alan Guy Hembree was traveling in the far left lane as Defendant NEWCOMB attempted to merge and collided with the rear of the trailer which was equipped with an underride guard manufactured by Defendant WNC.

**ANSWER:** WNC admits that it is considered the manufacturer of the original underride guard on the trailer involved in the incident, but denies the balance of the allegations in this paragraph of Plaintiff's Complaint.

23.

As a result of the collision, Mr. Hembree sustained fatal injuries.

**ANSWER:** WNC is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegation contained in this paragraph of Plaintiff's Complaint.

## COUNT 1: NEGLIGENCE OF DEFENDANT KEOWN

24.

Plaintiff incorporates by reference the allegations in Paragraphs 1 through 23 as if fully set forth herein.

10

ANSWER: WNC incorporates by reference its responses to the allegations in Paragraphs 1 through 23 as if fully set forth herein.

25.

At all times material to this action, Defend ant KEOWN owed a duty of exercising due and reasonable care to Mr. Hembree, as well as other motorists on the road.

ANSWER: WNC is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegation contained in this paragraph of Plaintiff's Complaint.

26.

Defendant KEOWN'S negligence in failing to maintain his lane created a dangerous condition which initiated the partial closure of I-20 West for several hours of November 12, 2012, and into the early morning hours of November 13, 2012.

ANSWER: WNC is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegation contained in this paragraph of Plaintiff's Complaint.

27.

The negligence of Defendant KEOWN which was a direct and proximate cause of the fatal injuries to Mr. Hembree, consisted of, but is not limited to, the following:

     (a)    Defendant drove his vehicle in reckless disregard for the safety of other drivers, especially Alan Hembree;

     (b)    Defendant operated his vehicle in violation of O.C.G.A 40-6-48; constituting negligence per se;

11

(c)     Defendant failed to maintain control of his vehicle,

and failed to post a proper lookout;

(d)     Defendant created a hazardous and dangerous condition.

**ANSWER:** WNC is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegation contained in this paragraph of Plaintiff's Complaint.

<u>COUNT 2: NEGLIGENCE OF DEFENDANT NEWCOMB</u>

28.

Plaintiff incorporates by reference the allegations in Paragraphs 1 through 27 as if fully set forth herein.

**ANSWER:** WNC incorporates by reference its responses to the allegations in Paragraphs 1 through 27 as if fully set forth herein.

29.

At all times material to this action, Defendant NEWCOMB owed a duty of exercising due and reasonable care to Mr. Hembree, as well as other motorists on the road.

**ANSWER:** WNC is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph of Plaintiff's Complaint.

30.

Defendant NEWCOMB breached this duty by operating his tractor-trailer in an unsafe and negligent manner.

12

ANSWER:  WNC is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph of Plaintiff's Complaint.

31.

Defendant, NEWCOMB attempted to merge in a manner and speed that was negligent and in violation of the Official Code of Georgia and Federal Motor Carrier safety regulations.

ANSWER:  WNC is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph of Plaintiff's Complaint.

32.

The negligence of Defendant CELADON, and Defendant NEWCOMB, all of which constituted a direct and proximate cause of the fatal injuries to Mr. Hembree, consisted of, but is not limited to, the following:

> (a)   Defendant drove his vehicle in reckless disregard for the safety of other drivers, especially Alan Hembree;
>
> (b)   Defendant operated his vehicle in violation of O.C.G.A 40-6-48;
>
> (c)   Defendant failed to maintain control of his vehicle, and failed to post a proper lookout;
>
> (d)   Defendant operated his vehicle in an unsafe manner in violation of the Federal Motor Carrier Safety

13

Regulations, 49 CFR 392.2

**ANSWER:** WNC is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph of Plaintiff's Complaint.

## COUNT 3: NEGLIGENCE OF CELADON TRUCKING

33.

Plaintiff incorporates by reference the allegations in Paragraphs 1 through 32 as if fully set forth herein.

**ANSWER:** WNC incorporates by reference its responses to the allegations in Paragraphs 1 through 32 as if fully set forth herein.

34.

At the time of the subject collision, Defendant NEWCOMB'S behavior, acts, omissions, and other conduct, negligent or otherwise, were committed during the course and scope of his employment, while in his capacity as an employee and agent, and while under the direction and control of Defendant CELADON.

**ANSWER:** WNC is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph of Plaintiff's Complaint.

35.

At the time of the subject collision, Defendant NEWCOMB was operating the vehicle with the express permission of Defendant CELADON.

14

ANSWER:  WNC is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph of Plaintiff's Complaint.

36.

Defendant CELADON is liable to Plaintiff for the negligent acts of its agent/employee Defendant NEWCOMB under the doctrine of *Respondent Superior*.

ANSWER:  WNC is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph of Plaintiff's Complaint.

37.

Defendant CELADON, failed to properly train, regulate and supervise its agent/employee Defendant NEWCOMB, thus proximately causing or contributing to Mr. Hembree's fatal injuries.

ANSWER:  WNC is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph of Plaintiff's Complaint.

