IN THE SUPERIOR COURT CARROLL COUNTY

STATE OF GEORGIA

RITA MEEKS, individually and as Administratrix )
of the Estate of ALAN HEMBREE,               )
                                             )
   Plaintiff,                              )
                                             )    CIVIL ACTION FILE
vs.                                          )    NO. 15CV01044
                                             )
EULUS HOLBERT KEOWN, JR.,                    )
ROBERT LYNN NEWCOMB, CELADON                 )
TRUCKING SERVICES, INC., and WABASH          )
NATIONAL CORPORATION,                        )
                                             )
Defendants.                                  )

**PLAINTIFF'S FIRST CONTINUING INTERROGATORIES
TO DEFENDANT CELADON TRUCKING SERVICES, INC.**

     COMES NOW the Plaintiff in the above-styled action and serves these Interrogatories upon the above-named Defendant as an opposite party and request that they be fully answered in writing and under oath within thirty (30) days of the date of service. These interrogatories are served pursuant to the Georgia Civil Practice Act and more specifically to the provisions of O.C.G.A. §§ 9-11-26 and 9-11-33. These interrogatories shall be deemed continuing and you are required to supplement or amend any prior response if the person or entity to whom these interrogatories are addressed ascertains any change, different or added fact, condition or circumstances, or that there be any other witness(es) or evidence. Each interrogatory is addressed to the personal knowledge of the Defendant, as well as to the knowledge and information of Defendant's attorneys, investigators, agents, employees, and other representatives. If Defendant is unable to answer a question completely, the question should be answered as fully as possible. When a question is directed to Defendant, the question is also directed to each of the aforementioned persons.



You are requested not to respond to Interrogatories by referring to the responses to other Interrogatories or by adoption, since some of the Interrogatories may be introduced into evidence and should be, for this purpose, complete in themselves.

## DEFINITIONS

As used herein, the terms listed below are defined as follows:

1.      "**Document**" means every writing, printing, record, graphic, photographic or sound reproduction of every type and description that has been in your possession, control or custody or of which you have knowledge, including but not limited to, correspondence, reports, meeting minutes, memoranda, stenographic or handwritten notes, diaries, notebooks, account books, orders, invoices, statements, bills, checks, vouchers, purchase orders, studies, surveys, charts, maps, analyses, publications, books, pamphlets, periodicals, catalogues, brochures, schedules, circulars, bulletins, notices, instructions, manuals, journals, e-mails, data sheets, work sheets, statistical compilations, data processing cards, microfilms, computer records (including printouts, disks or other magnetic storage media), tapes, photographs (positive or negative prints), drawings, films, videotapes, pictures, and voice recordings.  Plaintiff expressly intends for the term "Document" to include every copy of such writing, etc. when such copy contains any commentary or notation whatsoever that does not appear on the original and any attachments or exhibits to the requested document or any other documents referred to in the requested document or incorporated by reference.

2.      "**Person**" means any natural person, corporation, partnership, proprietorship, association, organization, or group of persons.

3.      "**Occurrence**" refers to the collision made the basis of the Complaint.

2

4.    (a)    "**Identify**" with respect to any "**person**" or any reference to stating the "**identity**" of any "**person**" means to provide the name, home address, telephone number, business name, business address, and business telephone number of such person, and a description of each such person's connection with the events in question.

(b)    "**Identify**" with respect to any "**document**" or any reference to stating the "**identification**" of any "**document**" means to provide the title and date of each such document, the name and address of the party or parties responsible for the preparation of each such document, the name and address of the party who requested or required the preparation of the document or on whose behalf it was prepared, the name and address of the recipient or recipients of each such document, and the names and addresses of any and all persons who have custody or control of each such document, or copies thereof.

## INTERROGATORIES

### 1.

Identify each person or entity, whether a party to this action or not, known or believed by you to have been negligent or at fault, or who otherwise may be liable in whole or in part for Alan Hembree's fatal injuries in connection with the occurrence complained of in this action. As to each person or entity identified, describe the nature of the negligence, fault or liability alleged and set forth the facts relevant to your response.

### 2.

Describe in detail the precise nature and scope of this Defendant's business relationship with Defendant Robert Lynn Newcomb in the 12 months prior to and including day of the subject wreck and state whether Defendant Newcomb was acting within the course and scope of his employment for this Defendant at the time and place of the subject wreck. If you contend

Defendant Newcomb was not acting within the course and scope of his employment for this Defendant at the time of the wreck, please state the factual basis for that claim and identify who you contend Defendant Newcomb was working for at the time of the wreck.

3.

State in detail the factual basis for each and every affirmative defense you raised in your Answer to the Complaint.

4.

State whether this Defendant admits that Defendant Newcomb negligently caused the subject occurrence. If your answer is in the negative, please explain the basis for that denial, including a description of any negligent acts of other persons or entities that you contend contributed to this wreck.

5.

Do you contend that that service of process has been deficient on you in this matter? If so, please describe and state with specificity all factual and legal bases supporting any such contention(s).

6.

If any named defendant is improperly identified, please provide the proper identification and state whether you will accept service of an amended Summons and Complaint reflecting the information furnished by you in response to this Interrogatory.

7.

Do you contend that there are any factual or legal bases upon which this matter should be dismissed as a matter of law? If so, please identify each such contention and describe and state with specificity all factual and legal bases supporting any such contention(s).

8.

Please identify every person who has any information about how or why the collision complained of in this case occurred, about who was at fault or in any way responsible for causing this wreck, and about any other information pertaining to the issue of liability, causation or damages in this case. Please include a brief description of the nature of such person's knowledge, their phone number(s), address(es), place of employment, and present whereabouts.

9.

Please identify all persons (whether medical providers, lay persons, or anyone else) who have any information relative to Plaintiff's health condition prior to or subsequent to the collision in this case, information relative to Plaintiff's physical and mental suffering as a result of this collision, or any information relative to the issue of damages in this litigation.

10.

Please state whether any of the people identified in Interrogatories Nos. 8 and 9 above made or gave any statement(s) or account(s), either orally, in writing, or recorded in any way, of his or her knowledge of any information relevant in this lawsuit. If so, identify all such persons giving such statement(s) and provide an explanation of the type statement(s) given (oral, written, recorded, etc.). Also, identify the taker and present custodian of such statement(s).

11.

Please state whether this Defendant, its attorneys, investigators, or other representatives know of any photographs, still or motion pictures, plans, drawings, blueprints, sketches, diagrams, computer simulations, or any other type demonstrative evidence concerning the subject occurrence, the site of the subject occurrence, the vehicles involved, or which in any way illustrate any facts relevant to the occurrence. As to each item, please state the following: the nature of

such item; how many of such items exist (for example, 15 photographs); the name, address, and employer of the person making or supplying such item; and the identity of the person who presently possesses such item.

12.

State the date on which Defendant Newcomb first drove a truck for or was employed by this Defendant and the date on which that employment terminated.

13.

State whether Defendant Newcomb was tested for drugs or alcohol after the subject collision.  If so, identify the person who administered such test, the type of test administered and state the results of all such test.

14.

Please state in detail how you contend the subject occurrence took place and the order in which the events took place, to include the purpose of the trip by Defendant Newcomb, his destination, and from where he left.  Please include in this response a listing of each person, force of nature, act of God, and/or circumstance you believe to have caused or contributed to causing the subject occurrence and/or any of Plaintiff's damages.

15.

State whether any test, experiment, inspection, chart or measurement has been made with respect to the scene of the collision-in-suit, or any object involved.  State the name, current address and telephone number of each person who participated in such a test, experiment, inspection, chart, or measurement, and the date and nature of their participation.  Identify all documents, pictures/videos and other data generated as a result of such activities.

16.

Please identify any and all investigators, mechanics, adjusters, claims representatives, experts or any other person who have investigated this collision, examined any of the vehicles involved, or who have in any way investigated the claims made in this lawsuit on behalf of this Defendant, its attorneys, or its insurers.

17.

Please state whether any inspection of the subject truck driven by Defendant Newcomb was conducted after the collision that is the subject of this lawsuit, the results of such inspection, and the name(s) of the person(s) performing such inspection.   Also identify any documents, reports, photographs, videotapes, or other records which were made concerning any inspection of the subject truck.

18.

Please state whether or not an accident/incident report was made by this Defendant or any of your representatives in connection with the subject occurrence, and if so, identify all persons who have reviewed a copy of such report(s), the place where such report(s) is located, and the present custodian of the same.

19.

Was the vehicle driven by Defendant Newcomb equipped with any on-board monitoring devices such as a GPS or Qualcom system?  If so, was any data, reports or records that pertain to those devices generated that cover the 24 hours prior to and including the wreck?

20.

Was the vehicle driven by Defendant Newcomb equipped with any blackbox, engine control module, or vehicle control module at the time of the wreck? If so, has the data from those devices been retrieved and retained?

21.

Describe in detail all precautions this Defendant took to control the speed and driving conduct of drivers such as Defendant Newcomb, i.e. the use of governors, the monitoring of Qualcom records, etc.

22.

Identify every person who has discussed this wreck with Defendant Newcomb.

23.

Please identify the following individuals as of the date of the occurrence and at present:

(a)     Person(s) responsible for the inspection, maintenance, and repair of this Defendant's vehicle that was involved in the subject wreck;

(b)     Safety Director;

(c)     Person(s) responsible for training employees/drivers, including Defendant Newcomb;

(d)     Person(s) responsible for interviewing and/or hiring employees/drivers, and specifically driver Defendant Newcomb;

(e)     Person(s) responsible for supervising drivers, including Defendant Newcomb;

(f)     Person responsible for ensuring that Defendant Newcomb maintained current log books, permits, licenses, and certifications;

(g)     Person in charge of the drug testing of drivers including Defendant Newcomb; and

(h)     Person(s) responsible for dispatching or assigning Defendant Newcomb his work

tasks on day of the subject wreck.

24.

