IN THE SUPERIOR COURT CARROLL COUNTY

STATE OF GEORGIA

| | | |
|---|---|---|
| RITA MEEKS, individually and as Administratrix of the Estate of ALAN HEMBREE, | ) ) ) | |
| Plaintiff, | ) ) | CIVIL ACTION FILE |
| vs. | ) ) | NO. 15CV01044 |
| EULUS HOLBERT KEOWN, JR., ROBERT LYNN NEWCOMB, CELADON TRUCKING SERVICES, INC., and WABASH NATIONAL CORPORATION, | ) ) ) ) ) | |
| Defendants. | ) | |

### PLAINTIFF'S FIRST CONTINUING INTERROGATORIES TO DEFENDANT WABASH NATIONAL CORPORATION

COMES NOW the Plaintiff in the above-styled action and serves these Interrogatories upon the above-named Defendant as an opposite party and request that they be fully answered in writing and under oath within thirty (30) days of the date of service. These interrogatories are served pursuant to the Georgia Civil Practice Act and more specifically to the provisions of O.C.G.A. § 9-11-26 and 9-11-33. These interrogatories shall be deemed continuing and you are required to supplement or amend any prior response if the person or entity to whom these interrogatories are addressed ascertains any change, different or added fact, condition or circumstances, or that there be any other witness(es) or evidence. Each interrogatory is addressed to the personal knowledge of the Defendant, as well as to the knowledge and information of Defendant's attorneys, investigators, agents, employees, and other representatives. If Defendant is unable to answer a question completely, the question should be answered as fully as possible. When a question is directed to Defendant, the question is also directed to each of the aforementioned persons.



You are requested not to respond to Interrogatories by referring to the responses to other Interrogatories or by adoption, since some of the Interrogatories may be introduced into evidence and should be, for this purpose, complete in themselves.

## DEFINITIONS

As used herein, the terms listed below are defined as follows:

1.      "**Document**" means every writing, printing, record, graphic, photographic or sound reproduction of every type and description that has been in your possession, control or custody or of which you have knowledge, including but not limited to, correspondence, reports, meeting minutes, memoranda, stenographic or handwritten notes, diaries, notebooks, account books, orders, invoices, statements, bills, checks, vouchers, purchase orders, studies, surveys, charts, maps, analyses, publications, books, pamphlets, periodicals, catalogues, brochures, schedules, circulars, bulletins, notices, instructions, manuals, journals, e-mails, data sheets, work sheets, statistical compilations, data processing cards, microfilms, computer records (including printouts, disks or other magnetic storage media), tapes, photographs (positive or negative prints), drawings, films, videotapes, pictures, and voice recordings.  Plaintiff expressly intends for the term "Document" to include every copy of such writing, etc. when such copy contains any commentary or notation whatsoever that does not appear on the original and any attachments or exhibits to the requested document or any other documents referred to in the requested document or incorporated by reference.

2.      "**Person**" means any natural person, corporation, partnership, proprietorship, association, organization, or group of persons.

3.      "**Occurrence**" refers to the collision made the basis of the Complaint.

2

4.      (a)      "__Identify__" with respect to any **"person"** or any reference to stating the **"identity"** of any **"person"** means to provide the name, home address, telephone number, business name, business address, and business telephone number of such person, and a description of each such person's connection with the events in question.

(b)      "__Identify__" with respect to any **"document"** or any reference to stating the **"identification"** of any **"document"** means to provide the title and date of each such document, the name and address of the party or parties responsible for the preparation of each such document, the name and address of the party who requested or required the preparation of the document or on whose behalf it was prepared, the name and address of the recipient or recipients of each such document, and the names and addresses of any and all persons who have custody or control of each such document, or copies thereof.

**INTERROGATORIES**

1.

Identify each person or entity, whether a party to this action or not, known or believed by you to have been negligent or at fault, or who otherwise may be liable in whole or in part for Alan Hembree's fatal injuries in connection with the occurrence complained of in this action.  As to each person or entity identified, describe the nature of the negligence, fault or liability alleged and set forth the facts relevant to your response.

2.

Please explain in detail how you contend the Subject Incident occurred and how Alan Hembree suffered his fatal injuries.  Please include in your response the basis for your explanation as to how the Subject Incident occurred.

3.

State in detail the factual basis for each and every affirmative defense you raised in your Answer to the Complaint.

4.

State whether this Defendant admits that the failure of the underride guard caused the fatal injuries of Alan Hembree. If your answer is in the negative, please explain the basis for that denial, including a description of any negligent acts or conditions that you contend contributed to this wreck and/or fatal injuries of Alan Hembree.

5.

Do you contend that that service of process has been deficient on you in this matter? If so, please describe and state with specificity all factual and legal bases supporting any such contention(s).

6.

If any named defendant is improperly identified, please provide the proper identification and state whether you will accept service of an amended Summons and Complaint reflecting the information furnished by you in response to this Interrogatory.