38.

Defendant CELADON negligently hired its agent/employee Defendant NEWCOMB and failed to implement and utilize proper procedures to evaluate his skills and expertise, thus proximately causing or contributing to Mr. Hembree's fatal injuries.

ANSWER:  WNC is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph of Plaintiff's Complaint.

15

39.

Defendant CELADON negligently retained Defendant NEWCOMB and negligently entrusted the tractor trailer to Defendant NEWCOMB, thus proximately causing or contributing to Mr. Hembree's fatal injuries.

**ANSWER:** WNC is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph of Plaintiff's Complaint.

40.

Defendant NEWCOMB'S negligence and violation of O.C.G.A 40-6-48, constitute negligence per se.

**ANSWER:** WNC is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph of Plaintiff's Complaint.

41.

Defendant CELADON, negligently entrusted the tractor-trailer to Defendant NEWCOMB, thus proximately causing or contributing to Mr. Hembree's fatal injuries.

**ANSWER:** WNC is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph of Plaintiff's Complaint.

42.

The negligence of Defendant CELADON, and Defendant NEWCOMB, all of which consisted a direct and proximate cause of the fatal injuries to Mr. Hembree, consisted of but is not limited to the following:

16

   (a)    Defendant drove his vehicle in reckless disregard for the safety of other drivers, especially Alan Hembree;

   (b)    Defendant operated his vehicle in violation of O.C.G.A 40-6-48; constituting negligence per se ;

   (c)    Defendant failed to maintain control of his vehicle, and failed to post a proper lookout;

   (d)    Defendant operated his vehicle in an unsafe manner in violation of the Federal Motor Carrier Safety Regulations, 49 CFR 392.2

**ANSWER:** WNC is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph of Plaintiff's Complaint.

## COUNT 4: PRODUCTS LIABILITY CLAIMS OF DEFENDANT WNC

43.

Plaintiff incorporates by reference the allegations in Paragraphs 1 through 42 as if fully set forth herein.

**ANSWER:** WNC incorporates by reference its responses to the allegations in Paragraphs 1 through 42 as if fully set forth herein.

44.

Defendant WNC designed, and constructed the trailer involved in the instant fatal collision.

**ANSWER:** WNC admits that it designed and constructed the trailer, but is without knowledge or information sufficient to form a belief as to the truth or falsity

as to the balance of the allegations contained in this paragraph of Plaintiff's Complaint.

45.

During the process by which Defendant WNC designed and constructed the trailer, they also designed, constructed and installed the underride guard which was affixed to the rear of the trailer.

**ANSWER:**   WNC admits the allegations in this paragraph of Plaintiff's Complaint.

46.

During the impact, the underride guard on the trailer failed, causing massive intrusion of the trailer into the passenger compartment of the vehicle being driven by Alan Hembree.

**ANSWER:**   WNC denies the allegations contained in this paragraph of Plaintiff's Complaint.

47.

The occurrence of an impact of this nature was reasonably foreseeable to Defendant WNC.

**ANSWER:** WNC admits that certain impacts are foreseeable, but denies all allegations and implications of fault or wrongdoing.

48.

The occurrence of an impact of this nature was likely to cause serious injury or death to a front seat passenger if the underride guard failed.

18

ANSWER:   WNC denies the allegations contained in this paragraph of Plaintiff's Complaint.

49.

Before the subject trailer was sold, it was feasible that would absorb crash energy, prevent intrusion, and prevent the loss of life in an occurrence of this nature.

ANSWER:   WNC states that the allegations contained in this paragraph of Plaintiff's Complaint are nonsensical as drafted.   WNC denies these allegations in an abundance of caution.

50.

The design, construction and installation of the trailer and it's underride guard proximately caused the fatal injuries of Alan Hembree.

ANSWER:   WNC denies the allegations contained in this paragraph of Plaintiff's Complaint.

51.

Any benefits of the design of the WNC trailer and it's underride guard do not outweigh the risk of danger inherent in the design.

ANSWER:   WNC denies the allegations contained in this paragraph of Plaintiff's Complaint.

52.

When the trailer left the control of Defendant WNC, it and the underride system were in an unreasonably dangerous condition in that;

    a.    The design of the trailer's underride guard was too weak and ineffective to prevent substantial intrusion into the occupant space of a rear ending

19

vehicle in a reasonably foreseeable rear impact; and/or

b.    The trailers underride guard was affixed too high above the road surface to permit a rear-ending vehicle's frame and structure to properly engage it during a reasonably foreseeable rear impact.

**ANSWER:**   WNC denies the allegations contained in this paragraph of Plaintiff's Complaint.

## WRONGFUL DEATH OF ALAN HEMBREE

53.

Plaintiff incorporates by reference the allegations in Paragraphs 1 through 52 as if fully set forth herein.

**ANSWER:** WNC incorporates by reference its responses to the allegations in Paragraphs 1 through 52 as if fully set forth herein.

54.