Please state whether this Defendant, its agents, its attorneys, or its insurers, on its own or

through any other person, obtained or obtains information, from any private source or

governmental agency, about the driving history, driving violations, criminal violations, motor

vehicle record, or other driving qualifications of the persons this Defendant hires or allows to drive

vehicles for this Defendant's benefit.  If so, please state, by job title, to which employees this

inquiry applies, from whom this information is obtained (including, but not limited to any

governmental agency or entity), and exactly what information is obtained or, as a matter of policy,

sought to be obtained.   Also, please state the same as to each person through which such

information was requested or obtained concerning the driver involved in the subject occurrence

and the dates upon which such information was obtained concerning the driver operating the truck

involved in the subject occurrence.

25.

With respect to Defendant Newcomb, please state the following:  his date of birth; Social

Security number; Driver's license number and state of issuance; his present home address; all of

said driver's previous residence addresses for the past five years, including the street address, city,

state, and zip code; his mode of compensation; and any special certifications he has ever held while

employed by this Defendant.

26.

State how Defendant Newcomb was selected by this Defendant to drive the subject vehicle; how long he had been authorized to drive the subject vehicle; and whether there have ever been any criticisms related to his driving or job performance of which this Defendant is aware.

27.

State whether Defendant Newcomb was criticized, reprimanded, or any of his job duties were altered in any fashion as a result of the subject collision.  If your answer is in the affirmative, please state in detail the basis for the affirmative answer.

28.

State the number of hours Defendant Newcomb had worked and had been on duty in the seven days prior to this collision.

29.

List each motor vehicle collision, traffic violation, or other crime committed or allegedly committed by Defendant Newcomb of which this Defendant was aware prior to the wreck.  For each such event listed, identify and explain how and from what source this Defendant was made aware of each such event.

30.

Identify each and every traffic citation or motor vehicle collision that Defendant Newcomb has received or been involved in while driving for this Defendant.

31.

Describe all steps taken by, or for the benefit of, this Defendant to evaluate the training, health, experience, and qualifications of Defendant Newcomb before he was allowed to drive for this Defendant.

32.

Identify all training, instruction, handbooks, videos and/or seminars provided to persons who drive trucks for this Defendant, including but not limited to those that haul hazardous materials, and identify all such training/instruction/handbooks/videos and/or seminars were provided to Defendant Newcomb.

33.

Did Defendant Newcomb violate any policy, standard, guideline, recommendation or rule of this Defendant in connection with the subject wreck?   If so, please state the substance of the rule/policy/standard and explain how the same was violated by Defendant Newcomb.

34.

Please identify any person that this Defendant expects to call as an expert witness, whether live, by affidavit, or by deposition, in connection with any trial, hearing, or motion, as well as any other evidentiary hearing in this action, and, separately for each expert:  identify the subject matter of which the person is expected to testify; identify the substance of the facts and opinions as to which the person is expected to testify; summarize the grounds for such opinions; and identify all documents and professional references upon which such person may base his or her testimony and opinions.

35.

As to any policy of liability insurance which would or might inure to the benefit of Plaintiff's by providing for payment of a part of or all of any judgment rendered in favor of the Plaintiff against any Defendant, state the name and address of the insurer of each such policy, the name and address of each insured on each such policy, the policy number of each such policy, and the limits of liability in such policy as same might apply to Plaintiff by reason of any one incident and the total limits of

liability to all persons by reason of any one incident.   State also whether the policy is drawn down or reduced as a result of the expenses of litigation.

36.

Identify, including the names, business titles, job positions and descriptions, addresses and home and business telephone numbers, the person or persons who assisted in any way in responding to these Interrogatories, and specify the particular response or responses to which each person responded.

37.

Identify all documents and other tangible things which constitute or contain matters relevant to the subject of this lawsuit or which were relied on or referred to in answering these Interrogatories. Please include in your response to this Interrogatory identification of all documents or tangible things that you intend to introduce as evidence at the time of trial.

38.

State the exact weight of the vehicle operated by Defendant Newcomb at the time of the collision.

39.

State whether you have a policy against cell phone use while employees are driving your vehicles?  If so, please describe such policy.

40.

State whether the tractor or trailer driven by Defendant Newcomb had been placed out of service at any time prior to the subject collision.  If so, state when, where and why such out of service status was put on the subject tractor or trailer.

41.

State the number of times that Defendant Newcomb had been engaged by this Defendant to haul products or trailers.

42.

Identify all persons and entities that brokered or in any way was responsible for contracting the subject load with you.

43.

Describe in detail how this Defendant was engaged to haul this load including who contacted this Defendant, gave it the pickup and drop-off locations, made payment, or was supposed to make payment for, this load.

This 11th day of November, 2015.

Respectfully submitted,
COOK LAW GROUP, LLC

Matthew E. Cook
Georgia Bar No. 184399
Kate S. Cook
Georgia Bar No. 280584
COOK LAW GROUP, LLC
P.O.  Box 2415
Gainesville, Georgia 30503
Telephone: (678) 928-3899
Facsimile: (888) 612-0589
matt@cook-lawgroup.com
kate@cook-lawgroup.com

Chris Adams
Kenneth S. Nugent, P.C.
1355 Peachtree Street, NE
Suite 1000
Atlanta GA 30309
cadams@attorneykennugent.com

Jan P. Cohen
Georgia Bar No. 174337
4227 Pleasant Hill Road
Building 11, Suite 300
Duluth, GA 30096
Email:
jcohen@attorneykennugent.com

**Attorneys for Plaintiff**

IN THE SUPERIOR COURT CARROLL COUNTY
STATE OF GEORGIA

RITA MEEKS, individually and as Administratrix )
of the Estate of ALAN HEMBREE,               )
                                             )
   Plaintiff,                          )
                                             )       CIVIL ACTION FILE
vs.                                          )       NO. 15CV01044
                                             )
EULUS HOLBERT KEOWN, JR.,                    )
ROBERT LYNN NEWCOMB, CELADON                 )
TRUCKING SERVICES, INC., and WABASH          )
NATIONAL CORPORATION,                        )
                                             )
Defendants.                                  )

## CERTIFICATE OF SERVICE

     The undersigned, attorney for Plaintiff in the above-styled case, hereby certifies that this day all parties have been served with a copy of the within and foregoing by STATUTORY ELECTRONIC SERVICE and/or United States Mail with proper postage affixed thereto and addressed as follows:

R. Christopher Harrison
Downey & Cleveland, LLP
harrison@downeycleveland.com
*Attorney for Defendant Keown*


John D. Dixon
Dennis, Corry, Porter & Smith, LLP
3535 Piedmont Road, NE
14 Piedmont Center, Suite 900
Atlanta, GA 30305
*Attorney for Defendants Newcomb & Celadon Trucking Services, Inc.*


Fred Valz, III
William Underwood
Carlock, Copeland & Stair, LLP
P.O. Box 56887
Atlanta, GA 30303
*Attorneys for GEICO Indemnity Company*


Dated this 11th day of November, 2015.

Kate S. Cook

IN THE SUPERIOR COURT CARROLL COUNTY

STATE OF GEORGIA

RITA MEEKS, individually and as Administratrix  )
of the Estate of ALAN HEMBREE,  )
  )
    Plaintiff,  )
  )    CIVIL ACTION FILE
vs.  )    NO. 15CV01044
  )
EULUS HOLBERT KEOWN, JR.,  )
ROBERT LYNN NEWCOMB, CELADON  )
TRUCKING SERVICES, INC., and WABASH  )
NATIONAL CORPORATION,  )
  )
Defendants.  )

## PLAINTIFF'S FIRST REQUESTS FOR ADMISSION OF FACTS
## TO DEFENDANT CELADON TRUCKING SERVICES, INC.

COMES NOW Plaintiff and serves these Requests for Admission upon the named

Defendant and requests that they be fully admitted in writing and under oath within thirty (30)

days of the date of service. These Requests for Admission are served pursuant to the Georgia Civil

Practice Act and are served pursuant to O.C.G.A. § 9-11-26 and 9-11-36.

EACH MATTER OF WHICH AN ADMISSION IS REQUIRED SHALL BE DEEMED

ADMITTED UNLESS, WITHIN THE TIME ALLOWED BY LAW AFTER SERVICE OF

THESE REQUESTS, YOU SERVE PLAINTIFF WITH A WRITTEN ANSWER OR

OBJECTION TO SUCH MATTER.

You are cautioned that should you fail to admit the genuineness of any document, or the

truth of any matter requested herein pursuant to the Georgia Civil Practice Act, and should Plaintiff

thereafter prove the genuineness of such document or truth of such matter, Plaintiff will apply to

the Court for an order requiring you to pay Plaintiff the reasonable expenses incurred by Plaintiff

in making that proof, including reasonable attorney fees.  The Court must make such order unless it finds that the Request was objectionable pursuant to the Georgia Civil Practice Act, or that the admission sought was of no substantial importance, or that you had reasonable grounds to believe that you might prevail on the matter, or that there was some other good reason for failure to admit the matter.

The matters requested admitted are the following:

1.

Admit that this Defendant has been properly served with process in this action.

2.

Admit that this Defendant raises no defenses as to insufficiency of process in this action.

3.

Admit that no person or entity, other than the parties to this action, is responsible for the subject collision.

4.

Admit that Defendant Newcomb was an employee of this Defendant at the time of this wreck.

5.

Admit that Defendant Newcomb was acting with the course and scope of his employment for this Defendant at the time of this wreck.

6.

Admit liability.

This 11th day of November, 2015.