7.

Do you contend that there are any factual or legal bases upon which this matter should be dismissed as a matter of law? If so, please identify each such contention and describe and state with specificity all factual and legal bases supporting any such contention(s).

8.

Please identify every person whom you know or suspect may have knowledge of any kind related to any issue in this matter and describe the issues to which you believe each such person

may have knowledge.

9.

Please identify all persons (whether medical providers, lay persons, or anyone else) who have any information relative to Alan Hembree's health condition prior to or subsequent to the collision in this case, information relative to Alan Hembree's physical and mental suffering as a result of this collision, or any information relative to the issue of damages in this litigation.

10.

Please state whether any of the people identified in Interrogatories Nos. 8 and 9 above made or gave any statement(s) or account(s), either orally, in writing, or recorded in any way, of his or her knowledge of any information relevant in this lawsuit.  If so, identify all such persons giving such statement(s) and provide an explanation of the type statement(s) given (oral, written, recorded, etc.).  Also, identify the taker and present custodian of such statement(s).

11.

Please state whether this Defendant, its attorneys, investigators, or other representatives know of any photographs, still or motion pictures, plans, drawings, blueprints, sketches, diagrams, computer simulations, or any other type demonstrative evidence concerning the subject occurrence, the site of the subject occurrence, the vehicles involved, or which in any way illustrate any facts relevant to the occurrence.  As to each item, please state the following:  the nature of such item; how many of such items exist (for example, 15 photographs); the name, address, and employer of the person making or supplying such item; and the identity of the person who presently possesses such item.

12.

Please describe in detail the warranty and retail history of the subject trailer, including any related names, addresses, and telephone numbers.

13.

Please describe in detail all facets of the subject underride guard, and include in your description an explanation of the type of underride guard and an identification of all component parts of the underride guard and any identifying and/or internal nomenclature, title, code number, or other designation utilized by WNC to refer to the type of underride guard on the subject trailer.

14.

Please state in detail how you contend the subject occurrence took place and the order in which the events took place, to include the collision of Alan Hembree's vehicle and the underride guard. Please include in this response a listing of each person, force of nature, act of God, and/or circumstance you believe to have caused or contributed to causing the subject occurrence and/or any of Plaintiff's fatal injuries.

15.

State whether any test, experiment, inspection, chart or measurement has been made with respect to the scene of the collision-in-suit, or any object involved. State the name, current address and telephone number of each person who participated in such a test, experiment, inspection, chart, or measurement, and the date and nature of their participation. Identify all documents, pictures/videos and other data generated as a result of such activities.

16.

Please identify any and all investigators, mechanics, adjusters, claims representatives, experts or any other person who have investigated this collision, examined any of the vehicles involved, or who have in any way investigated the claims made in this lawsuit on behalf of this Defendant, its attorneys, or its insurers.

17.

Please state whether any inspection of the subject truck driven by Defendant Newcomb was conducted after the collision that is the subject of this lawsuit, the results of such inspection, and the name(s) of the person(s) performing such inspection.   Also identify any documents, reports, photographs, videotapes, or other records which were made concerning any inspection of the subject truck.

18.

Please state whether or not an accident/incident report was made by this Defendant or any of your representatives in connection with the subject occurrence, and if so, identify all persons who have reviewed a copy of such report(s), the place where such report(s) is located, and the present custodian of the same.

19.

Please list every other WNC trailer that has ever had or currently has the same or a similar underride guard as on the subject trialer.

20.

Please state whether or not WNC internal standards, guidelines, design goals, and/or design objectives for underride guards have changed since the manufactured date of the subject underride guard as new models have been introduced up to and including the present, and if so, explain what years they have changed and why they have changed.

21.

Describe in detail all safety measures that this defendant implemented in the design of the subject underride guard.

22.

Identify every person who has discussed the subject collision with this Defendant.

23.

Please identify the names of any and all agencies, committees, or groups within WNC, or acting on behalf of WNC that participated in the design of, or approved the design of, the subject underride guard. For each agency, committee, or group listed in response to this interrogatory, please identify by name, address, telephone number, and job title all persons who served on these agencies, committees, and/or groups and state whether these individuals are still employed by WNC.

24.

Please state whether this Defendant, its agents, its attorneys, or its insurers, on its own or through any other person, obtained or obtains information, from any private source or governmental agency, about the driving history, driving violations, criminal violations, motor vehicle record, or other driving qualifications of Defendant Newcomb.

25.

Please identify each trade association, industry group, outside manufacturer, or other similar entity that has compiled standards, guidelines and/or specifications and supplied those standards to WNC for the design or operation of the subject underride guard including all of its component parts.  Please include in your response which group, association, manufacturer, or entity provided what information to WNC, the date that such information was provided to WNC, and the substance and/or topic of the standards, guidelines, and specifications provided to WNC.

26.