Plaintiff Rita Meeks is the mother of the deceased Alan Hembree and brings this action for wrongful death within her capacity as Administratrix and surviving heir of the deceased, Alan Hembree.

**ANSWER:** WNC admits, upon information and belief, that Rita Meeks is the mother of the decedent and the administratrix and heir.  WNC denies all allegations of wrongdoing and implications of wrongdoing contained in this paragraph of Plaintiff's Complaint.

55.

As a result of the of the unreasonably dangerous conditions created by the Defendants KEOWN, NEWCOMB, CELADON, and WNC, Alan Hembree suffered fatal

20

injuries for which his Estate claims damages pursuant to the Georgia Wrongful Death Statute.

**ANSWER:**   WNC denies the allegations contained in this paragraph of Plaintiff's Complaint.

56.

As a direct and proximate result of Defendants' negligence and products liability, Plaintiff Rita Meeks, individually and as Administratrix of the Estate of Alan Guy Hembree, incurred damages including but not limited to medical expenses; conscious pain and suffering - allowable under the laws of the State of Georgia, and Alan Hembree's final expenses.

**ANSWER:**   WNC denies the allegations contained in this paragraph of Plaintiff's Complaint.

57.

Plaintiff Rita Meeks, individually and as Administratrix of the Estate of Alan Guy Hembree is entitled to recover for the ramifications of his injuries and death directly and proximately resulting from Defendants' negligence.

**ANSWER:**   WNC denies the allegations contained in this paragraph of Plaintiff's Complaint.

58.

This Complaint is a renewal of an action, pursuant to O.C.G.A. § 9-2-61 against these Defendants.  The allegations are essentially the same as those contained in the Amended Complaint that was filed in Carroll County State Court and assigned Civil Action No. 14-S-00367 which was voluntarily dismissed, without prejudice.

21

The dismissal of the prior action was entered on April 7, 2015 (see attached Exhibit A).  All costs have been paid and this action is being renewed within six months.

ANSWER:   WNC admits the allegations contained in this paragraph of Plaintiff's Complaint.

WHEREFORE, having fully answered Plaintiff's Complaint, WNC prays as follows:

(a)   that WNC have trial by jury of 12 on all issues that are triable;

(b)   that the same be dismissed with cost to be borne by Plaintiff;

(c)   that WNC recover its attorney's fees and costs; and

(d)   that WNC have all such other and further relief that this Court may deem just and proper.

Respectfully submitted this _17_ day of November, 2015.

FRIED & BONDER LLC

_____

Scott P. Bonder
Georgia Bar No. 066815
Joseph A. White
Georgia Bar No. 754315
Matthew R. Kahn
Georgia Bar No. 833443

White Provision, Suite 305
1170 Howell Mill Rd., N.W.
Atlanta, Georgia 30318
Phone: (404) 995-8808
Facsimile: (404) 995-8899
*Attorney for Defendant Wabash National Corporation*

22

IN THE STATE COURT OF CARROLL COUNTY
STATE OF GEORIGA

| | | |
|---|---|---|
| RITA MEEKS, individually and as Administratrix of the Estate of ALAN HEMBREE | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) ) | Civil Action File No. 15-CV-01044 |
| EULUS HOBERT KEOWN, JR., ROBERT LYNN NEWCOMB, CELADON TRUCKING SERVICES, INC., and WABASH NATIONAL CORPORATION, | ) ) ) ) ) ) | |
| Defendants. | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that I have this day served a copy of the within and foregoing

*Wabash National Corporation's Answer To Plaintiff's Complaint* upon all counsel by

depositing same in the United States Mail with sufficient postage affixed thereto to

ensure delivery to:

Matthew E. Cook
Cook Law Group, LLC
P.O. Box 2415
Gainesville, GA 30503

*Attorney for Plaintiff*

Jan P. Cohen
Kenneth S. Nugent, P.C.
4227 Pleasant Hill Road
Building 11, Suite 300
Duluth, GA 30096

*Attorney for Plaintiff*

Christopher J. Adams
Kenneth S. Nugent, P.C.
1355 Peachtree Street
The Peachtree – Suite 1000
Atlanta, GA 30309

*Attorney for Plaintiff*

R. Christopher Harrison, Esq.
Downey & Cleveland, LLP
288 Washington Ave.
Marietta, GA 30060

*Attorney for Defendant Keown*

John D. Dixon, Esq. and
Jan Seanor Sigman, Esq.
Dennis Corry, Porter & Smith, LLP
3535 Piedmont Road, NE
14 Piedmont Center, Suite 900
Atlanta GA 30305

*Attorneys for Robert Lynn Newcomb and Celadon Trucking Services, Inc.*

Dated this 17 day of November, 2015.

FRIED & BONDER LLC

Scott L. Bonder
Georgia Bar No. 066815
Joseph A. White
Georgia Bar No. 754315
Matthew R. Kahn
Georgia Bar No. 833443

White Provision, Suite 305
1170 Howell Mill Rd., N.W.
Atlanta, Georgia 30318
Phone: (404) 995-8808
Facsimile: (404) 995-8899