-2-

Respectfully submitted,
COOK LAW GROUP, LLC

_____
Matthew E. Cook
Georgia Bar No. 184399
Kate S. Cook
Georgia Bar No. 280584
COOK LAW GROUP, LLC
P.O. Box 2415
Gainesville, Georgia 30503
Telephone: (678) 928-3899
Facsimile: (888) 612-0589
matt@cook-lawgroup.com
kate@cook-lawgroup.com

Chris Adams
Kenneth S. Nugent, P.C.
1355 Peachtree Street, NE
Suite 1000
Atlanta GA 30309
cadams@attorneykennugent.com

Jan P. Cohen
Georgia Bar No. 174337
4227 Pleasant Hill Road
Building 11, Suite 300
Duluth, GA 30096
Email:
jcohen@attorneykennugent.com

**Attorneys for Plaintiff**

IN THE SUPERIOR COURT CARROLL COUNTY
STATE OF GEORGIA

RITA MEEKS, individually and as Administratrix )
of the Estate of ALAN HEMBREE,                )
                                              )
   Plaintiff,                             )
                                              )      CIVIL ACTION FILE
vs.                                           )      NO. 15CV01044
                                              )
EULUS HOLBERT KEOWN, JR.,                      )
ROBERT LYNN NEWCOMB, CELADON                   )
TRUCKING SERVICES, INC., and WABASH           )
NATIONAL CORPORATION,                          )
                                              )
Defendants.                                   )

## CERTIFICATE OF SERVICE

     The undersigned, attorney for Plaintiff in the above-styled case, hereby certifies that this day all parties have been served with a copy of the within and foregoing by STATUTORY ELECTRONIC SERVICE and/or United States Mail with proper postage affixed thereto and addressed as follows:

R. Christopher Harrison
Downey & Cleveland, LLP
harrison@downeycleveland.com
*Attorney for Defendant Keown*

John D. Dixon
Dennis, Corry, Porter & Smith, LLP
3535 Piedmont Road, NE
14 Piedmont Center, Suite 900
Atlanta, GA 30305
*Attorney for Defendants Newcomb & Celadon Trucking Services, Inc.*

Fred Valz, III
William Underwood
Carlock, Copeland & Stair, LLP
P.O. Box 56887
Atlanta, GA 30303
*Attorneys for GEICO Indemnity Company*

Dated this 11th day of November, 2015.

Kate S. Cook

-4-

IN THE SUPERIOR COURT CARROLL COUNTY

STATE OF GEORGIA

RITA MEEKS, individually and as Administratrix )
of the Estate of ALAN HEMBREE,                )
                                              )
    Plaintiff,                               )
                                              )       CIVIL ACTION FILE
vs.                                           )       NO. 15CV01044
                                              )
EULUS HOLBERT KEOWN, JR.,                     )
ROBERT LYNN NEWCOMB, CELADON                  )
TRUCKING SERVICES, INC., and WABASH           )
NATIONAL CORPORATION,                         )
                                              )
Defendants.                                   )

## PLAINTIFF'S FIRST REQUESTS FOR PRODUCTION OF DOCUMENTS
## TO DEFENDANT CELADON TRUCKING SERVICES, INC.

COMES NOW the Plaintiff and serves these Requests for Production upon the above named Defendant and request that they be fully answered in writing and under oath within thirty (30) days of the date of service.  Each Request is addressed to the personal knowledge of the Defendant, as well as to the knowledge and information of Defendant's attorneys, investigators, agents, employees, and other representatives.  If Defendant is unable to comply with a Request completely, the Request should be produced as fully as possible.  When a Request is directed to Defendant, the Request is also directed to the aforementioned persons.  These Requests shall be deemed continuing, and you are under a duty to seasonably supplement or amend a prior response.

If no such information exists to comply with a particular Request, please state that fact. Failure to state that fact will, when that fact is proven, result in an abusive litigation claim.

These Requests are made for production of the documents by mail to Cook Law Group, LLC, P.O. Box 2415, Gainesville, GA 30503; if documents are voluminous, please contact Plaintiff's counsel to arrange an alternative production.

-1-

## DEFINITIONS

As used herein, the terms listed below are defined as follows:

1.      "**Document**" means every writing, printing, record, graphic, photographic or sound reproduction of every type and description that has been in your possession, control or custody or of which you have knowledge, including but not limited to, correspondence, reports, meeting minutes, memoranda, stenographic or handwritten notes, diaries, notebooks, account books, orders, invoices, statements, bills, checks, vouchers, purchase orders, studies, surveys, charts, maps, analyses, publications, books, pamphlets, periodicals, catalogues, brochures, schedules, circulars, bulletins, notices, instructions, manuals, journals, e-mails, data sheets, work sheets, statistical compilations, data processing cards, microfilms, computer records (including printouts, disks or other magnetic storage media), tapes, photographs (positive or negative prints), drawings, films, videotapes, pictures, and voice recordings.   Plaintiff expressly intends for the term "Document" to include every copy of such writing, etc. when such copy contains any commentary or notation whatsoever that does not appear on the original and any attachments or exhibits to the requested document or any other documents referred to in the requested document or incorporated by reference.

2.      "**Person**" means any natural person, corporation, partnership, proprietorship, association, organization or group of persons.

3.      "**Occurrence**" refers to the collision made the basis of the Complaint.

## REQUESTS FOR PRODUCTION

The documents to be produced are the following:

1.

Please produce copies of all witness statements obtained from any person about any information relevant to any issue in this lawsuit or the subject collision, including, but not limited to, the issues of liability, causation or damages.

2.

Please produce copies of any photographs, still or motion pictures, videos, plans, drawings, blue prints, sketches, diagrams, computer simulations, or any other photographic or demonstrative evidence concerning the subject collision and/or concerning any of the issues relevant in this lawsuit, to include, but not be limited to, the issues of liability, causation and damages.

3.

Please produce a copy of any incident/accident reports prepared by any agent, employee, or officer on behalf of this Defendant concerning the subject collision and/or any claim or potential claim arising out of said collision.

4.

Produce a copy of all documents or other materials this Defendant has generated or received from any person as a result of this collision.

5.

Please produce a complete copy of all policies of insurance (to include the Declarations pages) that do or may afford liability insurance coverage to this Defendant with respect to Plaintiff's claims against this Defendant. This Request expressly includes primary insurance coverage, excess insurance coverage, umbrella insurance coverage, personal insurance coverage, business insurance coverage, or any other type of liability insurance coverage.

6.

Please produce copies of all reports or opinions received from any experts who have investigated any issue relevant to the subject collision relevant to this lawsuit. Also, please produce all materials relied upon by each expert in formulating his or her opinions and conclusions.

7.

Please produce a copy of the paycheck, paycheck stub, time card, or any documentation of time worked by the defendant driver for the time period during which this collision occurred. This request includes copies of any materials which reflect any expenses (such as mileage, gas, etc.) which are reimbursed.

8.

Please produce a copy of the logs for trips made by the defendant driver for this Defendant for the fourteen days prior to the subject collision, the date of said collision, and the seven days subsequent to said collision.

9.

Please produce a copy of any and all instructions manuals, employee rules, regulations, training videos, or any driver/employee handbook provided to defendant driver or any handbook in force and effect for drivers of this Defendant at the time of the subject collision.

10.

Please produce copies of all manuals or documents that relate to the qualifications for this Defendant's drivers and/or your policies regarding the screening, hiring and monitoring of persons who drive for the benefit of this Defendant.

11.

Please produce a complete copy of the driver qualification file, your personnel file, and all other files maintained concerning the defendant driver, Defendant Newcomb, involved in the subject collision.

12.

Please produce copies of any and all documents of any kind which reflect information concerning the trip being made by the defendant driver at the time the subject collision occurred to include documents relevant to said trip from the time the trip originated until the time the trip was to end. Said documents include, but are not limited to, trip sheets, bills of lading, shipping documents, and any other documents.

13.

Please produce a copy of any documentation of any kind received by this Defendant from any person, corporation, or insurer relative to the performance of Defendant Newcomb as a driver or employee to include criticisms, reprimands, infractions, discharges, firings, or other commentary concerning Defendant Newcomb work or background as a driver and employee from the time he first worked for this Defendant to include, but not be limited to, the date of the collision and any information received concerning the requested subject matter subsequent to said collision.

14.

Please produce any report or statement concerning the collision given by Defendant Newcomb and given to this Defendant, the police, any insurer, or any other person concerning the collision set forth in the Complaint.

15.

Please produce a complete copy of maintenance records, repair records, and inspection records on the vehicle operated by Defendant Newcomb and involved in the subject collision from

the last two years preceding the subject collision to the current time.  This request includes any documents, photographs, videos, or any other reports or records concerning the maintenance, repair, and inspection of the subject vehicle from two years prior to the subject collision to the present date.

16.

Please produce copies of any and all reports, repair bills, work orders, videotapes, photographs, or other documentation or evidence of any kind which depict, demonstrate, or relate to the nature of the damage done to the vehicle driven by Defendant Newcomb in the subject collision and who repaired the vehicle after the subject collision.

17.

Please produce copies of any and all photographs, documents, or demonstrative evidence that you intend to use in the defense of this case at trial.

18.

Please produce copies of any and all evidence in your possession to include documents, medical condition, photographs, sound or video recordings, or any documentation by any other name that concerns Plaintiff's physical or medical conditions, injuries, or damages that have not been supplied to you by Plaintiff's counsel.

19.

Please produce copies of any and all documents obtained or generated as a result of Defendant Newcomb's driving for this Defendant or its agents, officers, and employees or generated for consideration of Defendant Newcomb as a driver and employee for this Defendant.

20.

Please produce any and all documents that in any way pertain to Defendant Newcomb's qualifications (or lack thereof) to drive professionally for this Defendant to include prior

references, previous collisions or motor vehicle collisions, reprimands, criticisms, or any other information that reflects negatively or positively upon said driver's driving or driving ability.

21.

Please produce copies of any and all information sent to or received from or through any of your insurers concerning the collision giving rise to this litigation including, but not limited to, documents in the possession of your liability insurance carrier with respect to the issue of liability in this case.

22.

Please produce copies of all motor vehicle reports or reports of any kind received from any private corporation or individual, or other business entity, or any governmental entity relative to the driving history, driving record, and driving infractions or criminal history of Defendant Newcomb.

23.

Please produce a copy of any reservation of rights letter or other documentation of any kind received from any insurer that purports to question, deny, or defend under a reservation of rights the insurance coverage and claim that forms the basis for Plaintiff's Complaint.