Please identify all modifications and/or changes made by or on behalf of WNC to the underride guard on the subject trailer:

(a)     please include in your response the date that such changes were made;

(b)     the reason for such modifications and/or changes;

(c)     a detailed description of such modification and/or change;

(d)     the part numbers of the original and modified components; and

(e)     whether the modified component can be interchanged with earlier production components.

27.

Please list each motor vehicle collision that resulted in serious or fatal injuries where a WNC trailer with a similar underride guard was involved. For each such event listed, identify and explain how and from what source this Defendant was made aware of each such event.

28.

Please describe all crash-testing and safety component evaluation programs, whether crash, sled, computer crash simulations, or otherwise, for the subject underride guard design, including vehicle crash-test and safety equipment/component evaluation conducted by or for WNC for the subject underride guard design from the date of inception to the present. For each such test, please include the following:

(a)     Test number;

(b)     Date of the tests;

(c)     Test vehicle or vehicles analyzed;

(d)     Objective of the test; and

(e)      Persons or entities responsible for designing and/or conducting the tests.

29.

Please identify with specificity any and all documents which discuss, refer or relate to any crash-testing and safety component evaluation programs which were conducted regarding the subject underride guard design, including but not limited to, video tape documentation, films and accelerometer readings from all locations.

30.

Identify all instructions, handbooks, videos and/or seminars provided to persons who purchase, rent, and drive WNC trailers.

31.

Please identify by date, and persons and/or entities involved, any contacts or communications WNC has had with any distributors or dealerships concerning (a) the underride guard design on their manufactured trailers and (b) the propensity of the underride guard to contribute to serious or fatal injuries in a collision.

32.

Please identify any person that this Defendant expects to call as an expert witness, whether live, by affidavit, or by deposition, in connection with any trial, hearing, or motion, as well as any other evidentiary hearing in this action, and, separately for each expert: identify the subject matter of which the person is expected to testify; identify the substance of the facts and opinions as to which the person is expected to testify; summarize the grounds for such opinions; and identify all documents and professional references upon which such person may base his or her testimony and opinions.

33.

As to any policy of liability insurance which would or might inure to the benefit of Plaintiff's by providing for payment of a part of or all of any judgment rendered in favor of the Plaintiff against any Defendant, state the name and address of the insurer of each such policy, the name and address of each insured on each such policy, the policy number of each such policy, and the limits of liability in such policy as same might apply to Plaintiff by reason of any one incident and the total limits of liability to all persons by reason of any one incident.   State also whether the policy is drawn down or reduced as a result of the expenses of litigation.

34.

Identify, including the names, business titles, job positions and descriptions, addresses and home and business telephone numbers, the person or persons who assisted in any way in responding to these Interrogatories, and specify the particular response or responses to which each person responded.

35.

Identify all documents and other tangible things which constitute or contain matters relevant to the subject of this lawsuit or which were relied on or referred to in answering these Interrogatories. Please include in your response to this Interrogatory identification of all documents or tangible things that you intend to introduce as evidence at the time of trial.

36.

Please explain whether WNC offers dealerships or distributors servicing their products any training and/or instructions regarding the inspection of underride guards installed on their trailers.  If your response to this interrogatory is in the affirmative, please state what training

and/or instructions are given, including a detailed description of any documents which relate to the training and instruction.

37.

Please describe in detail any recall notices or other notices of defects which discuss, relate, or refer to the subject underride guard, including but not limited to, the date(s) of the recall, reason(s) for the recall, and part(s) affected by the recall.

38.

Please describe in detail any recall notices, notices of defects, or investigations by the National Highway Traffic Safety Administration ("NHTSA") which discuss, relate, or refer to the underride guard design similar to that on the subject trailer, including but not limited to, the date(s) of the recall, reason(s) for the recall, and part(s) affected by the recall, date of the investigation, NHTSA Investigation Number, and date the investigation was closed.

39.

Please identify any and all lawsuits, complaints or claims (including warranty claims), both pending and resolved, against WNC involving personal injury or death to a vehicle occupant. Please include in your response a detailed description of the incident (including date, the Court before which suit was filed, name of the plaintiff/party and the plaintiff's attorney, style and number of the case, VIN number for the vehicle, and when you first became aware of the incident).

40.

Please identify by name, address, and telephone number, each and every person who claims to have been injured in any manner as a result of the failure of a WNC underride guard in a collision. Please include in your response the nature of the injury claimed and the reason claimed for such injury.

41.

Please identify the make, year and size of the trailer and underride guard involved in the subject collision and identify if any mechanical repairs or services were performed on them preceding or following the subject collision.

This 7th day of December, 2015.