24.

Please produce copies of any and all medical reports, medical tests, alcohol or drug screens, or tests of any other kind by any other name performed upon Defendant Newcomb by any person including but not limited to any medical provider or law enforcement agency either prior to, subsequent to, or as a result of the collision that forms the basis for Plaintiff's Complaint.

25.

Please produce copies of any and all citations received by the defendant driver from any law enforcement officer to include citations relevant to any violation of any law, ordinance, or rule of road of any state as a result of this collision.

26.

Please produce copies of any data and reports that have been downloaded or generated from data recorded by the vehicle engine and/or vehicle control modules, the "black box," GPS or Qualcom devices or other trip recording devices that pertain to the vehicle driven by Defendant Newcomb in this wreck.

27.

Please produce all Qualcom records (or any other similar type vehicle monitoring records) that pertain to any vehicle driven for this Defendant by Defendant Newcomb.

28.

Please produce copies of any tapes or recordings made on the day of the wreck that relate to the subject collision.

29.

Please produce any documents or materials that you contend show that any other entity or person is responsible for the subject collision.

30.

Produce all documents that discuss, reference or mention any issue concerning recommended or safe driving practices for persons who drive vehicles for this Defendant, including but not limited to, handouts, videos or other materials.

31.

Produce all documents discussing the use or benefit of using Qualcom devices or other similar type tracking devices on this Defendant's vehicles.

32.

Produce all documents evidencing any changes in this Defendant's practices or policies that pertain to driving, hiring, screening or retention of drivers for this Defendant that have been implemented since the subject wreck.

33.

Produce a copy of the Complaint and Answer of all lawsuits filed against this Defendant in the last 10 years that arose out of a collision between a vehicle driven for the benefit of this Defendant and another vehicle or person that resulted in a personal injury.

34.

Produce a copy of all audits or compliance reviews conducted by or for this Defendant or any governmental agency relating to its motor vehicle operations, hiring, monitoring or screening of drivers, or this Defendant's compliance with the Federal and State Motor Carrier regulations.

35.

Produce an organizational chart for this Defendant from the time of the wreck to the present.

36.

Produce the personnel file of the person directly responsible for supervising Defendant Newcomb.

37.

Produce all documents and materials that were either identified or relied upon in your responses to Plaintiff's First Interrogatories.

-9-

38.

Produce a copy of all driver's license and other certificates or permits held by Defendant Newcomb that related to his qualifications to drive for this Defendant.

39.

Produce copies of any and all evidence in your possession to include documents, medical condition, photographs, sound or video recordings, or any documentation by any other name that concerns Plaintiff's physical or medical conditions.

40.

Produce a copy of all safety policies that relate to any of Defendant Newcomb's job activities he performs or did perform for this Defendant including any policies addressing cell phone use while driving.

41.

Produce a copy of all documents exchanged between this Defendant and any of the other person concerning the subject load.

42.

Produce a copy of all documents exchanged between this Defendant and any of the other Defendants in this case at any time.

37.

Produce a copy of itemized phone statements, whether landline or cellular, of phones being used by you or in furtherance of Your business on the day of the subject incident, for the day of the subject incident.

This 11th day of November, 2015.

Respectfully submitted,
COOK LAW GROUP, LLC

Matthew E. Cook
Georgia Bar No. 184399
Kate S. Cook
Georgia Bar No. 280584
COOK LAW GROUP, LLC
P.O.  Box 2415
Gainesville, Georgia 30503
Telephone: (678) 928-3899
Facsimile: (888) 612-0589
matt@cook-lawgroup.com
kate@cook-lawgroup.com

Chris Adams
Kenneth S. Nugent, P.C.
1355 Peachtree Street, NE
Suite 1000
Atlanta GA 30309
cadams@attorneykennugent.com

Jan P. Cohen
Georgia Bar No. 174337
4227 Pleasant Hill Road
Building 11, Suite 300
Duluth, GA 30096
Email:
jcohen@attorneykennugent.com

**Attorneys for Plaintiff**

IN THE SUPERIOR COURT CARROLL COUNTY
STATE OF GEORGIA

RITA MEEKS, individually and as Administratrix )
of the Estate of ALAN HEMBREE,               )
                                             )
     Plaintiff,                              )
                                             )        CIVIL ACTION FILE
vs.                                          )        NO. 15CV01044
                                             )
EULUS HOLBERT KEOWN, JR.,                     )
ROBERT LYNN NEWCOMB, CELADON                 )
TRUCKING SERVICES, INC., and WABASH          )
NATIONAL CORPORATION,                        )
                                             )
Defendants.                                  )

## CERTIFICATE OF SERVICE

The undersigned, attorney for Plaintiff in the above-styled case, hereby certifies that this day all parties have been served with a copy of the within and foregoing by STATUTORY ELECTRONIC SERVICE and/or United States Mail with proper postage affixed thereto and addressed as follows:

R. Christopher Harrison
Downey & Cleveland, LLP
harrison@downeycleveland.com
***Attorney for Defendant Keown***

John D. Dixon
Dennis, Corry, Porter & Smith, LLP
3535 Piedmont Road, NE
14 Piedmont Center, Suite 900
Atlanta, GA 30305
***Attorney for Defendants Newcomb & Celadon Trucking Services, Inc.***

Fred Valz, III
William Underwood
Carlock, Copeland & Stair, LLP
P.O. Box 56887
Atlanta, GA 30303
***Attorneys for GEICO Indemnity Company***

Dated this 11th day of November, 2015.

Kate S. Cook

-12-

IN THE SUPERIOR COURT CARROLL COUNTY

STATE OF GEORGIA

| | | |
|---|---|---|
| RITA MEEKS, individually and as Administratrix of the Estate of ALAN HEMBREE, | ) ) ) | |
| Plaintiff, | ) ) | CIVIL ACTION FILE |
| vs. | ) ) | NO. 15CV01044 |
| EULUS HOLBERT KEOWN, JR., ROBERT LYNN NEWCOMB, CELADON TRUCKING SERVICES, INC., and WABASH NATIONAL CORPORATION, | ) ) ) ) ) | |
| Defendants. | ) ) | |

### PLAINTIFF'S FIRST CONTINUING INTERROGATORIES
### TO DEFENDANT ROBERT LYNN NEWCOMB

COMES NOW the Plaintiff in the above-styled action and serves these Interrogatories upon the above-named Defendant as an opposite party and request that they be fully answered in writing and under oath within thirty (30) days of the date of service. These interrogatories are served pursuant to the Georgia Civil Practice Act and more specifically to the provisions of O.C.G.A. §§9-11-26 and 9-11-33. These interrogatories shall be deemed continuing and you are required to supplement or amend any prior response if the person or entity to whom these interrogatories are addressed ascertains any change, different or added fact, condition or circumstances or that there be any other witness(es) or evidence. Each interrogatory is addressed to the personal knowledge of the Defendant, as well as to the knowledge and information of Defendant's attorneys, investigators, agents, employees, and other representatives. If Defendant is unable to answer a question completely, the question should be answered as fully as possible. When a question is directed to Defendant, the question is also directed to each of the aforementioned persons.

-1-

You are requested not to respond to Interrogatories by referring to the responses to other Interrogatories or by adoption, since some of the Interrogatories may be introduced into evidence and should be, for this purpose, complete in themselves.

## DEFINITIONS

As used herein, the terms listed below are defined as follows:

1.     "**Document**" means every writing, printing, record, graphic, photographic or sound reproduction of every type and description that has been in your possession, control or custody or of which you have knowledge, including but not limited to, correspondence, reports, meeting minutes, memoranda, stenographic or handwritten notes, diaries, notebooks, account books, orders, invoices, statements, bills, checks, vouchers, purchase orders, studies, surveys, charts, maps, analyses, publications, books, pamphlets, periodicals, catalogues, brochures, schedules, circulars, bulletins, notices, instructions, manuals, journals, e-mails, data sheets, work sheets, statistical compilations, data processing cards, microfilms, computer records (including printouts, disks or other magnetic storage media), tapes, photographs (positive or negative prints), drawings, films, videotapes, pictures, and voice recordings.  Plaintiff expressly intends for the term "Document" to include every copy of such writing, etc. when such copy contains any commentary or notation whatsoever that does not appear on the original and any attachments or exhibits to the requested document or any other documents referred to in the requested document or incorporated by reference.

2.     "**Person**" means any natural person, corporation, partnership, proprietorship, association, organization or group of persons.

3.     "**Occurrence**" refers to the collision made the basis of the Complaint.

4.     (a)     "**Identify**" with respect to any "**person**" or any reference to stating the "**identity**" of any "**person**" means to provide the name, home address, telephone number, business

-2-

name, business address, and business telephone number of such person, and a description of each

such person's connection with the events in question.

(b)      "**Identify**" with respect to any "**document**" or any reference to stating the

"**identification**" of any "**document**" means to provide the title and date of each such document,

the name and address of the party or parties responsible for the preparation of each such document,

the name and address of the party who requested or required the preparation of the document or

on whose behalf it was prepared, the name and address of the recipient or recipients of each such

document, and the names and addresses of any and all persons who have custody or control of

each such document, or copies thereof.

## INTERROGATORIES

1.

Please identify all adult relatives by blood or marriage residing within the jurisdiction of

this Court, by stating their name, relationship to you or your spouse, address, and place of

employment.

2.

Please state your name, address, social security number, driver's license number, telephone

number, and date of birth.  Also, please provide all of your previous residence addresses for the

past five years, including the street address, city, state, and zip code.

3.

Please list all places of employment for the past ten (10) years to include:  Name of

employer; Supervisor; Address; Telephone number; Job description; Wage and salary; Reason for

termination.  Said list should include employment through the present date.

4.

Identify all persons who have investigated the subject collision or discussed the subject collision with you on behalf of yourself or Defendant Celadon Trucking Services, Inc. or its agents, representatives, attorneys, or insurers.