Respectfully submitted,
COOK LAW GROUP, LLC


Matthew E. Cook
Georgia Bar No. 184399
Kate S. Cook
Georgia Bar No. 280584
COOK LAW GROUP, LLC
P.O. Box 2415
Gainesville, Georgia 30503
Telephone: (678) 928-3899
Facsimile: (888) 612-0589
matt@cook-lawgroup.com
kate@cook-lawgroup.com

Chris Adams
Kenneth S. Nugent, P.C.
1355 Peachtree Street, NE
Suite 1000
Atlanta GA 30309
cadams@attorneykennugent.com

Jan P. Cohen
Georgia Bar No. 174337
4227 Pleasant Hill Road
Building 11, Suite 300
Duluth, GA 30096
Email:
jcohen@attorneykennugent.com
**Attorneys for Plaintiff**

IN THE SUPERIOR COURT CARROLL COUNTY
STATE OF GEORGIA

RITA MEEKS, individually and as Administratrix )
of the Estate of ALAN HEMBREE,                  )
                                                )
    Plaintiff,                 )
                                                )        CIVIL ACTION FILE
vs.                                             )        NO. 15CV01044
                                                )
EULUS HOLBERT KEOWN, JR.,                        )
ROBERT LYNN NEWCOMB, CELADON                     )
TRUCKING SERVICES, INC., and WABASH             )
NATIONAL CORPORATION,                            )
                                                )
Defendants.                                     )

## CERTIFICATE OF SERVICE

The undersigned, attorney for Plaintiff in the above-styled case, hereby certifies that this day all parties have been served with a copy of the within and foregoing by STATUTORY ELECTRONIC SERVICE and/or United States Mail with proper postage affixed thereto and addressed as follows:

R. Christopher Harrison
Downey & Cleveland, LLP
harrison@downeycleveland.com
*Attorney for Defendant Keown*


John D. Dixon
Dennis, Corry, Porter & Smith, LLP
3535 Piedmont Road, NE
14 Piedmont Center, Suite 900
Atlanta, GA 30305
*Attorney for Defendants Newcomb & Celadon Trucking Services, Inc.*


Fred Valz, III
William Underwood
Carlock, Copeland & Stair, LLP
P.O. Box 56887
Atlanta, GA 30303
*Attorneys for GEICO Indemnity Company*

Scott Bonder
Joseph A. White
Fried & Bonder, LLC
White Provision, Suite 305
1170 Howell Mill Road, NW
Atlanta, GA 30318
***Attorneys for Defendant Wabash National Corporation***

Dated this, the 7th day of December, 2015.

Matthew E. Cook

IN THE SUPERIOR COURT CARROLL COUNTY

STATE OF GEORGIA

RITA MEEKS, individually and as Administratrix )
of the Estate of ALAN HEMBREE,                 )
                                                )
   Plaintiff,                     )
                                                )     CIVIL ACTION FILE
vs.                                             )     NO. 15CV01044
                                                )
EULUS HOLBERT KEOWN, JR.,                       )
ROBERT LYNN NEWCOMB, CELADON                    )
TRUCKING SERVICES, INC., and WABASH             )
NATIONAL CORPORATION,                           )
                                                )
Defendants.                                     )

### PLAINTIFF'S FIRST REQUESTS FOR ADMISSION OF FACTS
### TO DEFENDANT WABASH NATIONAL CORPORATION

     COMES NOW Plaintiff and serves these Requests for Admission upon the named Defendant and requests that they be fully admitted in writing and under oath within thirty (30) days of the date of service. These Requests for Admission are served pursuant to the Georgia Civil Practice Act and are served pursuant to O.C.G.A. § 9-11-26 and 9-11-36.

     <u>EACH MATTER OF WHICH AN ADMISSION IS REQUIRED SHALL BE DEEMED ADMITTED UNLESS, WITHIN THE TIME ALLOWED BY LAW AFTER SERVICE OF THESE REQUESTS, YOU SERVE PLAINTIFF WITH A WRITTEN ANSWER OR OBJECTION TO SUCH MATTER.</u>

     You are cautioned that should you fail to admit the genuineness of any document, or the truth of any matter requested herein pursuant to the Georgia Civil Practice Act, and should Plaintiff thereafter prove the genuineness of such document or truth of such matter, Plaintiff will apply to the Court for an order requiring you to pay Plaintiff the reasonable expenses incurred by Plaintiff

in making that proof, including reasonable attorney fees.  The Court must make such order unless it finds that the Request was objectionable pursuant to the Georgia Civil Practice Act, or that the admission sought was of no substantial importance, or that you had reasonable grounds to believe that you might prevail on the matter, or that there was some other good reason for failure to admit the matter.

The matters requested admitted are the following:

1.

Admit that this Defendant has been properly served with process in this action.

2.

Admit that this Defendant raises no defenses as to insufficiency of process in this action.

3.

Admit that Carroll County Superior Court has jurisdiction over the subject matter of this case.

4.

Admit that Carroll County Superior Court has personal jurisdiction over you as a party Defendant in this case.

5.

Admit that venue is proper in Carroll County Superior Court.

6.

Admit that no person or entity, other than the parties to this action, is responsible for the subject collision.