5.

As to any policy of liability insurance which would or might inure to the benefit of Plaintiff by providing for payment of a part of or all of any judgment rendered in favor of Plaintiff against any Defendant, state the name and address of the insurer of each such policy, the name and address of each insured on each such policy, the policy number of each such policy, and the limits of liability in such policy as same might apply to Plaintiff by reason of any one incident and the total limits of liability to all persons by reason of any one incident.   State also whether the policy is drawn down or reduced as a result of the expenses of litigation.

6.

Please state whether you negligently caused the subject occurrence.  If your answer is in any way in the negative, please explain.

7.

Please identify every person who has any information about how or why the collision complained of in this case occurred, about who was at fault or in any way responsible for causing this wreck, and about any other information pertaining to the issues of liability, causation and/or damages in this case.  Please include a brief description of the nature of such person's knowledge. (For example:  eyewitness, investigating police officer, medical personnel, etc.)

8.

Please state whether any of the above witnesses gave any statement(s) or account(s), either orally, in writing, or recorded in any way, of his or her knowledge of any information relevant in

this lawsuit.  If so, identify any witness(es) giving such statement(s) and provide an explanation of the type statement(s) given (oral, written, recorded, etc.).  Also, identify the taker and present custodian of such statement(s).

9.

Please identify all persons (whether medical providers, lay persons, or anyone else) who have any relevant information relative to Alan Hembree's health condition prior to or subsequent to the collision in this case, information relative to Plaintiff's physical and mental suffering as a result of this collision, or any information relative to the issue of damages in this litigation.

10.

Please explain the nature of your employment relationship with Defendant Celadon Trucking Services, Inc. to include the following:  your job duties; the date the employment relationship began; your mode of compensation; whether the employment relationship has been terminated; the date of such termination; the identity of the person who terminated you; the reason(s) given for such termination.  If you are still employed with Defendant Celadon Trucking Services, Inc., describe your job duties following this wreck including the date you returned to work and whether you continued to drive vehicles for that Defendant.

11.

Please identify the following individuals as of the date of the occurrence and at present (if applicable):  your immediate supervisor; all persons who interviewed and hired you; all persons who trained you; the person who disciplined, reprimanded, or terminated you (if applicable), and all persons you spoke with on the day of the subject wreck, and the person who assigned you your work on the day of the wreck.

12.

-5-

Please describe Defendant Celadon Trucking Services, Inc.'s policies, procedures, rules, regulations, guidelines, protocols, and/or directives pertaining to drivers and/or driving for such Defendants as related to you by those Defendants before the subject occurrence, as they relate to the following:

    (a)     Safety precautions and operating procedures;

    (b)     Training and instruction, testing, as well as on the job training; and

    (c)     Job screening and/or hiring decisions.

13.

Please state whether, to your knowledge, information, and/or belief, Defendant Celadon Trucking Services, Inc. or its agents, attorneys, or insurers, on their own or through any other person, obtained or obtain information, from any private source or governmental agency, about the driving history, driving violations, criminal violations, motor vehicle record, or other driving qualifications of the persons Defendant Celadon Trucking Services, Inc.. allows to drive its vehicles. If so, please state, by job title, to which employees this inquiry applies, from whom this information is obtained (including, but not limited to any governmental agency or entity), and exactly what information is obtained or, as a matter of policy, sought to be obtained. Also, please state whether you were ever apprised or ever became aware of any such inquiry concerning yourself.

14.

Please identify any and all investigators, mechanics, adjusters, claims representatives, or experts who have investigated this collision, examined any of the vehicles involved, or who has in any way investigated the claims made in this lawsuit on behalf of you, your attorneys, or your insurers.

15.

Please identify any person that you expect to call as an expert witness, whether live, by affidavit, or by deposition, in connection with any trial, hearing, or motion, as well as any other evidentiary hearing in this action, and, separately for each expert:

(a)     Identify the subject matter of which the person is expected to testify;

(b)     Identify the substance of the facts and opinions as to which he or she is expected to testify;

(c)     Summarize the grounds for such opinions; and

(d)     Identify all documents and professional references upon which such person may base his or her testimony and opinions.

16.

Please list each act of negligence, contributory negligence, or comparative negligence you contend Plaintiff or any other person did or failed to do which in any way contributed to causing the subject occurrence and/or any of Plaintiff's damages.  Please supply any statutory authority in support of these contentions, and identify any evidence in support of these contentions.

17.

With respect to each criminal charge or judicial hearing concerning the collision, please state what charges were made as to each such person charged, and the plea(s) made or entered by each of the persons charged, as well as the disposition of the charges against each person.

18.

Please state whether you have ever been involved in another motor vehicle collision wherein you were the driver of a vehicle involved in such collision.  If so, please state the date or approximate date of such collision, whether you were on personal business or in the course of your employment at the time of said collision (and list the employer if you were in the course of your

employment), state whether anyone was injured or killed, and give a brief description of how the collision occurred to include stating whether you believe the collision was your fault or someone else's fault.

19.

Please state whether you, your attorneys, investigators, or other representatives know of any photographs, still or motion pictures, plans, drawings, blueprints, sketches, diagrams, computer simulations, recordings or any other type demonstrative evidence concerning the subject occurrence, the site of the subject occurrence, the vehicles involved, or which in any way illustrate any facts relevant to the occurrence.  As to each item, please state the following:

(a)     The nature of such item;

(b)     How many of such items exist (for example, 15 photographs);

(c)     The name, address, and employer of the person making or supplying such item; and

(d)     The identity of the person who presently possesses such item.

20.

Please state whether or not an incident report was made by you or any of your representatives in connection with the subject occurrence, and if so, the place where such report is located.  Also, please state whether, to your knowledge, information, and/or belief, an incident report was prepared by or on behalf of Defendant Celadon Trucking Services, Inc.

21.

Please state in detail how you contend the subject occurrence took place and the order in which the events took place, to include the purpose of the trip, your destination, and from where you left.  Please include in this response a listing of each person, force of nature, act of God, and/or circumstance you believe to have caused or contributed to causing the subject occurrence and/or any of Plaintiff's damages.

-8-

22.

State whether or not you have ever been convicted, pled guilty to, pled nolo contendere to, or forfeited bond concerning any traffic violation, moving violation, or charge for violation of the traffic laws or rules of the road of any state within the last ten (10) years.  If so, please state the approximate date of such incident, the court in which you were charged or prosecuted, the nature of such charge or conviction, and the approximate date, city, county, and state thereof.

23.

Please state whether you suffer currently or did suffer at the time of the collision from any physical or mental impairment, or disease, including vision impairment or epilepsy or arthritis, and if so, state the name and address of any and all physicians, chiropractors, or practitioners of the healing arts who have treated you in the past five (5) years.

24.

State whether you suffered from any vision or hearing problems at the time of the wreck. If so, please explain in detail the nature of such problems, and identify all medical professionals you have seen regarding such problems and any medications that you have taken to treat such problems.

25.

Please state whether you had consumed any alcohol, drugs, or medication of any kind within the twenty-four (24) hours prior to or after said collision.  If so, please state the type of such substance consumed, the amount consumed, and give the approximate time and place where same was consumed.

26.

Please state whether you have ever pled guilty to, pled nolo contendere to, or been convicted of any crime other than traffic violations, including any DUIs, and if so, please state the

date and nature of the offense, the county and state in which you were tried or entered a plea, and the sentence given you.

27.

Please state whether your driver's license contains any restrictions now, or at the time of the collision, or whether your driver's license has ever been suspended for any reason.  If your answer to this interrogatory is in the affirmative, please state the nature of such restriction or the reason(s) for such suspension.

28.

State whether you have previously been involved in a lawsuit.  If so, identify each action by stating when, where, the nature of the action, the disposition of the case, and the name of the attorney who represented you.

29.

Please identify all persons who are supplying information to respond to these Interrogatories and to Plaintiff's Requests for Production of Documents.

30.

Please detail the factual and legal basis for each defense pled in this Defendant's answer.

31.

List all permits, driver's licenses, and certificates that you have ever held that pertain to your right or qualification to drive vehicles, including driving vehicles that carry hazardous materials and state for each such permit, license or certificate the issuing State and authority, the dates such items were issued and expired and whether any such items have ever been revoked, suspended, cancelled or allowed to lapse.

32.

State whether there were any other Celadon Trucking Services, Inc. vehicles, employees or representatives in the area of this wreck at the time of the wreck. If so, state whether you were aware of such trucks and whether you were in communication with the drivers of such truck(s).

33.

Please provide the numbers to any cell phones that you have or had at the time of the subject collision. Please provide the names of the providers for each of the cell phones, and state whether you had used this cell phone at any time within the hour before or after the subject collision.

34.

If you contend that service of process or insufficiency of service of process is a defense in this case, please provide a detailed description of the factual basis for such defenses.

35.

Please state whether you contend that any other person or entity is responsible for the subject collision other than the named defendants. If so, please explain the factual basis for your contention(s) that the other person(s) or entity(-ies) are responsible for the subject collision.

36.

Please describe in detail the accident reporting and investigation policy in place of business at your employer, Celadon Trucking Services, Inc. at the time of this wreck.

37.

Describe in detail all steps you took in reporting and documenting the subject wreck and include every person (other than your attorneys) that you spoke with, what you told them and when you spoke with them following the subject wreck.

38.

Please describe everything you did in the 48 hours preceding the wreck, including how much time you spent driving, sleeping, or otherwise working.

39.

State whether or not you were using a cell phone at the time of the subject collision.

40.

Identify every physician and other health care provider you have seen in the last 5 years. Include their name, address and phone number and brief description of what they treated you for.

41.

Please identify all persons who were in the tractor with you at the time of the subject wreck. For each such person identified, state what relationship they were to you at the time of the wreck, and why they were in the vehicle with you, i.e. co-employee, relative, etc.

This 11th day of November, 2015.