-2-

7.

Admit WNC designed and constructed the trailer involved in the subject collision.

8.

Admit that Defendant WNC placed the trailer involved in the subject collision into the stream of commerce.

9.

Admit WNC designed, constructed, and installed the underride guard involved in the subject collision.

10.

Admit that this Defendant negligently failed to test the underride guard design involved in the subject collision.

11.

Admit that this Defendant manufactured the underride guard design involved in the subject collision.

12.

Admit that this Defendant marketed the underride guard design involved in the subject collision.

13.

Admit that this Defendant distributed the underride guard design involved in the subject collision.

14.

Admit that during the impact, the underride guard on the trailer failed, causing massive

-3-

intrusion of the trailer into the passenger side of the subject vehicle.

15.

Admit that this defendant negligently designed the underride guard in the subject collision.

16.

Admit the failure of the underride guard was reasonably foreseeable by this Defendant.

17.

Admit that the failure of the underride guard could be foreseen to cause serious injury or death in a collision.

18.

Admit the failure of the underride guard caused the fatal injuries of Alan Hembree.

19.

Admit the dangers inherent in the design of the underride guard outweigh any of its benefits.

20.

Admit that the design of the trailer's underride guard was too weak and ineffective to prevent substantial intrusion into the occupant space of a rear-ending vehicle in a reasonably foreseeable rear impact.

21.

Admit that the trailer's underride guard was affixed too high above the road surface to permit a rear-ending vehicle's frame and structure to properly engage it during a reasonably foreseeable rear impact.

-4-

22.

Admit liability.

This 7th day of December, 2015.

Respectfully submitted,
COOK LAW GROUP, LLC

Matthew E. Cook
Georgia Bar No. 184399
Kate S. Cook
Georgia Bar No. 280584
COOK LAW GROUP, LLC
P.O.  Box 2415
Gainesville, Georgia 30503
Telephone: (678) 928-3899
Facsimile: (888) 612-0589
matt@cook-lawgroup.com
kate@cook-lawgroup.com

Chris Adams
Kenneth S. Nugent, P.C.
1355 Peachtree Street, NE
Suite 1000
Atlanta GA 30309
cadams@attorneykennugent.com

Jan P. Cohen
Georgia Bar No. 174337
4227 Pleasant Hill Road
Building 11, Suite 300
Duluth, GA 30096
Email:
jcohen@attorneykennugent.com
**Attorneys for Plaintiff**

-5-

IN THE SUPERIOR COURT CARROLL COUNTY
STATE OF GEORGIA

RITA MEEKS, individually and as Administratrix )
of the Estate of ALAN HEMBREE,               )
                                             )
    Plaintiff,                               )
                                             )        CIVIL ACTION FILE
vs.                                          )        NO. 15CV01044
                                             )
EULUS HOLBERT KEOWN, JR.,                    )
ROBERT LYNN NEWCOMB, CELADON                 )
TRUCKING SERVICES, INC., and WABASH          )
NATIONAL CORPORATION,                        )
                                             )
Defendants.                                  )

## CERTIFICATE OF SERVICE

The undersigned, attorney for Plaintiff in the above-styled case, hereby certifies that this day all parties have been served with a copy of the within and foregoing by STATUTORY ELECTRONIC SERVICE and/or United States Mail with proper postage affixed thereto and addressed as follows:

R. Christopher Harrison
Downey & Cleveland, LLP
harrison@downeycleveland.com
*Attorney for Defendant Keown*

John D. Dixon
Dennis, Corry, Porter & Smith, LLP
3535 Piedmont Road, NE
14 Piedmont Center, Suite 900
Atlanta, GA 30305
*Attorney for Defendants Newcomb & Celadon Trucking Services, Inc.*

Fred Valz, III
William Underwood
Carlock, Copeland & Stair, LLP
P.O. Box 56887
Atlanta, GA 30303
*Attorneys for GEICO Indemnity Company*

-6-

Scott Bonder
Joseph A. White
Fried & Bonder, LLC
White Provision, Suite 305
1170 Howell Mill Road, NW
Atlanta, GA 30318
*Attorneys for Defendant Wabash National Corporation*

Dated this, the 7th day of December, 2015.

Matthew E. Cook

IN THE SUPERIOR COURT CARROLL COUNTY

STATE OF GEORGIA

RITA MEEKS, individually and as Administratrix )
of the Estate of ALAN HEMBREE, )
)
   Plaintiff, )
)   CIVIL ACTION FILE
vs. )   NO. 15CV01044
)
EULUS HOLBERT KEOWN, JR., )
ROBERT LYNN NEWCOMB, CELADON )
TRUCKING SERVICES, INC., and WABASH )
NATIONAL CORPORATION, )
)
Defendants. )

## PLAINTIFF'S FIRST REQUESTS FOR PRODUCTION OF DOCUMENTS
## TO DEFENDANT WABASH NATIONAL CORPORATION

COMES NOW the Plaintiff and serves these Requests for Production upon the above

named Defendant and request that they be fully answered in writing and under oath within thirty

(30) days of the date of service. Each Request is addressed to the personal knowledge of the

Defendant, as well as to the knowledge and information of Defendant's attorneys, investigators,

agents, employees, and other representatives. If Defendant is unable to comply with a Request

completely, the Request should be produced as fully as possible. When a Request is directed to

Defendant, the Request is also directed to the aforementioned persons. These Requests shall be

deemed continuing, and you are under a duty to seasonably supplement or amend a prior response.