COOK LAW GROUP, LLC

Matthew E. Cook
Georgia Bar No. 184399
Kate S. Cook
Georgia Bar No. 280584
COOK LAW GROUP, LLC
P.O. Box 2415
Gainesville, Georgia 30503
Telephone: (678) 928-3899
Facsimile: (888) 612-0589
matt@cook-lawgroup.com
kate@cook-lawgroup.com

Chris Adams
Kenneth S. Nugent, P.C.
1355 Peachtree Street, NE
Suite 1000
Atlanta GA 30309
cadams@attorneykennugent.com

-12-

Jan P. Cohen
Georgia Bar No. 174337
4227 Pleasant Hill Road
Building 11, Suite 300
Duluth, GA 30096
Email:
jcohen@attorneykennugent.com

**Attorneys for Plaintiff**

IN THE SUPERIOR COURT CARROLL COUNTY
STATE OF GEORGIA

| | |
|---|---|
| RITA MEEKS, individually and as Administratrix of the Estate of ALAN HEMBREE,   ) | |
|   ) | |
| Plaintiff,   ) | CIVIL ACTION FILE |
|   ) | NO. 15CV01044 |
| vs.   ) | |
|   ) | |
| EULUS HOLBERT KEOWN, JR., ROBERT LYNN NEWCOMB, CELADON TRUCKING SERVICES, INC., and WABASH NATIONAL CORPORATION,   ) | |
| Defendants.   ) | |

## CERTIFICATE OF SERVICE

The undersigned, attorney for Plaintiff in the above-styled case, hereby certifies that this day all parties have been served with a copy of the within and foregoing by STATUTORY ELECTRONIC SERVICE and/or United States Mail with proper postage affixed thereto and addressed as follows:

R. Christopher Harrison
Downey & Cleveland, LLP
harrison@downeycleveland.com
*Attorney for Defendant Keown*

John D. Dixon
Dennis, Corry, Porter & Smith, LLP
3535 Piedmont Road, NE
14 Piedmont Center, Suite 900
Atlanta, GA 30305
***Attorney for Defendants Newcomb & Celadon Trucking Services, Inc.***

Fred Valz, III
William Underwood
Carlock, Copeland & Stair, LLP
P.O. Box 56887
Atlanta, GA 30303
***Attorneys for GEICO Indemnity Company***

Dated this 11th day of November, 2015.

Kate S. Cook

-14-

IN THE SUPERIOR COURT CARROLL COUNTY

STATE OF GEORGIA

RITA MEEKS, individually and as Administratrix   )
of the Estate of ALAN HEMBREE,                   )
                                                 )
    Plaintiff,                                   )
                                                 )      CIVIL ACTION FILE
vs.                                              )      NO. 15CV01044
                                                 )
EULUS HOLBERT KEOWN, JR.,                        )
ROBERT LYNN NEWCOMB, CELADON                     )
TRUCKING SERVICES, INC., and WABASH              )
NATIONAL CORPORATION,                            )
                                                 )
Defendants.                                      )

**PLAINTIFF'S FIRST REQUESTS FOR ADMISSION OF FACTS
TO DEFENDANT ROBERT LYNN NEWCOMB**

COMES NOW Plaintiff and serves these Requests for Admission upon the named Defendant and requests that they be fully admitted in writing and under oath within thirty (30) days of the date of service. These Requests for Admission are served pursuant to the Georgia Civil Practice Act and are served pursuant to O.C.G.A. § 9-11-26 and 9-11-36.

EACH MATTER OF WHICH AN ADMISSION IS REQUIRED SHALL BE DEEMED ADMITTED UNLESS, WITHIN THE TIME ALLOWED BY LAW AFTER SERVICE OF THESE REQUESTS, YOU SERVE PLAINTIFF WITH A WRITTEN ANSWER OR OBJECTION TO SUCH MATTER.

You are cautioned that should you fail to admit the genuineness of any document, or the truth of any matter requested herein pursuant to the Georgia Civil Practice Act, and should Plaintiff thereafter prove the genuineness of such document or truth of such matter, Plaintiff will apply to the Court for an order requiring you to pay Plaintiff the reasonable expenses incurred by Plaintiff

in making that proof, including reasonable attorney fees.  The Court must make such order unless it finds that the Request was objectionable pursuant to the Georgia Civil Practice Act, or that the admission sought was of no substantial importance, or that you had reasonable grounds to believe that you might prevail on the matter, or that there was some other good reason for failure to admit the matter.

The matters requested admitted are the following:

1.

Admit that this Defendant has been properly served with process in this action.

2.

Admit that this Defendant raises no defenses as to insufficiency of process in this action.

3.

Admit that no person or entity, other than the parties to this action, is responsible for the subject collision.

4.

Admit that you were an employee of Defendant Celadon Trucking Services, Inc. at the time of this wreck.

5.

Admit that you were acting in the course and scope of your employment for Defendant Celadon Trucking Services, Inc. at the time of this wreck.

6.

Admit that you negligently caused this wreck.

7.

Admit liability.

This 11ᵗʰ day of November, 2015.

Respectfully submitted,
COOK LAW GROUP, LLC

Matthew E. Cook
Georgia Bar No. 184399
Kate S. Cook
Georgia Bar No. 280584
COOK LAW GROUP, LLC
P.O. Box 2415
Gainesville, Georgia 30503
Telephone: (678) 928-3899
Facsimile: (888) 612-0589
matt@cook-lawgroup.com
kate@cook-lawgroup.com

Chris Adams
Kenneth S. Nugent, P.C.
1355 Peachtree Street, NE
Suite 1000
Atlanta GA 30309
cadams@attorneykennugent.com

Jan P. Cohen
Georgia Bar No. 174337
4227 Pleasant Hill Road
Building 11, Suite 300
Duluth, GA 30096
Email:
jcohen@attorneykennugent.com

**Attorneys for Plaintiff**

IN THE SUPERIOR COURT CARROLL COUNTY
STATE OF GEORGIA

RITA MEEKS, individually and as Administratrix )
of the Estate of ALAN HEMBREE,                 )
                                               )
    Plaintiff,                                 )
                                               )        CIVIL ACTION FILE
vs.                                            )        NO. 15CV01044
                                               )
EULUS HOLBERT KEOWN, JR.,                      )
ROBERT LYNN NEWCOMB, CELADON                   )
TRUCKING SERVICES, INC., and WABASH            )
NATIONAL CORPORATION,                          )
                                               )
Defendants.                                    )

## CERTIFICATE OF SERVICE

The undersigned, attorney for Plaintiff in the above-styled case, hereby certifies that this day all parties have been served with a copy of the within and foregoing by STATUTORY ELECTRONIC SERVICE and/or United States Mail with proper postage affixed thereto and addressed as follows:

R. Christopher Harrison
Downey & Cleveland, LLP
harrison@downeycleveland.com
*Attorney for Defendant Keown*

John D. Dixon
Dennis, Corry, Porter & Smith, LLP
3535 Piedmont Road, NE
14 Piedmont Center, Suite 900
Atlanta, GA 30305
*Attorney for Defendants Newcomb & Celadon Trucking Services, Inc.*

Fred Valz, III
William Underwood
Carlock, Copeland & Stair, LLP
P.O. Box 56887
Atlanta, GA 30303
*Attorneys for GEICO Indemnity Company*

Dated this 11th day of November, 2015.

Kate S. Cook

IN THE SUPERIOR COURT CARROLL COUNTY

STATE OF GEORGIA

| | | |
|---|---|---|
| RITA MEEKS, individually and as Administratrix of the Estate of ALAN HEMBREE, | ) ) ) | |
|    Plaintiff, | ) ) | |
| vs. | ) ) ) | CIVIL ACTION FILE NO. 15CV01044 |
| EULUS HOLBERT KEOWN, JR., ROBERT LYNN NEWCOMB, CELADON TRUCKING SERVICES, INC., and WABASH NATIONAL CORPORATION, | ) ) ) ) ) | |
| Defendants. | ) ) | |

**PLAINTIFF'S FIRST REQUEST FOR PRODUCTION**
**OF DOCUMENTS TO DEFENDANT ROBERT LYNN NEWCOMB**

COMES NOW the Plaintiff and serves these Requests for Production upon the named Defendant and request that they be fully answered in writing and under oath within thirty (30) days of the date of service. Each Request is addressed to the personal knowledge of the Defendant, as well as to the knowledge and information of Defendant's attorneys, investigators, agents, employees, and other representatives. If Defendant is unable to comply with a Request completely, the Request should be produced as fully as possible. When a Request is directed to Defendant, the Request is also directed to the aforementioned persons. These Requests shall be deemed continuing, and you are under a duty to seasonably supplement or amend a prior response.

If no such information exists to comply with a particular Request, please state that fact. Failure to state that fact will, when that fact is proven, result in an abusive litigation claim.

These Requests are made for production of the documents by mail to Cook Law Group, LLC, P.O. Box 2415, Gainesville, GA 30503. If documents are voluminous, please contact Plaintiff's counsel to arrange an alternative production.

## DEFINITIONS

As used herein, the terms listed below are defined as follows:

1.      "**Document**" means every writing, printing, record, graphic, photographic or sound reproduction of every type and description that has been in your possession, control or custody or of which you have knowledge, including but not limited to, correspondence, reports, meeting minutes, memoranda, stenographic or handwritten notes, diaries, notebooks, account books, orders, invoices, statements, bills, checks, vouchers, purchase orders, studies, surveys, charts, maps, analyses, publications, books, pamphlets, periodicals, catalogues, brochures, schedules, circulars, bulletins, notices, instructions, manuals, journals, e-mails, data sheets, work sheets, statistical compilations, data processing cards, microfilms, computer records (including printouts, disks or other magnetic storage media), tapes, photographs (positive or negative prints), drawings, films, videotapes, pictures, and voice recordings.   Plaintiff expressly intends for the term "Document" to include every copy of such writing, etc. when such copy contains any commentary or notation whatsoever that does not appear on the original and any attachments or exhibits to the requested document or any other documents referred to in the requested document or incorporated by reference.