If no such information exists to comply with a particular Request, please state that fact.

Failure to state that fact will, when that fact is proven, result in an abusive litigation claim.

These Requests are made for production of the documents by mail to Cook Law Group,

LLC, P.O. Box 2415, Gainesville, GA 30503; if documents are voluminous, please contact

Plaintiff's counsel to arrange an alternative production.

## DEFINITIONS

As used herein, the terms listed below are defined as follows:

1.      "**Document**" means every writing, printing, record, graphic, photographic or sound reproduction of every type and description that has been in your possession, control or custody or of which you have knowledge, including but not limited to, correspondence, reports, meeting minutes, memoranda, stenographic or handwritten notes, diaries, notebooks, account books, orders, invoices, statements, bills, checks, vouchers, purchase orders, studies, surveys, charts, maps, analyses, publications, books, pamphlets, periodicals, catalogues, brochures, schedules, circulars, bulletins, notices, instructions, manuals, journals, e-mails, data sheets, work sheets, statistical compilations, data processing cards, microfilms, computer records (including printouts, disks or other magnetic storage media), tapes, photographs (positive or negative prints), drawings, films, videotapes, pictures, and voice recordings.   Plaintiff expressly intends for the term "Document" to include every copy of such writing, etc. when such copy contains any commentary or notation whatsoever that does not appear on the original and any attachments or exhibits to the requested document or any other documents referred to in the requested document or incorporated by reference.

2.      "**Person**" means any natural person, corporation, partnership, proprietorship, association, organization or group of persons.

3.      "**Occurrence**" refers to the collision made the basis of the Complaint.

## REQUESTS FOR PRODUCTION

The documents to be produced are the following:

1.

Please produce copies of all statements, written or recorded, obtained from any person about any information relevant to any issue in this lawsuit or the subject collision, including, but

not limited to, the issues of liability, causation or damages.

2.

Please produce copies of any photographs, still or motion pictures, videos, plans, drawings, blue prints, sketches, diagrams, computer simulations, or any other photographic or demonstrative evidence concerning the subject collision and/or concerning any of the issues relevant in this lawsuit, to include, but not be limited to, the issues of liability, causation and damages.

3.

Please produce a copy of any incident/accident reports prepared by any agent, employee, or officer on behalf of this Defendant concerning the subject collision and/or any claim or potential claim arising out of said collision.

4.

Produce a copy of all documents or other materials this Defendant has generated or received from any person as a result of this collision. This includes but is not limited to any bill of sale, purchase order, invoice, shipping, owner's manual, warranty booklet, instruction booklet, warning, pamphlet, or brochure as well as all maintenance, warranty, repair, or other records relating to the subject trailer.

5.

Please produce a complete copy of all policies of insurance (to include the Declarations pages) that do or may afford liability insurance coverage to this Defendant with respect to Plaintiff's claims against this Defendant.  This Request expressly includes primary insurance coverage, excess insurance coverage, umbrella insurance coverage, personal insurance coverage, business insurance coverage, or any other type of liability insurance coverage.

6.

Please produce copies of all reports, opinions, or correspondences received from any experts who have investigated any issue relevant to the subject collision relevant to this lawsuit. Also, please produce all materials relied upon by each expert in formulating his or her opinions and conclusions.

7.

Please produce true, accurate and complete copies of any and all documents relating to any contention you have that any other individual(s) or entity, act of God, nature or other force was liable of any act(s) or failure(s) to act that played any part in causing the subject collision or the injuries or damages complained of in this matter.

8.

Please produce a true, accurate and complete copy of the complete file -- including all materials reviewed, considered, inspected, authored, generated, or created in any way, a list of all cases in which the individual has testified, and a current curriculum vitae (CV) -- of each individual WNC expects to call at the trial of this matter to offer opinion or expert testimony in any way related to the Subject Incident or this matter.

9.

Please produce a copy of any and all instructions manuals, regulations, training videos, or any handbooks provided by this Defendant to any purchaser, dealership, or distributor regarding the subject trailer and/or underride guard.

10.

Please produce true, accurate, and complete copies of any and all documents relating to any contention you have that any modifications, alterations, repairs, or changes were made to the

subject trailer which in any way affected its safety or performance or contributed to the subject collision or the injuries or damages complained of in this matter.

11.