2.      "**Person**" means any natural person, corporation, partnership, proprietorship, association, organization or group of persons.

3.      "**Occurrence**" refers to the collision made the basis of the Complaint.

## REQUESTS FOR PRODUCTION

The documents to be produced are the following:

1.

Please produce copies of all witness statements made, given or obtained from any person, about any information relevant to any issue in this lawsuit, or the subject collision, including but not limited to the issues of liability, causation or damages.

2.

Please produce copies of any photographs, still or motion pictures, videos, plans, drawings, blue prints, sketches, diagrams, computer simulations, or any other photographic or demonstrative evidence concerning the subject collision and concerning any of the issues relevant in this lawsuit, to include but not be limited to the issues of liability and/or damages.

3.

Please produce a copy of any incident report prepared by you, on your behalf, or by or on behalf of Defendant Celadon Trucking Services, Inc., concerning the subject collision and any claim or potential claim arising out of said collision.

4.

Please produce a complete copy of all policies of insurance (to include the Declarations pages) which do or may afford liability insurance coverage to this Defendant with respect to Plaintiff's claims against this Defendant.  This Request includes primary insurance coverage, excess insurance coverage, umbrella insurance coverage, personal insurance coverage, business insurance coverage, or any other type of liability insurance coverage.

5.

Please produce copies of all reports received from any experts who have investigated any issue relevant to the subject collision.  Also, produce all materials relied upon by each expert in formulating his or her opinions and conclusions.

6.

Please produce a copy of your paycheck, paycheck stub, time card, or any documentation of time worked for the time period during which this collision occurred.  This request includes copies of any materials which reflect any expense (such as mileage, gas, etc.) reimbursed.

7.

Please produce a copy of any and all drivers' licenses or other certificates or permits in your possession at the time of the collision in question and at present that pertain to your right to drive any vehicle.

8.

Please produce a complete copy of your driving history for the past seven years.

9.

Please produce a copy of your driver's logs for the fourteen days prior to the subject collision, the date of said collision, and the seven days subsequent to said collision.

10.

Please produce a copy of any and all instructions manuals, rules, regulations, any driver/employee handbook, and any other written materials given to you by any person or entity in connection with your employment for Defendant Celadon Trucking Services, Inc.

11.

Please produce copies of all policies, manuals or documents that relate to the qualifications to drive for Defendants Celadon Trucking Services, Inc.

12.

Please produce a complete copy of your driver qualification file and your personnel file with Defendants Celadon Trucking Services, Inc.

13.

Please produce a copy of all claims forms, accident reports, incident reports, or other documentation by any other name evidencing any other collisions, wrecks, incidents, or moving violations, with which you were charged under the laws or rules of the road of any state.

14.

Please produce copies of any and all trip sheets, bills of lading, shipping documents, or any and all other documents of any kind or by any other name which reflect information concerning the trip made by you at the time the subject collision occurred to include documents relevant to said trip from the time the trip originated until the time the trip was to end.

15.

Please produce a copy of any documentation of any kind received from Defendant Celadon Trucking Services, Inc. or any other person, corporation, or insurer relative to your performance as an employee or driver, to include criticisms, reprimands, infractions, discharges, firings, or other commentary concerning your work as a professional driver during the time you were so employed and to include, but not be limited to, the date of the collision that is the subject matter of the Complaint.

16.

Please produce any report or statement written or recorded that was given by you to the police, your employer, any insurer, or any other person concerning the subject collision.

17.

Please produce copies of any and all photographs, documents, or demonstrative evidence that you intend to use in the defense of this case at trial.

18.

Please produce copies of any and all evidence in your possession to include documents, medical condition, photographs, sound or video recordings, or any documentation by any other name, that concerns Alan Hembree's physical or medical condition, injuries, or any damages that have not been supplied to you by Plaintiffs' counsel.

19.

Please produce all writings or recordings made by you, or any other drivers or personnel for Defendants Celadon Trucking Services, Inc. which relate to the subject collision or your words or actions on the day of the subject collision.

20.

Please produce copies of any data and reports that have been downloaded or generated from data recorded by the vehicle engine and/or vehicle control modules, the "black box," GPS or Qualcom devices or other trip recording devices that pertain to the vehicle you were driving at the time of the wreck.

21.

Please produce copies of any and all medical records generated in the last 5 years that pertain to you.

22.

Produce a copy of the detail cell phone and texting records that pertain to any phone you had access to at the time of the subject wreck, for the day of the subject wreck.

23.

Produce all documents and materials that were either identified or relied upon in your responses to Plaintiff's First Interrogatories.

24.

Produce a copy of all drug and alcohol test results that pertain to any drug or alcohol testing performed on you at any time in the 5 years prior to the wreck to the present.

25.

If you were terminated or disciplined in any way as a result of this wreck or the events surrounding this event by any person or entity, produce a copy of all documents related to such discipline.

This 11th day of November, 2015.

Respectfully submitted,
COOK LAW GROUP, LLC

Matthew E. Cook
Georgia Bar No. 184399
Kate S. Cook
Georgia Bar No. 280584
COOK LAW GROUP, LLC
P.O. Box 2415
Gainesville, Georgia 30503
Telephone: (678) 928-3899
Facsimile: (888) 612-0589
matt@cook-lawgroup.com
kate@cook-lawgroup.com

Chris Adams
Kenneth S. Nugent, P.C.

1355 Peachtree Street, NE
Suite 1000
Atlanta GA 30309
cadams@attorneykennugent.com

Jan P. Cohen
Georgia Bar No. 174337
4227 Pleasant Hill Road
Building 11, Suite 300
Duluth, GA 30096
Email:
jcohen@attorneykennugent.com

**Attorneys for Plaintiff**

IN THE SUPERIOR COURT CARROLL COUNTY
STATE OF GEORGIA

RITA MEEKS, individually and as Administratrix )
of the Estate of ALAN HEMBREE,                )
                                              )
      Plaintiff,                              )
                                              )       CIVIL ACTION FILE
vs.                                           )       NO. 15CV01044
                                              )
EULUS HOLBERT KEOWN, JR.,                     )
ROBERT LYNN NEWCOMB, CELADON                  )
TRUCKING SERVICES, INC., and WABASH           )
NATIONAL CORPORATION,                         )
                                              )
Defendants.                                   )

## CERTIFICATE OF SERVICE

The undersigned, attorney for Plaintiff in the above-styled case, hereby certifies that this day all parties have been served with a copy of the within and foregoing by STATUTORY ELECTRONIC SERVICE and/or United States Mail with proper postage affixed thereto and addressed as follows:

R. Christopher Harrison
Downey & Cleveland, LLP
harrison@downeycleveland.com
*Attorney for Defendant Keown*


John D. Dixon
Dennis, Corry, Porter & Smith, LLP
3535 Piedmont Road, NE
14 Piedmont Center, Suite 900
Atlanta, GA 30305
*Attorney for Defendants Newcomb & Celadon Trucking Services, Inc.*


Fred Valz, III
William Underwood
Carlock, Copeland & Stair, LLP
P.O. Box 56887
Atlanta, GA 30303
*Attorneys for GEICO Indemnity Company*


Dated this 11th day of November, 2015.

Kate S. Cook

IN THE SUPERIOR COURT CARROLL COUNTY
STATE OF GEORGIA

RITA MEEKS, individually and as Administratrix )
of the Estate of ALAN HEMBREE,                  )
                                                )
    Plaintiff,                 )
                                                )       CIVIL ACTION FILE
vs.                                             )       NO. 15CV01044
                                                )
EULUS HOLBERT KEOWN, JR.,                        )
ROBERT LYNN NEWCOMB, CELADON                     )
TRUCKING SERVICES, INC., and WABASH             )
NATIONAL CORPORATION,                            )
                                                )
Defendants.                                     )

**PLAINTIFF'S SECOND CONTINUING INTERROGATORIES
TO DEFENDANT CELADON TRUCKING SERVICES, INC.**

COMES NOW the Plaintiff in the above-styled action and serves these Interrogatories upon the above-named Defendant as an opposite party and request that they be fully answered in writing and under oath within thirty (30) days of the date of service.  These interrogatories are served pursuant to the Georgia Civil Practice Act and more specifically to the provisions of O.C.G.A. §§ 9-11-26 and 9-11-33.  These interrogatories shall be deemed continuing and you are required to supplement or amend any prior response if the person or entity to whom these interrogatories are addressed ascertains any change, different or added fact, condition or circumstances, or that there be any other witness(es) or evidence.  Each interrogatory is addressed to the personal knowledge of the Defendant, as well as to the knowledge and information of Defendant's attorneys, investigators, agents, employees, and other representatives.  If Defendant is unable to answer a question completely, the question should be answered as fully as possible.  When a question is directed to Defendant, the question is also directed to each of the aforementioned persons.

You are requested not to respond to Interrogatories by referring to the responses to other Interrogatories or by adoption, since some of the Interrogatories may be introduced into evidence and should be, for this purpose, complete in themselves.

### DEFINITIONS

As used herein, the terms listed below are defined as follows:

1.      **"Document"** means every writing, printing, record, graphic, photographic or sound reproduction of every type and description that has been in your possession, control or custody or of which you have knowledge, including but not limited to, correspondence, reports, meeting minutes, memoranda, stenographic or handwritten notes, diaries, notebooks, account books, orders, invoices, statements, bills, checks, vouchers, purchase orders, studies, surveys, charts, maps, analyses, publications, books, pamphlets, periodicals, catalogues, brochures, schedules, circulars, bulletins, notices, instructions, manuals, journals, e-mails, data sheets, work sheets, statistical compilations, data processing cards, microfilms, computer records (including printouts, disks or other magnetic storage media), tapes, photographs (positive or negative prints), drawings, films, videotapes, pictures, and voice recordings.   Plaintiff expressly intends for the term "Document" to include every copy of such writing, etc. when such copy contains any commentary or notation whatsoever that does not appear on the original and any attachments or exhibits to the requested document or any other documents referred to in the requested document or incorporated by reference.