Please produce true, accurate and complete copies of any and all tests in which WNC or some person or entity acting on behalf of WNC tested (a) the subject underride guard design(s) and (b) the propensity of the underride guard to cause serious or fatal injuries when involved in a collision.  This request specifically includes the final test report; any and all attachments to such report; all photographs or moving pictures of such tests; any interim studies, records, or reports on the conduct or results of such tests; any summary, review, or engineering analysis of such tests; and any collateral or related documents which refer to such tests.

12.

Other than crash tests produced in response to Requests for Production No. 11, please produce true, accurate and complete copies of all documents relating to any other testing (including but not limited to computerized testing or simulation testing, static testing, FMVSS certification testing not involving crashes or other such non-crash testing) conducted by or on behalf of WNC related to or illustrating:

     (1)    the design or performance of the subject underride guard system; or

     (2)    the design or performance of any similar underride guard systems used in other WNC trailers.

This request specifically includes the final test report; any and all attachments to such report; all photographs or images of such tests; any interim studies, records, or reports on the conduct or results of such tests; any summary, review, or engineering analysis of such tests; and any collateral or related documents which refer to such tests.

13.

Please produce true, accurate and complete copies of any and all documents submitted by WNC to the National Highway Traffic Safety Administration ("NHTSA") or other automakers which comment in any manner upon proposed changes to, modifications to, or the implementation of, Federal Motor Vehicle Safety Standards or any other standard relating to underride guards from date the subject underride guard was manufactured to the present.

14.

Please produce any report or statement, written or recorded, concerning the collision given by Defendant WNC and given to the police, any insurer, or any other person concerning the collision set forth in the Complaint.

15.

Please produce a complete copy of maintenance records, repair records, and inspection records on the trailer operated by Defendant Newcomb and involved in the subject collision.

16.

Please produce true, accurate and complete copies of any and all correspondence, notes, memoranda, meeting minutes, responses, reports, or any other documents sent to, copied to, received by, or otherwise involving WNC and NHTSA and which in any way relate to the subject underride guard design or its crashworthiness.

17.

Please produce copies of any and all photographs, documents, or demonstrative evidence that you intend to use in the defense of this case at trial.

18.

Please produce copies of any and all evidence in your possession to include documents, medical condition, photographs, sound or video recordings, or any documentation by any other

name that concerns Alan Hembree's physical or medical conditions, injuries, or damages that have not been supplied to you by Plaintiff's counsel.

19.

Please produce a true, accurate and complete copy of the certification and/or compliance file applicable to the subject underride guard and/or trailer, whether maintained at the Vehicle Crash Test Engineering Section office or elsewhere.

20.

Please produce true, accurate and complete copies of any and all design and engineering documents whether prepared by or on behalf of WNC reflecting specifications concerning the subject underride guard including, but not limited to:

(a)     the overall dimensions, including height, length and weight;

(b)     the location of the underride guard posts; and

(c)     material comprising the underride guard.

21.

Please produce copies of any and all information sent to or received from or through any of your insurers concerning the collision giving rise to this litigation including, but not limited to, documents in the possession of your liability insurance carrier with respect to the issue of liability in this case.

22.

Please produce copies of all motor vehicle reports or reports of any kind received from any private corporation or individual, or other business entity, or any governmental entity relative to the driving history, driving record, and driving infractions or criminal history of Defendant Newcomb that this Defendant has obtained.

23.

Please produce a copy of any reservation of rights letter or other documentation of any kind received from any insurer that purports to question, deny, or defend under a reservation of rights the insurance coverage and claim that forms the basis for Plaintiff's Complaint.

24.

Please produce true, accurate and complete copies of all corporate performance objectives (by whatever name called), design goals, stated goals, policies of compliance to these goals, guidelines or other criteria for WNC that were in place or in effect during the designing and testing of the subject underride guard design, including how the system and its component parts were designed to perform in collisions.

25.

Please produce true, accurate and complete copies of any and all Design Verification Plan and Reports (DVP&R) and Product Validation Specifications (PVS), by whatever names called for the subject underride guard design.

26.

Please produce true, accurate and complete copies of any and all Executive Committee, Finance Committee, Critical Product Problem Review Group, Board of Directors, or by whatever name called, meeting minutes and agendas discussing appropriations or any other decisions regarding the subject underride guard design.

27.

Please produce true, accurate and complete copies of any and all documents which relate to, discuss or show any revisions, modifications, alterations, or changes to the design of the subject underride guard that made or would have made it different from the subject underride guard, regardless of whether said modification(s) were implemented.

-8-

28.

Please produce copies of any tapes or recordings made on the day of the wreck that relate to the subject collision that this Defendant has obtained.

29.

Please produce any documents or materials that you contend show that any other entity or person is responsible for the subject collision.

30.

Produce all documents that discuss, reference or mention any issue concerning the failure of underride guards.

31.