2.      **"Person"** means any natural person, corporation, partnership, proprietorship, association, organization, or group of persons.

3.      **"Occurrence"** refers to the collision made the basis of the Complaint.

4.    (a)    "Identify" with respect to any "person" or any reference to stating the "identity" of any "person" means to provide the name, home address, telephone number, business name, business address, and business telephone number of such person, and a description of each such person's connection with the events in question.

(b)    "Identify" with respect to any "document" or any reference to stating the "identification" of any "document" means to provide the title and date of each such document, the name and address of the party or parties responsible for the preparation of each such document, the name and address of the party who requested or required the preparation of the document or on whose behalf it was prepared, the name and address of the recipient or recipients of each such document, and the names and addresses of any and all persons who have custody or control of each such document, or copies thereof.

## INTERROGATORIES

### 1.

List and describe all work, maintenance and/or changes that were made at any time to the underride protection system on the subject trailer prior to the subject collision.  For all such work, changes or maintenance, identify the person or entity performing such work, changes or maintenance and the dates and purpose of such work, changes or maintenance.

### 2.

Was the underride protection system on the subject trailer in the same condition at the time of the subject collision as it was when the trailer was first purchased by Celadon?  If not, describe how and why the system was different than when first purchased.

This 5th day of May, 2016.

Matthew E. Cook
Georgia Bar No. 184399
Kate S. Cook
Georgia Bar No. 280584
COOK LAW GROUP, LLC
P.O. Box 2415
Gainesville, Georgia 30503
Telephone: (678) 928-3899
Facsimile: (888) 612-0589
matt@cook-lawgroup.com
kate@cook-lawgroup.com

Chris Adams
Kenneth S. Nugent, P.C.
1355 Peachtree Street, NE
Suite 1000
Atlanta GA 30309
cadams@attorneykennugent.com

Jan P. Cohen
Georgia Bar No. 174337
4227 Pleasant Hill Road
Building 11, Suite 300
Duluth, GA 30096
Email: jcohen@attorneykennugent.com

Jonathan Lee Greer
Greer Tisinger, LLC
210 South Street
Carrollton, GA 30117
770-836-8327 - Phone
770-838-9756 - Fax
jon@greertisingerlaw.com

**Attorneys for Plaintiff**

IN THE SUPERIOR COURT CARROLL COUNTY
STATE OF GEORGIA

RITA MEEKS, individually and as Administratrix )
of the Estate of ALAN HEMBREE,                      )
                                                             )
   Plaintiff,                                            )
                                                             )     CIVIL ACTION FILE
vs.                                                          )     NO. 15CV01044
                                                             )
EULUS HOLBERT KEOWN, JR.,                       )
ROBERT LYNN NEWCOMB, CELADON          )
TRUCKING SERVICES, INC., and WABASH     )
NATIONAL CORPORATION,                           )
                                                             )
Defendants.                                              )

## CERTIFICATE OF SERVICE

The undersigned, attorney for Plaintiff in the above-styled case, hereby certifies that this day all parties have been served with a copy of the within and foregoing by STATUTORY ELECTRONIC SERVICE and/or United States Mail with proper postage affixed thereto and addressed as follows:

R. Christopher Harrison
Downey & Cleveland, LLP
harrison@downeycleveland.com
*Attorney for Defendant Keown*

John D. Dixon
Dennis, Corry, Porter & Smith, LLP
3535 Piedmont Road, NE
14 Piedmont Center, Suite 900
Atlanta, GA 30305
*Attorney for Defendants Newcomb & Celadon Trucking Services, Inc.*

Fred Valz, III
William Underwood
Carlock, Copeland & Stair, LLP
P.O. Box 56887
Atlanta, GA 30303
*Attorneys for GEICO Indemnity Company*

Scott Bonder
Joseph A. White
Fried & Bonder, LLC
White Provision, Suite 305
1170 Howell Mill Road, NW
Atlanta, GA 30318

Paul Jefferson
Jefferson & Brewer, LLC
300 N. Meridian Street, Suite 220
Indianapolis, IN 46204
***Attorneys for Defendant Wabash National Corporation***

Dated this, the 5th day of May, 2016.

Matthew E. Cook
Kate S. Cook

IN THE SUPERIOR COURT CARROLL COUNTY
STATE OF GEORGIA

RITA MEEKS, individually and as Administratrix )
of the Estate of ALAN HEMBREE, )
 )
 Plaintiff, )
 ) CIVIL ACTION FILE
vs. ) NO. 15CV01044
 )
EULUS HOLBERT KEOWN, JR., )
ROBERT LYNN NEWCOMB, CELADON )
TRUCKING SERVICES, INC., and WABASH )
NATIONAL CORPORATION, )
 )
Defendants. )

## PLAINTIFF'S SECOND REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT CELADON TRUCKING SERVICES, INC.

COMES NOW the Plaintiff and serves these Requests for Production upon the above named Defendant and request that they be fully answered in writing and under oath within thirty (30) days of the date of service.  Each Request is addressed to the personal knowledge of the Defendant, as well as to the knowledge and information of Defendant's attorneys, investigators, agents, employees, and other representatives.  If Defendant is unable to comply with a Request completely, the Request should be produced as fully as possible.  When a Request is directed to Defendant, the Request is also directed to the aforementioned persons.  These Requests shall be deemed continuing, and you are under a duty to seasonably supplement or amend a prior response.

If no such information exists to comply with a particular Request, please state that fact. Failure to state that fact will, when that fact is proven, result in an abusive litigation claim.

These Requests are made for production of the documents by mail to Cook Law Group, LLC, P.O. Box 2415, Gainesville, GA 30503; if documents are voluminous, please contact Plaintiff's counsel to arrange an alternative production.

## DEFINITIONS

As used herein, the terms listed below are defined as follows:

1.      "**Document**" means every writing, printing, record, graphic, photographic or sound reproduction of every type and description that has been in your possession, control or custody or of which you have knowledge, including but not limited to, correspondence, reports, meeting minutes, memoranda, stenographic or handwritten notes, diaries, notebooks, account books, orders, invoices, statements, bills, checks, vouchers, purchase orders, studies, surveys, charts, maps, analyses, publications, books, pamphlets, periodicals, catalogues, brochures, schedules, circulars, bulletins, notices, instructions, manuals, journals, e-mails, data sheets, work sheets, statistical compilations, data processing cards, microfilms, computer records (including printouts, disks or other magnetic storage media), tapes, photographs (positive or negative prints), drawings, films, videotapes, pictures, and voice recordings.   Plaintiff expressly intends for the term "Document" to include every copy of such writing, etc. when such copy contains any commentary or notation whatsoever that does not appear on the original and any attachments or exhibits to the requested document or any other documents referred to in the requested document or incorporated by reference.

2.      "**Person**" means any natural person, corporation, partnership, proprietorship, association, organization or group of persons.

3.      "**Occurrence**" refers to the collision made the basis of the Complaint.

## REQUESTS FOR PRODUCTION

1.

Produce all documents supporting your answers to Plaintiff's Second Interrogatories served herewith.

This 5th day of May, 2016.

_____
Matthew E. Cook
Georgia Bar No. 184399
Kate S. Cook
Georgia Bar No. 280584
COOK LAW GROUP, LLC
P.O. Box 2415
Gainesville, Georgia 30503
Telephone: (678) 928-3899
Facsimile: (888) 612-0589
matt@cook-lawgroup.com
kate@cook-lawgroup.com

Chris Adams
Kenneth S. Nugent, P.C.
1355 Peachtree Street, NE
Suite 1000
Atlanta GA 30309
cadams@attorneykennugent.com

Jan P. Cohen
Georgia Bar No. 174337
4227 Pleasant Hill Road
Building 11, Suite 300
Duluth, GA 30096
Email: jcohen@attorneykennugent.com

Jonathan Lee Greer
Greer Tisinger, LLC
210 South Street
Carrollton, GA 30117
770-836-8327 - Phone
770-838-9756 - Fax
jon@greertisingerlaw.com

**_Attorneys for Plaintiff_**

IN THE SUPERIOR COURT CARROLL COUNTY
STATE OF GEORGIA

RITA MEEKS, individually and as Administratrix )
of the Estate of ALAN HEMBREE,                  )
                                                )
    Plaintiff,                                  )
                                                )        CIVIL ACTION FILE
vs.                                             )        NO. 15CV01044
                                                )
EULUS HOLBERT KEOWN, JR.,                        )
ROBERT LYNN NEWCOMB, CELADON                     )
TRUCKING SERVICES, INC., and WABASH             )
NATIONAL CORPORATION,                           )
                                                )
Defendants.                                     )

## CERTIFICATE OF SERVICE

The undersigned, attorney for Plaintiff in the above-styled case, hereby certifies that this day all parties have been served with a copy of the within and foregoing by STATUTORY ELECTRONIC SERVICE and/or United States Mail with proper postage affixed thereto and addressed as follows:

R. Christopher Harrison
Downey & Cleveland, LLP
harrison@downeycleveland.com
*Attorney for Defendant Keown*

John D. Dixon
Dennis, Corry, Porter & Smith, LLP
3535 Piedmont Road, NE
14 Piedmont Center, Suite 900
Atlanta, GA 30305
*Attorney for Defendants Newcomb & Celadon Trucking Services, Inc.*

Fred Valz, III
William Underwood
Carlock, Copeland & Stair, LLP
P.O. Box 56887
Atlanta, GA 30303
*Attorneys for GEICO Indemnity Company*

Scott Bonder
Joseph A. White
Fried & Bonder, LLC
White Provision, Suite 305
1170 Howell Mill Road, NW
Atlanta, GA 30318

Paul Jefferson
Jefferson & Brewer, LLC
300 N. Meridian Street, Suite 220
Indianapolis, IN 46204
***Attorneys for Defendant Wabash National Corporation***

Dated this, the 5th day of May, 2016.

Matthew E. Cook
Kate S. Cook