Please provide copies of all letters, memos, notes, meeting minutes, notes, telephone conversation notes, e-mails or any other documentation of the like that was generated or exchanged as a result of any communication that took place between WNC and any other individual(s) or entity in the development of the underride guard.  These should include, but not be limited to, marketing information, documents involving the vehicle structure and crash characteristics, sensor design strategy, sensor placement, sensor mounting and mounting brackets (or other such hardware) or sensor calibration as well as any other documents associated with the subject underride guard.

32.

Produce all documents evidencing any changes in this Defendant's practices or policies that pertain to the design of underride guards that have been implemented since the subject collision.

33.

Produce a copy of the Complaint and Answer of all lawsuits filed against this Defendant in the last 10 years that arose out of a collision between a vehicle and a WNC trailer that resulted

in a personal injury.

34.

Produce a copy of all audits or compliance reviews conducted by or for this Defendant or any governmental agency relating to the design of underride guards.

35.

Please produce true, accurate and complete copies of any and all articles or documents in which WNC, anyone within WNC, or anyone acting on WNC's behalf, authored, studied, wrote about, or reported on, which discuss or evaluate the danger or risk of injury to human beings caused by failure of the subject underride guard to prevent serious or fatal injuries in a collision.

36.

Produce all documents and materials that were either identified or relied upon in your responses to Plaintiff's First Interrogatories.

37.

Please produce true, accurate and complete copies of any and all documents relating to, describing, or reflecting any study, evaluation, or analysis by WNC of the subject underride guard design which relate to the performance of such systems in collisions, or the effect of those designs on the safety of occupants involved in collisions, regardless of the purpose of the study, evaluation, or analysis. This request is specifically intended to include any and all documents obtained or generated in the course of such a study, any preliminary reports, and any final report(s) issued or presented.

38.

Produce a copy of all documents exchanged between this Defendant and any other person concerning the subject collision.

39.

Produce a copy of all documents exchanged between this Defendant and any of the other Defendants in this case at any time including, but not limited to, any and all contracts, agreements, pay records and other documents exchanged between this Defendant and Defendant Celadon Trucking Services, Inc..

40.

Produce all documents that you receive in response to your Requests for Production of Documents to Non-Parties.

41.

Produce a copy of all investigative records, files or other documents developed by this Defendant relating to the Subject Collision.

This 7th day of December, 2015.

Respectfully submitted,
COOK LAW GROUP, LLC

Matthew E. Cook
Georgia Bar No. 184399
Kate S. Cook
Georgia Bar No. 280584
COOK LAW GROUP, LLC
P.O. Box 2415
Gainesville, Georgia 30503
Telephone: (678) 928-3899
Facsimile: (888) 612-0589
matt@cook-lawgroup.com
kate@cook-lawgroup.com

Chris Adams
Kenneth S. Nugent, P.C.
1355 Peachtree Street, NE
Suite 1000
Atlanta GA 30309
cadams@attorneykennugent.com

Jan P. Cohen
Georgia Bar No. 174337
4227 Pleasant Hill Road
Building 11, Suite 300
Duluth, GA 30096
Email:
jcohen@attorneykennugent.com
**Attorneys for Plaintiff**

IN THE SUPERIOR COURT CARROLL COUNTY
STATE OF GEORGIA

RITA MEEKS, individually and as Administratrix )
of the Estate of ALAN HEMBREE,                )
                                              )
    Plaintiff,                              )
                                              )    CIVIL ACTION FILE
vs.                                           )    NO. 15CV01044
                                              )
EULUS HOLBERT KEOWN, JR.,                     )
ROBERT LYNN NEWCOMB, CELADON                  )
TRUCKING SERVICES, INC., and WABASH           )
NATIONAL CORPORATION,                         )
                                              )
Defendants.                                   )

## CERTIFICATE OF SERVICE

        The undersigned, attorney for Plaintiff in the above-styled case, hereby certifies that this day all parties have been served with a copy of the within and foregoing by STATUTORY ELECTRONIC SERVICE and/or United States Mail with proper postage affixed thereto and addressed as follows:

R. Christopher Harrison
Downey & Cleveland, LLP
harrison@downeycleveland.com
***Attorney for Defendant Keown***

John D. Dixon
Dennis, Corry, Porter & Smith, LLP
3535 Piedmont Road, NE
14 Piedmont Center, Suite 900
Atlanta, GA 30305
***Attorney for Defendants Newcomb & Celadon Trucking Services, Inc.***

Fred Valz, III
William Underwood
Carlock, Copeland & Stair, LLP
P.O. Box 56887
Atlanta, GA 30303
***Attorneys for GEICO Indemnity Company***

-13-

Scott Bonder
Joseph A. White
Fried & Bonder, LLC
White Provision, Suite 305
1170 Howell Mill Road, NW
Atlanta, GA 30318
**Attorneys for Defendant Wabash National Corporation**

Dated this, the 7th day of December, 2015.

Matthew E. Cook