**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORIGA
NEWNAN DIVISION**

| | |
|---|---|
| RITA MEEKS, INDIVIDUALLY AND AS ADMINISTRATRIX OF THE ESTATE OF ALAN HEMBREE, | CIVIL ACTION NO.: |
| PLAINTIFFS, | **Notice of Removal of Action under 28 U.S.C § 1441(b) [Diversity Jurisdiction] and 28 U.S.C § 1446(c) [Bad Faith]** |
| V. | |
| ROBERT LYNN NEWCOMB, CELADON TRUCKING SERVICES, INC., and WABASH NATIONAL CORPORATION, | **Demand for Jury Trial** |
| DEFENDANTS. | |

## DECLARATION OF JOSEPH A. WHITE, ESQ.

Pursuant to 28 U.S.C. § 1746, I, Joseph A. White, Esq., do hereby declare:

1.    I am competent to give this Declaration, and it is based upon my personal knowledge.

2.    The statements contained herein are true and correct to the best of my knowledge, information, and belief.

3.    I represent Defendant Wabash National Corporation ("Wabash") in the above-captioned lawsuit.

1



4.   On September 25, 2015, Plaintiff filed the above-captioned lawsuit in the Superior Court of Carroll County ("the Superior Court Action"). Plaintiff named as Defendants (a) the diverse Defendants Wabash, Celadon Trucking Services, Inc. ("Celadon"), and Robert Lynn Newcomb ("Newcomb"); and (b) the non-diverse Defendant Eulus Holbert Keown, Jr. ("Keown"). (*See* Exhibit "A" to Wabash's Notice of Removal.)

5.   On October 22, 2015, Keown filed his Answer in the Superior Court Action. (*See* Exhibit "D" to Wabash's Notice of Removal.)

6.   On April 22, 2016, Plaintiff sent counsel for the diverse Defendants (Celadon, Newcomb and Wabash) a letter demanding $2.5 million dollars in settlement of Plaintiff's claims. A true and correct copy of Plaintiff's demand letter to the diverse Defendants is attached hereto as Exhibit "1".

7.   On November 4, 2016, Plaintiff's counsel sent defense counsel an email with a draft consent motion and order for voluntary dismissal, with prejudice, of her claims against Keown. True and correct copies of the email and draft consent motion are attached hereto as composite Exhibit "2."

8.   On November 15, 2016, Plaintiff moved to voluntarily dismiss, with prejudice, her claims against Keown. (*See* Exhibit "L" to Wabash's Notice of Removal.)

9.  On December 5, 2016, the Superior Court of Carroll County entered an Order dismissing Keown with prejudice. (*See* Exhibit "M" to Wabash's Notice of Removal.)

10. Counsel for Wabash received notice of the Order dismissing Keown, via the Superior Court of Carroll County's electronic filing system, on the same day the Order was entered. A true and correct copy of the electronic notification for the Order is attached hereto as Exhibit "3."

11. During the period that Plaintiff's claims against Keown were pending in the Superior Court Action, Plaintiff did not seek any discovery from Keown.

12. Pursuant to Georgia Uniform Superior Court Rule 5.2(2), "[a] party serving Interrogatories, Requests for Production of Documents, Requests for Admission and Answers or responses thereto upon counsel, a party or a non-party shall file with the court a certificate indicating the pleading which was served, the date of service . . . and the persons served." U. Sup. Ct. Rule 5.2(2).

13. Counsel for Wabash did not receive copies of, and the record does not indicate that Plaintiff served Keown with, written discovery requests in the Superior Court Action. Nor did counsel for Wabash receive discovery responses from Keown during the pendency of the Superior Court Action.

3

14.   Similarly, counsel for Wabash did not receive copies of, and the record does not indicate that Plaintiff served Keown with, a notice for his deposition in the Superior Court Action.  Further, counsel for Wabash did not receive any communication from Plaintiff seeking to schedule Keown's deposition during the Superior Court Action.

15.   Plaintiff's written discovery responses disclose that Plaintiff retained expert witnesses to provide opinions with respect to Plaintiff's theories of liability as to the diverse Defendants Celadon, Newcomb and Wabash.  *See, e.g.,* Plaintiff's First Supplemental Responses to Wabash's Interrogatories to Plaintiff, a true and correct copy of which is attached hereto as Exhibit "4," at Supplemental Response No. 3.

16.   Plaintiff did not disclose any expert to opine as to her claims against Keown.

17.   Counsel for Plaintiff produced documents related to the Earlier Accident involving Keown, including a copy of the Crash Report (Bates-labeled MEEKS 000059-000063) for the Earlier Accident.  A true and correct copy of the Crash Report for the Earlier Accident is attached hereto as Exhibit "5."

18.   Counsel for Wabash did not receive copies of, and the record does not indicate that Plaintiff served, any discovery requests or deposition notices on

4

the parties to the Earlier Accident (including Keown), the witnesses to the Earlier Accident, or the law enforcement personnel who investigated and cleared the Earlier Accident.

19.   On November 10, 2016, after Plaintiff announced her intent to voluntarily dismiss her claims against Keown, the undersigned spoke with counsel for Plaintiff, who informed him that Plaintiff received no funds from Keown in consideration of Keown's dismissal with prejudice.

20.   After the Superior Court of Carroll County entered its Order dismissing Keown, the undersigned learned, upon investigation, that Plaintiff never properly served Keown.

21.   Further, the undersigned learned, upon investigation, that Plaintiff agreed to voluntarily dismiss her claims against Keown before September 25, 2016 (the one-year deadline for removal absent "bad faith" under Section 1446(c)(1)), but did not dismiss until after that deadline had passed .

22.   Wabash has obtained written consent from the remaining Defendants, Robert Lynn Newcomb and Celadon Trucking Services, Inc. ("the Celadon Defendants") to the removal of the above-captioned action.   A copy of the Celadon Defendants' "Consent to Removal" is attached hereto as Exhibit "6."

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Joseph A. White, Esq.
Georgia Bar No. 754315

Executed on: December 9, 2016

NOTARY/WITNESS: Heather C. Grice

Heather C Grice
NOTARY PUBLIC
DeKalb County, GEORGIA
My Comm. Expires 11/07/2020

6



THOMAS E. GREER
JON GREER
ERICA L. TISINGER
GRACE C. PIPPIN



**JON GREER**
jon@greertisingerlaw.com

April 22, 2016

<u>**VIA EMAIL AND**</u>
<u>**CERTIFIED MAIL**</u>

Joseph A. White, Esq.
FRIED & BONDER
White Provision
Suite 305
1170 Howell Mill Road, NW
Atlanta, Georgia  30318

John D. Dixon, Esq.
Jan Seanor Sigman, Esq.
DENNIS, CORRY, PORTER & SMITH
3535 Piedmont Road
14 Piedmont Center
Suite 900
Atlanta, Georgia  30305

Paul Jefferson, Esq.
JEFFERSON & BREWER
300 N. Main Street
Suite 220
Indianapolis, Indiana  46204

Re:    <u>Meeks v. Wabash, et al.</u>
        Carroll County Superior Court
        Civil Action File No.:  15CV01044

Dear Joe, John, Jan and Paul:

As you know, we represent Rita Meeks, individually and on behalf of the estate of her deceased son, Alan Hembree.  I raised the possibility of early settlement discussion in my first conference call with Matt, Chris and Jan when I first came into the case and was given permission to test to see if there was any interest in such discussion from your end.

### <u>CELADON TRUCKING SERVICES AND ROBERTY LYNN NEWCOMB</u>

Alan was on his way home from work on the night of November 12, 2012 at approximately 10:25 p.m.  He was driving West on I-20 and was at or about the area of Post Road when this collision occurred in a 2007 Kia Spectra.

---

**EXHIBIT**

tables¹

1

Obviously, there will be the inevitable battle of the experts as to what transpired next. Therefore, I think it is worth emphasizing that no expert or investigating officer saw what took place. Jennifer Alford is the only independent person who was an actual eye-witness to this wreck.

She was traveling for several minutes two cars behind Alan. They were both in a 70 mph zone traveling 65 to 70 mph in the far left lane ("fast lane"). They were traveling faster than the two right lanes that were slowing for a previous wreck when Mr. Newcomb suddenly jerked the Celadon truck from the slow middle lane to the left lane directly in front of Alan's Kia.

Mr. Newcomb compounded this maneuver by immediately hitting his brakes, causing Alan to drive into, and under, the Celadon truck's trailer. In other words, Ms. Alford's testimony is that Mr. Newcomb moved his slow-moving Celadon truck and trailer into the far left lane.

The far left lane was travelling at a safe, albeit much faster, speed than the Celadon truck. As the Celadon truck moved abruptly into the left lane and suddenly braked, Alan had little to no time to react, especially once perception reaction time is factored in. Alan simply was not afforded the stopping distance that most experts would agree he was entitled to.

Ms. Alford was unequivocal in blaming Mr. Newcomb. She described it as "a very careless situation" and felt that if Mr. Newcomb had handled it differently "this young man would still have his life."

I mentioned in my first email to everybody that I would be heading on vacation. We made the mistake of driving. I paid attention to the multiple times tractor trailer drivers intentionally forced themselves into adjacent lanes, knowing smaller cars would capitulate and back up or otherwise get out of the way.

I realized this had always bothered me but had never come to the forefront of my brain until this case. Without divulging the facts regarding this case or the parties involved I've just informally asked others about their views on truck drivers doing as I've just described. It is worth trying this informal focus group because every single person gets angry about it.

The only difference here is that the truck changed lanes immediately in front of another car that was in a much faster moving lane and then braked. I think if people harbor anger for the simple action of a tractor trailer coming over at them and forcing them to react, they will be infuriated by what a tractor trailer driver did in this case, especially when the death of a young man is involved.

## WABASH NATIONAL CORPORATION

According to Dr. Chris Ramsay, there were several problems with the underride system on the trailer. First, there was a "lack of penetration" in the welding. This is not only ascertained by visual inspection, which, incidentally, Wayne McCracken also noted at the joint

vehicle inspection.  It is also evidenced by the breaking of the actual welding.  If a weld is proper the base metal should be what breaks rather than the weld.

Additionally, there were bolts missing on either side of the connection between the underride guard and trailer and there were a lack of connection points between the underride guard and the trailer.  Either and/or both of these issues allowed for improper rotation of the underride guard in an offset impact such as this and the underride system failed.

All three of these issues individually and/or collectively led to the failure of the underride system.  The failure of the underride system led to the intrusion into the occupancy space of Alan's vehicle and his death.  Wayne McCracken opines that the delta v for Alan's vehicle was less than 35 mph.  Dr. Joe Burton opines that in such a case Alan statistically would have survived but for the underride system failure.  This is so notwithstanding the use or lack of use of a seatbelt because of the level of intrusion into the occupancy space of Alan's vehicle.

## VENUE

Venue will be in Carroll County which used to be considered conservative, as did our entire circuit.  That has drastically changed.  Next door in Coweta County verdicts have been 5 to 7 times specials even in low impact soft tissue cases and as high as $7.5 to $8 million in the more serious cases.  Troup County was considered even more conservative.  Recently, a lawyer asked for $2 million in closing for the value of the life of the decedent.

The jury awarded $2.5 million, $500,000.00 more than he asked for.  Again, obviously, it was a wrongful death case.  However, in determining the value of her life, keep in mind the jury knew the decedent was an elderly lady, who was a paraplegic living in a nursing home in end-stage renal failure and diagnosed with major depressive order and psychosis.

Just a few weeks ago Tommy and I concluded a jury trial in Troup County.  It was a libel per se case against a pro se defendant.  That sounds easy but they get to say all sorts of inadmissible stuff.  You see where they are going and know it is inadmissible but you have to decide whether to let them go ahead and say it or object and risk the jury thinking you are objecting to beat up on a pro se defendant or, worse, objecting because you are hiding something.

I thought there was a significant chance of a defense verdict for several reasons, not the least of which was we had absolutely $0 dollars in special damages.  However, the jury awarded $600,000.00.  There are varying theories for why all these venues have drastically changed.  I don't proclaim to have the crystal ball as to why they have.  All I know is that they have.

As far as trials in Carroll County, it is like the rest of our circuit.  Ann-Margaret Perkins recently obtained an $80,000.00 verdict on $15,000.00 in medicals for soft tissue injuries with chiropractic treatment and significant treatment gaps.  The jury awarded this despite not believing the plaintiff on her wage loss claim.

And the defense lawyer was no slouch.  It was Josh Ruplin, a lawyer I respect very much who was then with Downey & Cleveland, a firm I respect very much.  By contrast, here we have a wrongful death case of a 23 year old.

## DEMAND

From the estate perspective, while he did not have time to avoid the impact, there is certainly enough evidence that the last thing Alan saw was the back of a tractor trailer as it was about to smash into his face and body.  There is also evidence that Alan had a faint pulse post-wreck and tried to sit up but was told to lie back down.  This would authorize a jury to consider an award of pre-impact pain and suffering due to the shock and fright of impending death and an award of post-impact pain and suffering.

Virtually the same facts have warranted a verdict of over $2,500,000.00 in pre and post-impact pain and suffering alone that was not disturbed on appeal.  *Beam v. Kingsley*, 255 Ga. App. 715 (2002).  In *Beam*, a $2.5 million dollar jury award was upheld when a motorcyclist was aware of an impending collision and swerved to avoid it.  The motorcyclist suffered broken ribs and a collapsed lung and survived for two minutes after the collision.

From a wrongful death economic perspective, Alan had a high school diploma, several year work history and made $18.00 to $19.00 per hour.  At 23 years of age, even the most conservative economist would place the economic value of his life into the seven figures.

From the more important non-economic perspective of his life, Alan was a friendly, athletic, and family-oriented young man who saw or spoke to his mother virtually every day.  Just four days prior to his death he asked his mother for the ring his dad gave her so he could propose to the girl he loved.  After his proposal, they were obviously going to get married.

They had dreams of moving to her hometown of Gulf Shores.  There, he wanted to open a gym and help her open up an ice cream parlor.  In his mother's deposition it appeared to me that there was some skepticism by at least one or more defendants on the ability to accomplish these dreams.  First, I would say that these are not grandiose dreams and I don't think a jury would punish a 23 year old for having them.  Second, I would not envy the task of trying to convince a jury that this dead young man's simple dreams were unattainable.

With all of these factors in mind, Rita has authorized us to demand $2.5 million dollars combined from the defendants named above.  I discussed "conservative" venues above.  Matt and Kate have set a consistent track record of going to such venues and obtaining record verdicts, especially in disputed liability cases.

However, in making this demand I am also aware there are factors playing against us, not the least of which is that every lawyer to whom this letter is addressed is of the highest caliber.  Also, given the complexity of the case, it will require numerous experts and, therefore, large amounts of expenditures by all parties.

Since this demand is sent post-suit, it is obviously not subject to O.C.G.A. § 9-11-67.1 but feel free to seek any clarification regarding this letter.  This demand is also not sent under any other statute or common law doctrine.  It is simply an effort at exploring whether there is any interest in discussing settlement before we heavily delve into the complex and expensive path that lies ahead for all.

I do want to emphasize that this demand is made with all of the factors revealed thus far in this case considered.  I do not think it would be fair for any defendant to consider the amount demanded as an "anchor" if we are unable to settle the case early and the facts move even more in our favor as litigation continues.  I would appreciate a response within 30 days if possible given the amount to do that lies ahead if settlement discussions are not possible.

Either way, I look forward to working with all of you.

Sincerely,

Jon Greer

CC:

Christopher J. Adams, Esq.
Jan P. Cohen, Esq.
KENNETH S. NUGENT
1355 Peachtree Street, NE
Suite 100
Atlanta, Georgia   30309

Matthew E. Cook, Esq.
Kate S. Cook, Esq.
COOK LAW GROUP
500 Jesse Jewell Parkway
#201
Gainesville, Georgia   30501

Fred Valz, III, Esq.
William Underwood, Esq.
CARLOCK, COPELAND & STAIR
191 Peachtree Street, NE
Suite 3600
Atlanta, Georgia   30303

R. Christopher Harrison, Esq.
DOWNEY & CLEVELAND
Buckhead Centre
Suite 440
2964 Peachtree Road, NW
Atlanta, Georgia   30305

## Heather Grice

| | |
|---|---|
| **From:** | Joe White |
| **Sent:** | Thursday, December 08, 2016 1:22 PM |
| **To:** | Heather Grice |
| **Subject:** | FW: Meeks v. Wabash - Keown dismissal / deposition dates |
| **Attachments:** | Joint Motion and Order for Consent Dismissal With Prejudice.docx |

Joe White
**Fried & Bonder, LLC**
Direct: (404) 924-4150
Main: (404) 995-8808
Fax: (404) 995-8899



**From:** Jon Greer [mailto:jon@greertisingerlaw.com]
**Sent:** Friday, November 04, 2016 2:12 PM
**To:** Chris Harrison <harrison@downeycleveland.com>; Matt Cook <matt@cook-lawgroup.com>; kate@cook-lawgroup.com; Christopher J. Adams (ATL) <cadams@attorneykennugent.com>; Joe White <jwhite@friedbonder.com>; Paul Jefferson <pjefferson@jeffersonbrewer.com>; John D. Dixon <jdixon@dcplaw.com>
**Subject:** Meeks v. Wabash - Keown dismissal / deposition dates

I have attached a consent motion and Order for dismissal of Mr. Keown, the one that caused the wreck hours before.  Is everybody fine with me signing their names to it?

John, any word yet on getting us deposition dates for the driver and supervisor?  Thanks and have a great weekend - Jon.

**Jon Greer**
*Physical Address:*  110 Dixie Street, Suite 300
                              Carrollton, GA  30117
*Mailing Address:*   P. O. Box 529
                              Carrollton, GA  30112
Phone:    (770) 836-8327
Fax:        (770) 838-9756
www.greertisingerlaw.com



EXHIBIT
2

1

IN THE SUPERIOR COURT OF CARROLL COUNTY

STATE OF GEORGIA

RITA MEEKS, Individually, and     \*
as Administratrix of the Estate of ALAN     \*
HEMBREE,     \*     **CIVIL ACTION**
    *Plaintiffs,*     \*     **FILE NO.  15CV01044**
    \*
**vs.**     \*     **JUDGE:  Kirby**
    \*
**EULUS HOLBERT KEOWN, JR.,**     \*
**ROBERT LYNN NEWCOMB,**     \*
**CELEDON TRUCKING SERVICES,**     \*
**INC., and WABASH NATIONAL**     \*
**CORPORATION,**     \*
    *Defendants.*     \*

---

## JOINT MOTION FOR CONSENT DISMISSAL WITH PREJUDICE

The parties to this case, by and through their attorneys, show this Court as follows:

1.

Parties may be dropped or added by Order of the Court on Motion of any party or of its own initiative at any stage of the action and on such terms as are just. O.C.G.A. §9-11-21.

2.

Plaintiffs move the Court to Dismiss With Prejudice Eulus Holbert Keown.

Should the Court see fit to grant this Dismissal, a proposed Order is attached.

This _____ day of November, 2016.

*(Signatures continue on next page)*

PREPARED BY:

BY:_____

    Jon Greer
Georgia Bar No. 107106
GREER TISINGER, LLC
210 South Street
Carrollton, Georgia  30117
Telephone:  (770) 836-8327
Facsimile:  (770) 838-9756
jon@greertisingerlaw.com
**Attorney for Plaintiffs**

By:_____

    Matthew E. Cook
Georgia Bar No.:  184399
Kate S. Cook
Georgia State Bar No. 280584
COOK LAW GROUP
P.O. Box 2415
Gainesville, Georgia  30503
Telephone:  (678) 928-3899
matt@cook-lawgroup.com
kate@cook-lawgroup.com
*(Signed with express permission by Jon Greer)*
**Attorneys for Plaintiffs**

KENNETH S. NUGENT, P.C.

By: _____

    Christopher J. Adams
Georgia State Bar No.  002709
Jan P. Cohen
Georgia State Bar No.  174337
*(Signed with express permission by Jon Greer)*
**Attorneys for Plaintiffs**

1355 Peachtree Street, NE
Suite 1000
Atlanta, Georgia  30309
Telephone:  (404) 253-5839
Facsimile:  (404) 420-2195
cadams@attorneykennugent.com
jcohen@attorneykennugent.com

*(Signatures continue on next page)*

CARLOCK, COPELAND & STAIR, LLP


By: _____
       Fred M. Valz, III
       Georgia State Bar No. 723379
       William Underwood
       Georgia State Bar No. 401805
*(Signed with express permission by Jon Greer)*
**Attorneys for Defendant Geico Indemnity Company**

191 Peachtree Street, NE
Suite 3600
Atlanta, Georgia  30303-1740
Telephone:  (404) 522-8220
Facsimile:  (404) 523-2345
fvalz@carlockcopeland.com
wunderwood@carlockcopeland.com


DENNIS, CORRY, PORTER & SMITH, LLP


By: _____
       John D. Dixon
       Georgia State Bar No. 223376
       Jan Seanor Sigman
       Georgia State Bar No. 076229
*(Signed with express permission by Jon Greer)*
**Attorneys for Defendants Newcomb & Celadon Trucking Services, Inc.**

3535 Piedmont Road, NE
14 Piedmont Center
Suite 900
Atlanta, Georgia  30305-4611
Telephone:  (404) 365-0102
Facsimile:  (404) 365-0134
jdixon@dcplaw.com
jsigman@dcplaw.com


*(Signatures continue on next page)*

DOWNEY & CLEVELAND, LLP


By: _____
     R. Christopher Harrison
     Georgia State Bar No. 333199
     (*Signed with express permission by Jon Greer*)
     **Attorney for Defendant Keown**

288 Washington Ave.
Marietta, Georgia   30060
Telephone:  (770) 422-3233
Facsimile:  (770) 423-4199
harrison@downeycleveland.com


FRIED & BONDER, LLC


By: _____
     Joseph A. White
     Georgia State Bar No. 754315

     (*Signed with express permission by Jon Greer*)
     **Attorney for Defendant Wabash National Corporation**

White Provision
Suite 305
1170 Howell Mill Road, NW
Atlanta, GA   30318
Telephone:  (404) 995-8808
Facsimile:  (404)-995-8899
jwhite@friedbonder.com


JEFFERSON & BREWER, LLC


By: _____
     Paul Jefferson
     Indiana State Bar No. 23939-49
     (*Signed with express permission by Jon Greer*)
     **Attorney for Defendant Wabash National Corporation**

300 N. Meridian Street
Suite 220
Indianapolis, IN   46204
Telephone:  (317) 215-6220
Facsimile:  (317) 2520275
pjefferson@jeffersonbrewer.com

# IN THE SUPERIOR COURT OF CARROLL COUNTY

## STATE OF GEORGIA

| | | |
|---|---|---|
| RITA MEEKS, Individually, and | * | |
| as Administratrix of the Estate of ALAN | * | |
| HEMBREE, | * | **CIVIL ACTION** |
| *Plaintiffs,* | * | **FILE NO.  15CV01044** |
| | * | |
| vs. | * | **JUDGE:  Kirby** |
| | * | |
| EULUS HOLBERT KEOWN, JR., | * | |
| ROBERT LYNN NEWCOMB, | * | |
| CELEDON TRUCKING SERVICES, | * | |
| INC., and WABASH NATIONAL | * | |
| CORPORATION, | * | |
| *Defendants.* | * | |

## ORDER ON JOINT MOTION FOR CONSENT DISMISSAL WITH PREJUDICE

The Court being advised that Plaintiffs and Defendants consent and agree to Dismiss

With Prejudice Eulus Holbert Keown, Jr.;

**IT IS HEREBY ORDERED** that Plaintiffs' and Defendants' Joint Consent Motion to

Dismiss Eulus Holbert Keown, Jr. With Prejudice is hereby GRANTED.

SO ORDERED, this _____ day of November, 2016.


_____

Judge Jack Kirby
Superior Court of Carroll County

## Heather Grice

| | |
|---|---|
| **From:** | Joe White |
| **Sent:** | Thursday, December 08, 2016 1:23 PM |
| **To:** | Heather Grice |
| **Subject:** | FW: PeachCourt Activity Case #SUCV2015001044: Notice of Service |

Joe White
**Fried & Bonder, LLC**
Direct: (404) 924-4150
Main: (404) 995-8808
Fax: (404) 995-8899

   



**From:** PeachCourt Notifications [mailto:notifications@peachcourt.com]
**Sent:** Monday, December 05, 2016 2:58 PM
**To:** matt@cook-lawgroup.com; kate@cook-lawgroup.com; cadams@attorneykennugent.com; jcohen@attorneykennugent.com; jdixon@dcplaw.com; jsigman@dcplaw.com; Joe White <jwhite@friedbonder.com>; harrison@downeycleveland.com
**Subject:** PeachCourt Activity Case #SUCV2015001044: Notice of Service

You are receiving an ELECTRONIC SERVICE COPY of the following filing. Please do not reply to this message.

Filing Date: 12/5/2016 at 10:23 AM
Filer: Jon Greer
Peach #: E-ZR4XDRSW
Case #: SUCV2015001044
Assigned Judge: J024
Case Name: MEEKS v KEOWN, et al
Court: Carroll County Superior

A file-stamped copy of each document is available for you to download. The download link is available for 30 days from the time this message was sent.

If the links below are not clickable, please copy and paste each link into your browser.
Motion | | https://peachcourt.com/Redirect?id=3LTPSWOT

Order | | https://peachcourt.com/Redirect?id=CGRSHTH0

If you are an attorney and you haven't taken advantage of PeachCourt, Georgia's eFiling and Document Access solution, then we invite you to register for your free account at https://peachcourt.com.

**EXHIBIT**

**3**

PeachCourt is powered by a partnership between the Council of Superior Court Clerks of Georgia and GreenCourt Legal Technologies, LLC.

IN THE SUPERIOR COURT CARROLL COUNTY

STATE OF GEORGIA

| | | |
|---|---|---|
| RITA MEEKS, individually and as Administratrix of the Estate of ALAN HEMBREE, | ) ) ) | |
| Plaintiff, | ) ) | CIVIL ACTION FILE |
| vs. | ) ) | NO. 15CV01044 |
| EULUS HOLBERT KEOWN, JR., ROBERT LYNN NEWCOMB, CELADON TRUCKING SERVICES, INC., and WABASH NATIONAL CORPORATION, | ) ) ) ) ) | |
| Defendants. | ) | |

### PLAINTIFF'S FIRST SUPPLEMENTAL RESPONSE TO DEFENDANT WABASH NATIONAL CORPORATION'S FIRST CONTINUING INTERROGATORIES TO PLAINTIFF

COMES NOW, Plaintiff Rita Meeks, and files these supplemental responses to Defendant Wabash National Corporation's First Continuing Interrogatories to Plaintiff within the time allowed by law, and answers or objects as follows:

1. Plaintiff objects to each and every discovery request to the extent that it would require Plaintiff to respond by disclosing her attorneys' or other of her representatives' mental impressions, conclusions, opinions, computations, calculations, projections, reasons, legal theories, trial preparation materials, other work product, or the like, identity of non-witness expert consultants, without the required showing, on the ground that said discovery request exceeds the permissible scope of discovery under the Georgia Civil Practice Act.

2. Plaintiff objects to each and every discovery request to the extent that it, whether standing alone or taken in conjunction with any and all discovery requests, is

*Rita Meeks, Individually and as Administratrix of the Estate of Alan Hembree v. Eulus Holbert Keown, Jr., Robert Lynn Newcomb, Celadon Trucking Services, Inc., and Wabash National Corporation*
Plaintiff's Supplemental Responses to Defendant Wabash National Corporation's First Interrogatories
(Superior Court of Carroll County – CAFN: 15CV01044)



**EXHIBIT**

4

calculated or would operate to annoy, oppress, unduly burden, or unduly cause expense to Plaintiff, or would be unduly vexatious or unduly burdensome to respond to, or would require Plaintiff to engage in investigative efforts burdensome to respond to, or would require Plaintiff to engage in investigative efforts burdensome to the point of oppression, on the ground that said discovery request exceeds the permissible scope of discovery under the Georgia Civil Practice Act.

3.   Plaintiff objects to each and every discovery request to the extent same requires Plaintiff to respond by acquiring or supplying information which would be irrelevant to the subject matter or issues of this action and is not reasonably calculated to lead to the discovery of admissible evidence, on the ground that said discovery request exceeds the permissible scope of discovery under the Georgia Civil Practice Act.

4.   Plaintiff objects to each and every discovery request to the extent that same requires Plaintiff to respond by waiving her attorney-client privilege or furnishing work product, on the ground that said discovery request exceeds the permissible scope of discovery under the Georgia Civil Practice Act.

5.   Plaintiff objects to each and every discovery request to the extent that same requires Plaintiff to respond by summarizing for Defendant the knowledge of persons or witnesses who may have knowledge of facts relevant to the subject matter of this action on the ground that same would be unduly vexatious or unduly burdensome to respond to, or would require Plaintiff to engage in investigative efforts burdensome to the point of oppression, and therefore said discovery request exceeds the permissible scope of discovery under the Georgia Civil Practice Act.

*Rita Meeks, Individually and as Administratrix of the Estate of Alan Hembree v. Eulus Holbert Keown, Jr., Robert Lynn Newcomb, Celadon Trucking Services, Inc., and Wabash National Corporation*
Plaintiff's Supplemental Responses to Defendant Wabash National Corporation's First Interrogatories
(Superior Court of Carroll County – CAFN: 15CV01044)
                                                                                    Page 2

6. Plaintiff objects to each and every discovery request to the extent that it would require Plaintiff to respond by disclosing any information regarding expert witnesses or consultants who have been retained, employed or consulted with, and who are not expected to be called as a witness at trial. There has been no showing of exceptional circumstances or undue hardship, and such discovery request exceeds the permissible scope of discovery under the Georgia Civil Practice Act. It is an attempt to invade counsel's work product and to obtain confidential, undiscoverable information.

7. Plaintiff objects that the number of Interrogatories served including subparts exceeds the amount allowed by the Civil Practice Act. By answering the below, Plaintiffs do not waive their right to object on numerosity.

Without waiving, and specifically reserving the above objections, Plaintiff responds to the interrogatories propounded by Defendant Wabash National Corporation, as follows:

### INTERROGATORIES

3. For each expert witness You expect to call at trial, please state the following:

    a. The name, address and occupation of each expert witness;

    b. The subject matter on which such expert witness is expected to testify;

    c. The substance of the facts and opinions to which such expert witness is expected to testify; and

    d. A summary of the grounds for each such opinion.

*Rita Meeks, Individually and as Administratrix of the Estate of Alan Hembree v. Eulus Holbert Keown, Jr., Robert Lynn Newcomb, Celadon Trucking Services, Inc., and Wabash National Corporation*
Plaintiff's Supplemental Responses to Defendant Wabash National Corporation's First Interrogatories
(Superior Court of Carroll County – CAFN: 15CV01044)

Page 3

RESPONSE: Plaintiff has not yet identified a person who may be called as an expert witness at trial but will supplement this response pursuant to O.C.G.A. § 9-11-26(b)(4)(A)(ii) when and if such expert is identified.

FIRST SUPPLEMENTAL RESPONSE: Plaintiff has still not identified what experts will testify at trial. In the interest of disclosing as much information as possible plaintiffs have consulted with the following experts and obtained the following opinions:

Chris Ramsay, Ph.D., Metallurgical Engineer
14782 C.R. 8160
Rolla, MO 65401
573-201-3315

Steven Christoffersen, P.E., Failure Analysis Expert
999 E. Basse Rd.
Suite 180-431
San Antonio, TX 78209
210-602-7177

Dr. Ramsay and Steve Christofferson are expected to opine that the vertical welds underneath the belly of the trailer on both sides failed. They are expected to opine that the triangular bracket that acts as a brace was secured with only one bolt to the belly of the trailer which allowed the underride bar to rotate in collisions such as this one that were not dead center. There were holes for other bolts but it appears these bolts were intentionally left out.

Both are also anticipated to opine that the welds on the bracket itself were inadequate and failed and the bend radius on the beams of the belly of the trailer may be inadequate as well. Both believe that the multiple weld failures identified

*Rita Meeks, Individually and as Administratrix of the Estate of Alan Hembree v. Eulus Holbert Keown, Jr., Robert Lynn Newcomb, Celadon Trucking Services, Inc., and Wabash National Corporation*
Plaintiff's Supplemental Responses to Defendant Wabash National Corporation's First Interrogatories
(Superior Court of Carroll County – CAFN: 15CV01044)

Page 4

above were due to a lack of penetration at the time of fabrication.  Dr. Ramsay

needs to reinspect the trailer and guard.  Mr. Christofferson has only inspected both

by photographs that are being produced as Bates Nos. 562-567 and needs to inspect

both in person as well.  Therefore, Plaintiff reserves the right to supplement this

response.

**Wayne McCracken, P.E., Collision Reconstructionist**
**P.O. Box 17149**
**Chapel Hill, NC 27516**

Wayne McCracken is expected to opine that the delta v for Alan's vehicle was less

than 35 mph.  This is based on his reconstruction of the collision and the crush

profile of Alan's Kia.

**Dr. Joseph Burton, Forensic Pathologist**
**13784 Highway 9**
**Alpharetta, GA 30004**
**770-777-0437**

Dr. Burton is expected to opine that in such a collision Alan statistically would have

survived but for the underride system failure.  This is so notwithstanding the use or

lack of use of a seatbelt because of the level of intrusion into the occupancy space of

Alan's vehicle.  Plaintiff reserves the right to supplement the entirety of response to

this interrogatory as discovery is on-going.  Additionally, Dr. Ramsay is supposed to

provide photographs and an updated CV but has been unavailable.  Plaintiff will

provide these items as soon as they are in Plaintiff's possession.  CV's for all four of

the above are being produced as Bates Nos. 568-626.

*Rita Meeks, Individually and as Administratrix of the Estate of Alan Hembree v. Eulus Holbert Keown, Jr., Robert Lynn Newcomb, Celadon Trucking Services, Inc., and Wabash National Corporation*
Plaintiff's Supplemental Responses to Defendant Wabash National Corporation's First Interrogatories
(Superior Court of Carroll County – CAFN:  15CV01044)

Page 5

4.      Please identify each person (other than your attorney) who has made any written

or oral report, memorandum, or statement to You or anyone acting on Your

behalf regarding the Occurrence, and identify each document that constitutes or

refers to each such report, memorandum, or statement.

**RESPONSE:** Plaintiff objects to this Request to the extent it would require

Plaintiff to respond by disclosing her attorneys' or other of her representatives'

mental impressions, conclusions, opinions, computations, calculations, projections,

reasons, legal theories, trial preparation materials, other work product, or the like,

or the identity of non-witness expert consultants, without the required showing, on

the ground that said discovery request exceeds the permissible scope of discovery

under the Georgia Civil Practice Act. Subject to and without waiving those

objections, Plaintiff refers to the wreck report, depositions and items exchanged in

the prior action which may be responsive to this Interrogatory.

**FIRST SUPPLEMENTAL RESPONSE:**   Please see the response to

Interrogatory No. 3 and Bates Nos. 562-567 with comments on them by Steve

Christoffersen, P.E.

5.      Please identify each person who was a witness to the Occurrence through sight or

hearing and/or has knowledge of facts concerning the happening of the

Occurrence or conditions or circumstances at the scene of the Occurrence prior to,

at the time of, or after the Occurrence.

**RESPONSE:** Plaintiff objects to the extent it seeks to invade the mental

impressions and work product of Plaintiff's counsel.   Plaintiff also objects to

*Rita Meeks, Individually and as Administratrix of the Estate of Alan Hembree v. Eulus Holbert Keown, Jr., Robert Lynn Newcomb, Celadon Trucking Services, Inc., and Wabash National Corporation*
Plaintiff's Supplemental Responses to Defendant Wabash National Corporation's First Interrogatories
(Superior Court of Carroll County – CAFN:  15CV01044)

Page 6

identifying consulting, non-testifying experts. Subject to these objections, Plaintiff refers to those persons named in the documents and pleadings exchanged by the parties in this case, and identifies the following individuals who Plaintiff is aware were at the scene and/or may have factual knowledge of the subject collision and/or the collision scene. Discovery is on-going, and Plaintiff reserves the right to supplement her response to all parts of this Interrogatory.

1. Alan Hembree

2. Defendants and its insurers

3. Jennifer Alford
   221 Stagecoach Pass
   Temple, GA 30179

4. Two unknown men who stopped at the scene of the wreck.

5. Georgia State Patrol
   Trooper Addison
   Sgt. D.J. Irvin
   Post 4
   746 W. Bankhead Highway
   Villa Rica, GA 30180
   770-459-3661

6. Douglas County Sheriff's Office
   Office Gordon Christopher Ernst
   Sgt. Sharon Lee Carroll
   Deputy Jeffrey Lee Duncan
   Sgt. Howell
   8470 Earl D. Lee Blvd.
   Douglasville, GA 30134
   770-942-2121

7. Officer Brad Orange
   Georgia Department of Public Safety
   Motor Carrier Compliance Division
   P.O. Box 1456

*Rita Meeks, Individually and as Administratrix of the Estate of Alan Hembree v. Eulus Holbert Keown, Jr., Robert Lynn Newcomb, Celadon Trucking Services, Inc., and Wabash National Corporation*
Plaintiff's Supplemental Responses to Defendant Wabash National Corporation's First Interrogatories
(Superior Court of Carroll County – CAFN: 15CV01044)

Page 7

Atlanta, GA 30371
404-624-7211

8.  **Members/employees of the Douglas County Fire Department**

9.  **Fairplay Towing & Recovery**

10. **All persons identified by any party in the previous action.**

FIRST SUPPLEMENTAL RESPONSE:

11. **Dr. Joseph Burton**
    **13784 Highway 9**
    **Alpharetta, GA 30004**
    **770-777-0437**

12. **Wayne McCracken, P.E.**
    **P.O. Box 17149**
    **Chapel Hill, NC 27516**

13. **Chris Ramsay, Ph.D.**
    **14782 C.R. 8160**
    **Rolla, MO 65401**
    **573-201-3315**

14. **Steven Christoffersen, P.E.**
    **999 E. Basse Rd.**
    **Suite 180-431**
    **San Antonio, TX 78209**
    **210-602-7177**

7.    Please state whether, at any time after the Occurrence, you or any person on your

behalf examined the Product or any of its Components and, if so, describe the

nature and results of each examination, identify the person who performed it, and

identify each document that refers to it.

RESPONSE: **Plaintiff objects to the extent this seeks to invade the work**

**product of Plaintiff's counsel and to discover the identity of consulting, non-**

*Rita Meeks, Individually and as Administratrix of the Estate of Alan Hembree v. Eulus Holbert Keown, Jr., Robert Lynn Newcomb, Celadon Trucking Services, Inc., and Wabash National Corporation*
Plaintiff's Supplemental Responses to Defendant Wabash National Corporation's First Interrogatories
(Superior Court of Carroll County – CAFN: 15CV01044)

Page 8

testifying experts. Subject to and without waiving said objections, Plaintiff states that she took pictures of Mr. Hembree's vehicle after the Subject Collision while it was impounded at the tow yard. The underride guard bar was still attached to Mr. Hembree's vehicle at that point. See BATES Numbers 000233-000238. Plaintiff further states that the following experts, with a representative for Wabash National Corporation present, inspected Mr. Hembree's vehicle/underride guard before Wabash was given possession of it:

1.  Wayne McCracken, P.E.
    McCracken Engineering
    P.O. Box 17149
    Chapel Hill, NC 27516
    Reconstruction Expert

2.  Verifact Corporation
    Jerry Wallingford, P.E.
    11220 West Loop 1604 North
    San Antonio, TX 78254
    Design and Failure Expert

3.  Joseph L. Burton, M.D.
    13784 Highway 9
    Alpharetta, GA 30004
    Biomechanics Expert

4.  Chris Ramsay, Ph.D.
    Ramsay Scientific, Inc.
    14782 C.R. 8160
    Rolla, Missouri 65401
    Metallurgist Expert

FIRST SUPPLEMENTAL RESPONSE:

5.  Steven Christoffersen, P.E.
    999 E. Basse Rd.
    Suite 180-431
    San Antonio, TX 78209

*Rita Meeks, Individually and as Administratrix of the Estate of Alan Hembree v. Eulus Holbert Keown, Jr., Robert Lynn Newcomb, Celadon Trucking Services, Inc., and Wabash National Corporation*
Plaintiff's Supplemental Responses to Defendant Wabash National Corporation's First Interrogatories
(Superior Court of Carroll County – CAFN: 15CV01044)

Page 9

210-602-7177

Mr. Christoffersen has examined the trailer and guard via photographs and his written comments on these photographs are being produced at Bates Nos. 562-567.

8.    Please state whether, at any time, you or any person on your behalf conducted any test, study, or other analysis concerning possible safety or health hazards of the Product, any of its Components, or of any substantially similar product or components and, if so, describe the nature and results of each test, study, or analysis, state when it was performed, identify each person who performed it, and identify each document that refers to it.

RESPONSE: Plaintiff objects to this Request to the extent it would require Plaintiff to respond by disclosing her attorneys' or other of her representatives' mental impressions, conclusions, opinions, computations, calculations, projections, reasons, legal theories, trial preparation materials, other work product, or the like, or the identity of non-witness expert consultants, without the required showing, on the ground that said discovery request exceeds the permissible scope of discovery under the Georgia Civil Practice Act. Without waiving said objection, Plaintiff states that there has been no testing of the Product or its Components.

FIRST SUPPLEMENTAL RESPONSE: To the extent examining the trailer and underride guard could be considered an analysis please see the response to Interrogatory No. 3 and Bates Nos. 562-567.

13.    Please identify the speed at which you contend Decedent's vehicle was traveling

*Rita Meeks, Individually and as Administratrix of the Estate of Alan Hembree v. Eulus Holbert Keown, Jr., Robert Lynn Newcomb, Celadon Trucking Services, Inc., and Wabash National Corporation*
Plaintiff's Supplemental Responses to Defendant Wabash National Corporation's First Interrogatories
(Superior Court of Carroll County – CAFN: 15CV01044)

Page 10

at the time of the Subject Collision, and identify the specific factual basis for your contention.

**RESPONSE**: Plaintiff objects to this Interrogatory to the extent that it would require Plaintiff to respond by disclosing her attorneys' or other of her representatives' mental impressions, conclusions, opinions, computations, calculations, projections, reasons, legal theories, trial preparation materials, other work product, or the like without the required showing. Further, Defendant has its own lawyer who can assess the legal significance of the evidence in this case. Without waiving same objections, Plaintiff responds as follows: Plaintiff refers to the Complaint and the documents and pleadings exchanged in this case. As discovery is on-going, Plaintiff reserves the right to supplement her response to all parts of this Response.

**FIRST SUPPLEMENTAL RESPONSE**: Alan was traveling 65 to 70 miles per hour prior to the collision based on Jennifer Alford's testimony. There was a delta v of less than 35 miles per hour at the time of the collision according to Wayne McCracken, P.E., Plaintiff's reconstructionist.

14.     Please identify the speed at which you contend the Celadon tractor trailer was traveling at the time of the Subject Collision, and identify the specific factual basis for your contention.

**RESPONSE**: Plaintiff objects to this Interrogatory to the extent that it would require Plaintiff to respond by disclosing her attorneys' or other of her representatives' mental impressions, conclusions, opinions, computations,

*Rita Meeks, Individually and as Administratrix of the Estate of Alan Hembree v. Eulus Holbert Keown, Jr., Robert Lynn Newcomb, Celadon Trucking Services, Inc., and Wabash National Corporation*
Plaintiff's Supplemental Responses to Defendant Wabash National Corporation's First Interrogatories
(Superior Court of Carroll County – CAFN: 15CV01044)

Page 11

calculations, projections, reasons, legal theories, trial preparation materials, other work product, or the like without the required showing. Without waiving same objections, Plaintiff responds as follows:  Plaintiff refers to the Complaint and the documents and pleadings exchanged in this case.  As discovery is on-going, Plaintiff reserves the right to supplement her response to all parts of this Response.

FIRST SUPPLEMENTAL RESPONSE:  We only know that it was traveling slower than Alan's vehicle and slow enough to create a delta v of less than 35 miles per hour for Alan's vehicle at the time of the collision.

17.    Please describe how you believe the Occurrence happened, including all causes.

RESPONSE: Plaintiff objects to this Interrogatory to the extent that it would require Plaintiff to respond by disclosing her attorneys' or other of her representatives' mental impressions, conclusions, opinions, computations, calculations, projections, reasons, legal theories, trial preparation materials, other work product, or the like without the required showing. Further, Defendant has its own lawyer who can assess the legal significance of the evidence in this case. Without waiving same objections, Plaintiff responds as follows:  Plaintiff refers to the Complaint and the documents and pleadings exchanged in this case.   As discovery is on-going, Plaintiff reserves the right to supplement her response to all parts of this Response.

FIRST SUPPLEMENTAL RESPONSE:  Alan was driving in the far left lane on I-20.  The Celadon truck, which was traveling slower than Alan in the lane to the right of him due to heavier traffic in that lane, suddenly pulled into Alan's path

*Rita Meeks, Individually and as Administratrix of the Estate of Alan Hembree v. Eulus Holbert Keown, Jr., Robert Lynn Newcomb, Celadon Trucking Services, Inc., and Wabash National Corporation*
Plaintiff's Supplemental Responses to Defendant Wabash National Corporation's First Interrogatories
(Superior Court of Carroll County – CAFN:  15CV01044)

Page 12

immediately ahead of Alan.  It is also believed that the Celadon truck driver hit his brakes as he was pulling into Alan's path.  Due to the Celadon truck pulling directly into Alan's path at a much slower speed, due to its driver then hitting his brakes or due to a combination of both, Alan was unable to avoid running into the Celadon truck's trailer.   The underride guard then failed for the reasons set forth in response to Interrogatory No. 3.

18.    Please identify the specific way(s) in which you contend the Product was "defective" or "unreasonably dangerous" at the time of the Occurrence, state how long the alleged defective or unreasonably dangerous condition(s) existed before the Occurrence, and identify each person and document having or containing information that supports your contention(s).

RESPONSE: Plaintiff objects to this Interrogatory to the extent that it would require Plaintiff to respond by disclosing her attorneys' or other of her representatives' mental impressions, conclusions, opinions, computations, calculations, projections, reasons, legal theories, trial preparation materials, other work product, or the like without the required showing. Further, Defendant has its own lawyer who can assess the legal significance of the evidence in this case. Without waiving same objections, Plaintiff responds as follows:  Plaintiff refers to the Complaint and the documents and pleadings exchanged in this case.   As discovery is on-going, Plaintiff reserves the right to supplement her response to all parts of this Response.

*Rita Meeks, Individually and as Administratrix of the Estate of Alan Hembree v. Eulus Holbert Keown, Jr., Robert Lynn Newcomb, Celadon Trucking Services, Inc., and Wabash National Corporation*
Plaintiff's Supplemental Responses to Defendant Wabash National Corporation's First Interrogatories
(Superior Court of Carroll County – CAFN: 15CV01044)
Page 13

FIRST  SUPPLEMENTAL  RESPONSE:   Please  see  the  response  to Interrogatory No. 3.

19.     Identify each person who you contend is responsible for causing the alleged "defective" or "unreasonably dangerous" condition(s) of the Product, and identify each person and document having or containing information that supports your contention.

RESPONSE: Plaintiff objects to this Interrogatory to the extent that it would require  Plaintiff  to  respond  by  disclosing  her  attorneys'  or  other  of  her representatives'  mental  impressions,  conclusions,  opinions,  computations, calculations, projections, reasons, legal theories, trial preparation materials, other work product, or the like without the required showing. Further, Defendant has its own lawyer who can assess the legal significance of the evidence in this case. Without waiving same objections, Plaintiff responds as follows:  Plaintiff refers to the  Complaint  and  the  documents  and  pleadings  exchanged  in  this  case.   As discovery is on-going, Plaintiff reserves the right to supplement her response to all parts of this Response.

FIRST SUPPLEMENTAL RESPONSE:  The person(s) who did the welding and  the  person(s)  who  designed  the  bracket  with  the  missing  bolt  identified  in Interrogatory No. 3 would be responsible for those defects.  Please also see Bates Nos. 562-567.

21.     Please identify the facts that support your contention that the Product, on the date of the Occurrence, was without substantial change in the condition in which it was

*Rita Meeks, Individually and as Administratrix of the Estate of Alan Hembree v. Eulus Holbert Keown, Jr., Robert Lynn Newcomb, Celadon Trucking Services, Inc., and Wabash National Corporation*
Plaintiff's Supplemental Responses to Defendant Wabash National Corporation's First Interrogatories
(Superior Court of Carroll County -- CAFN:  15CV01044)

Page 14

manufactured, and identify each person and document having or containing information that supports your contention.

**RESPONSE: Plaintiff objects to this Interrogatory to the extent that it would require Plaintiff to respond by disclosing her attorneys' or other of her representatives' mental impressions, conclusions, opinions, computations, calculations, projections, reasons, legal theories, trial preparation materials, other work product, or the like without the required showing. Further, Defendant has its own lawyer who can assess the legal significance of the evidence in this case. Without waiving same objections, Plaintiff responds as follows: Plaintiff refers to the Complaint and the documents and pleadings exchanged in this case. Plaintiff was not in control of the product at any time and refers to the persons/entities that possessed the product. As discovery is on-going, Plaintiff reserves the right to supplement her response to all parts of this Response.**

**FIRST SUPPLEMENTAL RESPONSE: Please see the response to Interrogatory No. 3. (All defects occurred at the time of fabrication).**

22.     Please identify each Component of the Product you contend to be defective and:

a.   Identify whether you contend that its alleged defect is one of design or manufacture;

b.   Describe the specific nature of each alleged design or manufacturing defect;

c.   Identify the facts that support your contention; and

*Rita Meeks, Individually and as Administratrix of the Estate of Alan Hembree v. Eulus Holbert Keown, Jr., Robert Lynn Newcomb, Celadon Trucking Services, Inc., and Wabash National Corporation*
Plaintiff's Supplemental Responses to Defendant Wabash National Corporation's First Interrogatories
(Superior Court of Carroll County – CAFN: 15CV01044)

Page 15

d.  Identify each person and document having or containing information that supports your contention.

RESPONSE: Plaintiff objects to this Interrogatory to the extent that it would require Plaintiff to respond by disclosing her attorneys' or other of her representatives' mental impressions, conclusions, opinions, computations, calculations, projections, reasons, legal theories, trial preparation materials, other work product, or the like without the required showing. Further, Defendant has its own lawyer who can assess the legal significance of the evidence in this case. Without waiving same objections, Plaintiff responds as follows:  Plaintiff refers to the Complaint and the documents and pleadings exchanged in this case.   As discovery is on-going, Plaintiff reserves the right to supplement her response to all parts of this Response.

FIRST SUPPLEMENTAL RESPONSE:   Please see the response to Interrogatory No. 3.  The inadequate welding but be a manufacturing defect.  The lack of bolts is likely a design defect but Plaintiff cannot rule out that it was a manufacturing defect at this time.

23.   With respect to each Component at Issue for which you contend there was a defect in design, please identify the particulars of each alternative safer design that you contend could and should have been employed and state the cost of the alternative safer design.

RESPONSE: Plaintiff objects to this Interrogatory to the extent that it would require Plaintiff to respond by disclosing her attorneys' or other of her

*Rita Meeks, Individually and as Administratrix of the Estate of Alan Hembree v. Eulus Holbert Keown, Jr., Robert Lynn Newcomb, Celadon Trucking Services, Inc., and Wabash National Corporation*
Plaintiff's Supplemental Responses to Defendant Wabash National Corporation's First Interrogatories
(Superior Court of Carroll County – CAFN: 15CV01044)

Page 16

representatives' mental impressions, conclusions, opinions, computations, calculations, projections, reasons, legal theories, trial preparation materials, other work product, or the like without the required showing. Further, Defendant has its own lawyer who can assess the legal significance of the evidence in this case. Without waiving same objections, Plaintiff responds as follows:  Plaintiff refers to the Complaint and the documents and pleadings exchanged in this case.   As discovery is on-going, Plaintiff reserves the right to supplement her response to all parts of this Response.

FIRST SUPPLEMENTAL RESPONSE:   Please see the response to Interrogatory No. 3.  (For example, there should have been extra bolts and full thickness welds).

25.     If you contend that any Component at Issue was not properly installed before the Occurrence, please identify the facts that support your contention and identify each person and document having or containing information that supports your contention.

RESPONSE: Plaintiff objects to this Interrogatory to the extent that it would require Plaintiff to respond by disclosing her attorneys' or other of her representatives' mental impressions, conclusions, opinions, computations, calculations, projections, reasons, legal theories, trial preparation materials, other work product, or the like without the required showing. Further, Defendant has its own lawyer who can assess the legal significance of the evidence in this case. Without waiving same objections, Plaintiff responds as follows:  Plaintiff refers to

*Rita Meeks, Individually and as Administratrix of the Estate of Alan Hembree v. Eulus Holbert Keown, Jr., Robert Lynn Newcomb, Celadon Trucking Services, Inc., and Wabash National Corporation*
Plaintiff's Supplemental Responses to Defendant Wabash National Corporation's First Interrogatories
(Superior Court of Carroll County – CAFN:  15CV01044)
Page 17

the Complaint and the documents and pleadings exchanged in this case. As discovery is on-going, Plaintiff reserves the right to supplement her response to all parts of this Response.

FIRST SUPPLEMENTAL RESPONSE: Please see the response to Interrogatory No. 3.

34.   If you have knowledge of any photograph, video, motion picture, drawing, model, or other image made of the Product or any Component at Issue at any time, describe the medium on which the image is recorded, please identify each person who participated in that process, state the date when the image was made, and identify the person who has present custody of the image.

RESPONSE: Plaintiff objects to this Interrogatory to the extent that it would require Plaintiff to respond by disclosing her attorneys' or other of her representatives' mental impressions, conclusions, opinions, computations, calculations, projections, reasons, legal theories, trial preparation materials, other work product, or the like, or the identity of non-witness expert consultants, without the required showing, on the ground that said discovery request exceeds the permissible scope of discovery under the Georgia Civil Practice Act. Subject to and without waiving said objections, Plaintiff refers to the documents produced as BATES Nos. 000001-000004, 000075, 000076, 000078, and 000233-000238. As discovery is ongoing, Plaintiff reserves the right to supplement all parts of this response.

*Rita Meeks, Individually and as Administratrix of the Estate of Alan Hembree v. Eulus Holbert Keown, Jr., Robert Lynn Newcomb, Celadon Trucking Services, Inc., and Wabash National Corporation*
Plaintiff's Supplemental Responses to Defendant Wabash National Corporation's First Interrogatories
(Superior Court of Carroll County – CAFN: 15CV01044)
Page 18

FIRST SUPPLEMENTAL RESPONSE: Please see Bates Nos. 562-567 and the comments on them by Steve Christoffersen, P.E.

35.     Please identify the negligent acts or omissions for which you contend that this Defendant is responsible for with respect to the Product or any Component at Issue, state the facts that support your contention, state how each negligent act or omission could and should have been avoided, and identify each person and document having or containing information that supports your contention.

RESPONSE: Plaintiff objects to this Interrogatory to the extent that it would require Plaintiff to respond by disclosing her attorneys' or other of her representatives' mental impressions, conclusions, opinions, computations, calculations, projections, reasons, legal theories, trial preparation materials, other work product, or the like without the required showing. Further, Defendant has its own lawyer who can assess the legal significance of the evidence in this case. Without waiving same objections, Plaintiff responds as follows:  Plaintiff refers to the Complaint and the documents and pleadings exchanged in this case.  As discovery is on-going, Plaintiff reserves the right to supplement her response to all parts of this Response.

FIRST SUPPLEMENTAL RESPONSE:   Please see the response to Interrogatory No. 3.

40.     Please identify the facts that support your contention that any alleged defect in the Product or any Component at Issue proximately caused Decedent's death.

*Rita Meeks, Individually and as Administratrix of the Estate of Alan Hembree v. Eulus Holbert Keown, Jr., Robert Lynn Newcomb, Celadon Trucking Services, Inc., and Wabash National Corporation*
Plaintiff's Supplemental Responses to Defendant Wabash National Corporation's First Interrogatories
(Superior Court of Carroll County – CAFN: 15CV01044)
                                                                                              Page 19

RESPONSE: Plaintiff objects to this Interrogatory to the extent that it would require Plaintiff to respond by disclosing her attorneys' or other of her representatives' mental impressions, conclusions, opinions, computations, calculations, projections, reasons, legal theories, trial preparation materials, other work product, or the like without the required showing. Further, Defendant has its own lawyer who can assess the legal significance of the evidence in this case. Without waiving same objections, Plaintiff responds as follows: Plaintiff refers to the Complaint and the documents and pleadings exchanged in this case.  As discovery is on-going, Plaintiff reserves the right to supplement her response to all parts of this Response.

FIRST SUPPLEMENTAL RESPONSE:    Please see the response to Interrogatory No. 3.

41.    Please identify what injuries, if any, you contend the Decedent would have sustained if the allegedly safer, alternative design(s) identified in your previous Interrogatory Responses had been used, and identify the specific factual basis for your contention.

RESPONSE: Plaintiff objects to this Interrogatory to the extent that it would require Plaintiff to respond by disclosing her attorneys' or other of her representatives' mental impressions, conclusions, opinions, computations, calculations, projections, reasons, legal theories, trial preparation materials, other work product, or the like without the required showing. Further, Defendant has its

*Rita Meeks, Individually and as Administratrix of the Estate of Alan Hembree v. Eulus Holbert Keown, Jr., Robert Lynn Newcomb, Celadon Trucking Services, Inc., and Wabash National Corporation*
Plaintiff's Supplemental Responses to Defendant Wabash National Corporation's First Interrogatories
(Superior Court of Carroll County – CAFN: 15CV01044)

Page 20

own lawyer who can assess the legal significance of the evidence in this case. Without waiving same objections, Plaintiff responds as follows:  Plaintiff refers to the Complaint and the documents and pleadings exchanged in this case.   As discovery is on-going, Plaintiff reserves the right to supplement her response to all parts of this Response.

FIRST SUPPLEMENTAL RESPONSE:   Alan Hembree would still be alive and would have received far less serious injuries according to Dr. Joseph Burton because of his vehicles delta v of less than 35 miles per hour during the collision according to Mr. McCracken.

44.     Has any information (including but not limited to chats, emails, messages, photographs, posts, texts, or videos) been altered or deleted from any computer, phone, smart phone, email account, or social media account owned, used, or maintained by Decedent since the date of the Occurrence? If so, please identify each and every piece of information that was altered or deleted and the date of such alteration or deletion.

RESPONSE: Plaintiff objects to this Request to the extent that it is overly broad, unduly burdensome, and seeks information that it is not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving said objections, Plaintiff states that no information has been deleted to her knowledge.

FIRST SUPPLEMENTAL RESPONSE: Steve Christoffersen put comments

*Rita Meeks, Individually and as Administratrix of the Estate of Alan Hembree v. Eulus Holbert Keown, Jr., Robert Lynn Newcomb, Celadon Trucking Services, Inc., and Wabash National Corporation*
Plaintiff's Supplemental Responses to Defendant Wabash National Corporation's First Interrogatories
(Superior Court of Carroll County – CAFN:  15CV01044)
Page 21

and arrows on photographs.  Please see BATES Nos. 562-567.  Nothing else about the photographs was altered.

This the 1st day of June, 2016.

GREER TISINGER, LLC

By: _____

Jon Greer
Georgia State Bar No. 107106
Counsel for Plaintiffs

210 South Street
Carrollton, Georgia  30117
Phone: (770) 836-8327
Fax:    (770) 838-9756
jon@greertisingerlaw.com

*Rita Meeks, Individually and as Administratrix of the Estate of Alan Hembree v. Eulus Holbert Keown, Jr., Robert Lynn Newcomb, Celadon Trucking Services, Inc., and Wabash National Corporation*
Plaintiff's Supplemental Responses to Defendant Wabash National Corporation's First Interrogatories
(Superior Court of Carroll County – CAFN:  15CV01044)
Page 22

IN THE SUPERIOR COURT CARROLL COUNTY
STATE OF GEORGIA

RITA MEEKS, individually and as Administratrix )
of the Estate of ALAN HEMBREE,                 )
                                               )
    Plaintiff,                                 )
                                               )    CIVIL ACTION FILE
vs.                                            )    NO. 15CV01044
                                               )
EULUS HOLBERT KEOWN, JR.,                       )
ROBERT LYNN NEWCOMB, CELADON                     )
TRUCKING SERVICES, INC., and WABASH             )
NATIONAL CORPORATION,                           )
                                               )
Defendants.                                    )

## CERTIFICATE OF SERVICE

The undersigned, attorney for Plaintiff in the above-styled case, hereby certifies

that this day all parties have been served with a copy of the within and foregoing by

STATUTORY ELECTRONIC SERVICE and/or United States Mail with proper postage

affixed thereto and addressed as follows:

R. Christopher Harrison
Downey & Cleveland, LLP
harrison@downeycleveland.com
***Attorney for Defendant Keown***

John D. Dixon
Dennis, Corry, Porter & Smith, LLP
3535 Piedmont Road, NE
14 Piedmont Center, Suite 900
Atlanta, GA 30305
***Attorney for Defendants Newcomb & Celadon Trucking Services, Inc.***

Fred Valz, III
William Underwood
Carlock, Copeland & Stair, LLP

*Rita Meeks, Individually and as Administratrix of the Estate of Alan Hembree v. Eulus Holbert Keown, Jr., Robert Lynn Newcomb, Celadon Trucking Services, Inc., and Wabash National Corporation*
Plaintiff's Supplemental Responses to Defendant Wabash National Corporation's First Interrogatories
(Superior Court of Carroll County – CAFN: 15CV01044)

Page 23

P.O. Box 56887
Atlanta, GA 30303
**Attorneys for GEICO Indemnity Company**
Scott Bonder
Joseph A. White
Fried & Bonder, LLC
White Provision, Suite 305
1170 Howell Mill Road, NW
Atlanta, GA 30318


Paul Jefferson
Jefferson & Brewer, LLC
300 N. Main Street, Suite 220
Indianapolis, IN 46204
**Attorneys for Defendant Wabash National Corporation**


This the 1st day of June, 2016.

GREER TISINGER, LLC


By: _____

Jon Greer
Georgia State Bar No. 107106
Counsel for Plaintiffs


210 South Street
Carrollton, Georgia 30117
Phone: (770) 836-8327
Fax:    (770) 838-9756
jon@greertisingerlaw.com

*Rita Meeks, Individually and as Administratrix of the Estate of Alan Hembree v. Eulus Holbert Keown, Jr., Robert Lynn Newcomb, Celadon Trucking Services, Inc., and Wabash National Corporation*
Plaintiff's Supplemental Responses to Defendant Wabash National Corporation's First Interrogatories
(Superior Court of Carroll County – CAFN: 15CV01044)

Page 24



**STATE OF GEORGIA TRAFFIC CRASH REPORT**
Georgia State Patrol
Georgia Department of Public Safety
P.O. Box 1456
Atlanta, Georgia 30371-1456

| Crash Number | Reporting Agency | Reporting Agency Case Number | Reporting Agency CAD Number |
|---|---|---|---|
| C000-122845-01 | GEORGIA DEPARTMENT OF PUBLIC SAFETY | | GSP012CAD069197 |

**CRASH IDENTIFIERS**

| County of Crash | City or Place of Crash | ☐ City Limits | Crash Date/Time | Reported Date/Time | Dispatched Date/Time |
|---|---|---|---|---|---|
| DOUGLAS | | | 11/13/2012 2:02:54 PM | 11/12/2012 3:00 PM | 11/12/2012 3:03 PM |

| On Scene Date/Time | Cleared Scene Date/Time | Complete Date/Time | Reason (If Investigation Not Complete) | Source of Information |
|---|---|---|---|---|
| 11/12/2012 3:08 PM | 11/13/2012 2:13 AM | 11/13/2012 2:13 AM | | LAW ENFORCEMENT AGENCY |

**ROADWAY INFORMATION**

| Roadway Description or Location of Occurrence | | Distance at City or Place of Crash | Latitude | Longitude |
|---|---|---|---|---|
| I-20WB WEST OF POST ROAD | | | N 33 43.2483 | W 84 50.4673 |

| Interstating Roadway Description or Location of Occurrence | | Distance / Direction from Crash Location | Railroad Crossing Blocked | Railroad Crossing Date/Time |
|---|---|---|---|---|
| | | | ☐ Blocked | 11/13/2012 2:12:00 AM |

| Part of National Highway System | Roadway Functional Class Type | | Roadway Functional Class Name |
|---|---|---|---|
| YES | RURAL | | PRINCIPAL ARTERIAL-INTERSTATE |

| Type of Shoulder | Roadway Lighting | Roadway Intersecting Facility | Is This a Bicycle Route |
|---|---|---|---|
| PAVED | NO LIGHTING | NONE | NOT APPLICABLE |

| Third Event Type at Intersection | Reference Number of Lanes at Intersection | Area Road Number of Lanes at Intersection |
|---|---|---|
| NO CONTROL | | |

**CRASH INFORMATION**

| Light Condition | Weather Condition | Roadway Surface Condition | ☐ Crash Pictures Taken |
|---|---|---|---|
| DAYLIGHT | RAIN | WET | |

| First Harmful Event Type | First Harmful Event Detail |
|---|---|
| COLLISION NON-FIXED OBJECT | MOTOR VEHICLE IN TRANSPORT |

| Total Counts | Vehicles | CMV | Motorists | Non-Motorists | Injured | Fatalities | Witnesses | Other Persons | Businesses | Violators |
|---|---|---|---|---|---|---|---|---|---|---|
| | 2 | 1 | 3 | 0 | 2 | 0 | 2 | 0 | 0 | 1 |

| First Harmful Event's Relation to Junction | In First Harmful Event within Interchange Area | Type of Intersection |
|---|---|---|
| NON-JUNCTION | NO | NOT AT INTERSECTION |

| Contributing Circumstances: Environment | Contributing Circumstances: Environment | Contributing Circumstances: Environment |
|---|---|---|
| NONE | NONE | NONE |

| Contributing Circumstances: Road | Contributing Circumstances: Road | Contributing Circumstances: Road |
|---|---|---|
| NONE | NONE | NONE |

| School Bus Related | Work Zone Related | Crash Location in Work Zone |
|---|---|---|
| NO | NO | |

**VEHICLE V01**

| ► V01 | Motor Vehicle Type | State | License Number | Registration Expires | ☐ Permanent Registration | VIN |
|---|---|---|---|---|---|---|
| | MOTOR VEHICLE IN TRANSPORT | GA | BQK1848 | 2012 | | 1G4HP54K2YU140684 |

| Year | Make | Model | Style | Color | Body Type Category |
|---|---|---|---|---|---|
| 2000 | BUICK | LESABRE | 4S | BIL | PASSENGER CAR |

| Special Function of Motor Vehicle in Transport | Emergency Motor Vehicle Use | Type of Bus Use |
|---|---|---|
| NO SPECIAL FUNCTION | | NOT A BUS |

| Owner First Name | Owner Middle Name | Owner Last Name | Owner Suffix | Owner Business (If not Person) |
|---|---|---|---|---|
| EULUS | HOLBERT | KEOWN | JR | |

| Address | Address Other | City | State | Zip Code |
|---|---|---|---|---|
| 695 KERBOW RD | | CARROLLTON | GA | 30117-7820 |

| Owner Phone Number | Owner Phone Number (other) | Insurance Company | Insurance Policy Number |
|---|---|---|---|
| | | PROGRESSIVE MOUNTAIN INSURANCE | 88352814-0 |

| Vehicle Removed | Vehicle Towed By | Vehicle Removal Method |
|---|---|---|
| TOWED DUE TO DISABLING DAMAGE | MASSEY TOWING & RECOVERY | ROTATION |

| Direction of Travel Before Crash | Speed | Estimated | Posted | Roadway Type | Total Lanes | Roadway Horizontal Alignment | Roadway Grade |
|---|---|---|---|---|---|---|---|
| WESTBOUND | | | 70 | DIVIDED HIGHWAY | 5 | CURVE RIGHT | DOWNHILL |

| Trafficway Description | Traffic Control Device Type | Working Property |
|---|---|---|
| TWO-WAY DIVIDED POSITIVE MEDIAN BARRIER | NO CONTROLS | |

| Roadway Description for Vehicle Travel |
|---|
| I-20WB WEST OF POST ROAD |

| Vehicle Maneuver Action (for this vehicle) | Hit & Run (for this vehicle) | Damage Extent (for this vehicle) |
|---|---|---|
| NEGOTIATING A CURVE | NO DID NOT LEAVE SCENE | DISABLING DAMAGE |

| 1st Sequence of Events Type (this vehicle) | 1st Sequence of Events Detail (this vehicle) |
|---|---|
| COLLISION NON-FIXED OBJECT | MOTOR VEHICLE IN TRANSPORT |

| 2nd Sequence of Events Type (this vehicle) | 2nd Sequence of Events Detail (this vehicle) |
|---|---|
| UNKNOWN | |

| 3rd Sequence of Events Type (this vehicle) | 3rd Sequence of Events Detail (this vehicle) |
|---|---|
| UNKNOWN | |

| 4th Sequence of Events Type (this vehicle) | 4th Sequence of Events Detail (this vehicle) |
|---|---|
| UNKNOWN | |

| Most Harmful Event Type (this vehicle) | Most Harmful Event Detail (this vehicle) |
|---|---|
| COLLISION NON-FIXED OBJECT | MOTOR VEHICLE IN TRANSPORT |

| Contributing Circumstances 1 (this vehicle) | Contributing Circumstances 2 (this vehicle) |
|---|---|
| NONE | NONE |

| Area of Initial Impact | | Most Damaged Area | |
|---|---|---|---|
| ☐ Non Collision | | ☐ Non Collision | |
| ☐ Top | | ☐ Top | |
| ☐ Undercarriage | | ☐ Undercarriage | |
| ☐ Unknown | | ☐ Unknown | |

| Occupant Type | Person Name (First Middle Last Suffix) | Injury Status |
|---|---|---|
| DRIVER | EULUS HOLBERT KEOWN JR | NON FATAL INJURY |
| PASSENGER | HOLBERT JEFFREY KEOWN | NON FATAL INJURY |

**VEHICLE V02**

| ► V02 | Motor Vehicle Type | State | License Number | Registration Expires | ☐ Permanent Registration | VIN |
|---|---|---|---|---|---|---|
| | MOTOR VEHICLE IN TRANSPORT | AZ | AD00161 | 2012 | | 1FUPG6Z86YLB97780 |

| Year | Make | Model | Style | Color | Body Type Category |
|---|---|---|---|---|---|
| 2000 | FREIGHTLINER | FLD | TRACTOR TRK - DIESEL | BLU | MEDIUM / HEAVY TRUCKS (MORE THAN 10000 LBS (4536 |

OFFICIAL COPY   Version 9.9.9.9



EXHIBIT
5

Meeks 000059

| Crash Number | Reporting Agency | | Reporting Agency Case Number | Reporting Agency ORI Number |
|---|---|---|---|---|
| C00H122238-01 | GEORGIA DEPARTMENT OF PUBLIC SAFETY | | | GSPD12CAD089167 |

| Special Function of Motor Vehicle in Transport | Emergency Motor Vehicle Use | Type of Bus Use |
|---|---|---|
| NO SPECIAL FUNCTION | NO | NOT A BUS |

| Owner First Name | Owner Middle Name | Owner Last Name | Owner Suffix | Owner Business (if not Person) |
|---|---|---|---|---|
| JOSE | RUPERTO | MEZA | | |

| Address | | Address Other | City | State | Zip Code |
|---|---|---|---|---|---|
| 11191 W BERKELEY RD | | | AVONDALE | AZ | 85323 |

| Owner Phone Number | Owner Phone Number (other) | Insurance Company | Insurance Policy Number |
|---|---|---|---|
| 623-734-8037 | | NOLAN INSURANCE | WN089574 |

| Vehicle Removal | Vehicle Towed By | Wrecker Selection Method |
|---|---|---|
| TOWED DUE TO DISABLING DAMAGE | DIXIE TOWING | ROTATION |

| Trailer | State | License Number | Registration Expires | | VIN | Year | Make | Model | Color | Length | Axles |
|---|---|---|---|---|---|---|---|---|---|---|---|
| One | AZ | R87085 | ☑ Permanent Registration | 1PTO1JAH7W0009029 | 1986 | TRAI | 01JA1 | WHI | 63 | 2 |

| Direction of Travel Before Crash | Speed | Estimated | Posted 70 | Roadway Type | Roadway Horizontal Alignment | Roadway Grade |
|---|---|---|---|---|---|---|
| WESTBOUND | | | | DIVIDED HIGHWAY | CURVE RIGHT | DOWNHILL |

| Trafficway Description | Traffic Control Device Type | Working Properly |
|---|---|---|
| TWO-WAY DIVIDED POSITIVE MEDIAN BARRIER | NO CONTROLS | |

| Roadway Information for Vehicle Travel |
|---|
| I-20 WB WEST OF POST ROAD |

| Vehicle Maneuver Action (by this vehicle) | Hit & Run (by this vehicle) | Damage Extent (for this vehicle) |
|---|---|---|
| NEGOTIATING A CURVE | NO DID NOT LEAVE SCENE | DISABLING DAMAGE |

| 1st Sequence of Events (this vehicle) | 1st Sequence of Events Detail (this vehicle) |
|---|---|
| COLLISION NON-FIXED OBJECT | MOTOR VEHICLE IN TRANSPORT |

| 2nd Sequence of Events Type (this vehicle) | 2nd Sequence of Events Detail (this vehicle) |
|---|---|
| NON-COLLISION | OVERTURN/ROLLOVER |

| 3rd Sequence of Events Type (this vehicle) | 3rd Sequence of Events Detail (this vehicle) |
|---|---|
| UNKNOWN | |

| 4th Sequence of Events (this vehicle) | 4th Sequence of Events Detail (this vehicle) |
|---|---|
| UNKNOWN | |

| Most Harmful Event Type (this vehicle) | Most Harmful Event Detail (this vehicle) |
|---|---|
| NON-COLLISION | OVERTURN/ROLLOVER |

| Contributing Circumstances 1 (this vehicle) | Contributing Circumstances 2 (this vehicle) |
|---|---|
| NONE | NONE |

Area of Initial Impact
- ☑ Non Collision
- ☐ Top
- ☐ Undercarriage
- ☐ Unknown

Most Damaged Area
- ☐ Non Collision
- ☐ Top
- ☐ Undercarriage
- ☐ Unknown

| ☑ CMV | Gross Vehicle Weight Rating | Commercial Motor Vehicle Configuration |
|---|---|---|
| | MORE THAN 26000 LBS (11793 KG) | TRUCK TRACTOR/SEMI-TRAILER |

| Hazardous Materials Released From Cargo | Hazardous Materials Placard | Placard Hazardous Material Number | Placard Hazard Class Number |
|---|---|---|---|
| NO | NO | | |

| Motor Carrier Name | US DOT Number | Motor Carrier State | Motor Carrier State Number |
|---|---|---|---|
| MEZA TRUCKING, LLC. | 1080412 | | |

| Address | Address Other | City | State | Zip Code |
|---|---|---|---|---|
| 11191 W. BERKELEYED ROAD | | AVONDALE | AZ | 85392 |

| Phone Number | Source of Information | Motor Carrier Commercial / Non-Commercial |
|---|---|---|
| 623-734-3037 | | INTERSTATE CARRIER |

| Occupant Type | Person Name (First Middle Last Suffix) | Injury Status |
|---|---|---|
| DRIVER | JOSE RUPERTO MEZA | NON FATAL INJURY |

**DRIVER V01**

| ▶ Person Type | Age | Vehicle | Person Type Detail |
|---|---|---|---|
| DRIVER | | V01 | |

| First Name | Middle Name | Last Name | Suffix | Date of Birth | Age | Sex |
|---|---|---|---|---|---|---|
| EULUS | HOLBERT | KEOWN | JR | /1948 | 63 | M |

| Address | Address Other | City | State | Zip Code |
|---|---|---|---|---|
| 885 KIERBOW RD | | CARROLLTON | GA | 30117 |

| Phone Number | Phone Number (other) | Condition at Time of Crash |
|---|---|---|
| 770-537-8375 | | APPARENTLY NORMAL |

| Driver License Number | Class | Expires | State | Jurisdiction | Type | Status |
|---|---|---|---|---|---|---|
| | C | 2017 | GA | 02 | NON-CDL DRIVER'S LICENSE | VALID LICENSE |

| Drivers License Restrictions 1 | Drivers License Restrictions 2 | Drivers License Restrictions 3 |
|---|---|---|
| NONE | NONE | NONE |

| Driver Distracted By | Driver Vision Obstruction |
|---|---|
| NOT DISTRACTED | VISION NOT OBSCURED |

| Driver Actions at Time of Crash 1 (based on judgement of investigation officer) | Driver Actions at Time of Crash 2 (based on judgement of investigation officer) |
|---|---|
| OTHER CONTRIBUTING ACTION | NO CONTRIBUTING ACTION |

| Driver Actions at Time of Crash 3 (based on judgement of investigation officer) | Driver Actions at Time of Crash 4 (based on judgement of investigation officer) |
|---|---|
| NO CONTRIBUTING ACTION | NO CONTRIBUTING ACTION |

| Motor Vehicle Seating Position Row | Motor Vehicle Seating Position Seat | Motor Vehicle Seating Position Other | |
|---|---|---|---|
| FRONT | LEFT | NOT APPLICABLE | ☐ Seating Position Unknown |

| Restraint Systems | Helmet Use |
|---|---|
| SHOULDER AND LAP BELT USED | |

| Air Bag Deployed | Ejection |
|---|---|
| DEPLOYED-SIDE | NOT EJECTED |

| Trapped Extrication |
|---|
| NOT TRAPPED |

| Injury Severity Level Type | Injury Severity Level Detail | Primary or Most Obvious of Body Area Injured During Crash |
|---|---|---|
| NON FATAL INJURY | NON-INCAPACITATING (B) | UPPER EXTREMITY |

| Source of Transport to Medical Facility | EMS Agency Name or ID | EMS Run Number | Medical Facility Transported To |
|---|---|---|---|
| EMS GROUND | DOUGLAS COUNTY FIRE | 12401 | TANNER VILLA RICA HOSPITAL |

| Injury Description (Type of Injury Inflicted to Primary or Most Obvious Body Area injured during Crash. Can come from EMS / Hospital records). |
|---|
| The driver sustained serious injuries to the chest and visible injuries to a hand. |

| Law Enforcement Suspected Alcohol Use | Alcohol Test Type | Alcohol Tested | Alcohol Test Result | BAC |
|---|---|---|---|---|
| NO | | TEST NOT GIVEN | | |

| Law Enforcement Suspected Drug Use | Drug Test Type | Drug Tested | Drug Test Result |
|---|---|---|---|
| NO | | TEST NOT GIVEN | |

    OFFICIAL COPY     Version 9.9.9.9

Meeks 000060

| Crash Number | Reporting Agency | Reporting Agency Case Number | Reporting Agency CAD Number |
|---|---|---|---|
| C000122935-01 | GEORGIA DEPARTMENT OF PUBLIC SAFETY | | GSPD12CAD068187 |

| Violation Type Issued | Number | Violation Description |
|---|---|---|
| UNIFORM TRAFFIC CITATION | E00749686 | 40-6-48 FAILURE TO MAINTAIN LANE |

### DRIVER V02

| Person Type | NMS | Vehicle# | Person Type Detail |
|---|---|---|---|
| DRIVER | | V02 | |

| First Name | Middle Name | Last Name | Suffix | Date of Birth | Age | Sex |
|---|---|---|---|---|---|---|
| JOSE | RUPERTO | MEZA | | /1950 | 63 | M |

| Address | Address Other | City | State | Zip Code |
|---|---|---|---|---|
| 11191 W BERKELEY RD | | AVONDALE | AZ | 85323 |

| Phone Number (other) | Condition at Time of Crash |
|---|---|
| 623-734-3037 | APPARENTLY NORMAL |

| Driver License Number | Class | Expires | State | Jurisdiction | Type | Status |
|---|---|---|---|---|---|---|
| | A | /2013 | AZ | 02 | NON-CDL DRIVER'S LICENSE | VALID LICENSE |

| Commercial Motor Vehicle Endorsements | Recommend Driver ReExam |
|---|---|
| OTHER | ☐ |

| Drivers License Restrictions 1 | Drivers License Restrictions 2 | Drivers License Restrictions 5 |
|---|---|---|
| NONE | NONE | NONE |

| Driver Distracted By | Driver Vision Obstructions |
|---|---|
| NOT DISTRACTED | VISION NOT OBSCURED |

| Driver Actions at Time of Crash 1 | Driver Actions at Time of Crash 2 |
|---|---|
| NO CONTRIBUTING ACTION | NO CONTRIBUTING ACTION |

| Driver Actions at Time of Crash 3 | Driver Actions at Time of Crash 4 |
|---|---|
| NO CONTRIBUTING ACTION | NO CONTRIBUTING ACTION |

| Motor Vehicle Seating Position: Row | Motor Vehicle Seating Position: Seat | Motor Vehicle Seating Position: Other | Seating Position Unknown |
|---|---|---|---|
| FRONT | LEFT | NOT APPLICABLE | ☐ |

| Restraint Systems | Helmet Use |
|---|---|
| SHOULDER AND LAP BELT USED | |

| Air Bag Deployed | Ejection |
|---|---|
| NOT APPLICABLE | NOT EJECTED |

| Trapped Extrication |
|---|
| NOT TRAPPED |

| Injury Severity Level Type | Injury Severity Level Detail | Primary or Most Obvious of Body Area Injured During Crash |
|---|---|---|
| NON FATAL INJURY | NON-INCAPACITATING (B) | HEAD |

| Source of Transport to Medical Facility | EMS Agency Name or ID | EMS Run Number | Medical Facility Transported To |
|---|---|---|---|
| NOT TRANSPORTED | | | |

Injury Description (Type of Injury Inflicted to Primary or Most Obvious Body Area Injured during Crash. Can come from EMS / Hospital records).
The driver indicated that he had a bump on his head.

| Law Enforcement Suspected Alcohol Use | Alcohol Test Type | Alcohol Tested | Alcohol Test Result | BAC |
|---|---|---|---|---|
| NO | | TEST NOT GIVEN | | |

| Law Enforcement Suspected Drug Use | Drug Test Type | Drug Tested | Drug Test Result |
|---|---|---|---|
| NO | | TEST NOT GIVEN | |

### WITNESS

| Person Type | NMS | Vehicle# | Person Type Detail |
|---|---|---|---|
| WITNESS | | | |

| First Name | Middle Name | Last Name | Suffix | Date of Birth | Age | Sex |
|---|---|---|---|---|---|---|
| ELIZABETH | SUE | WHITESIDE | | /1975 | 37 | F |

| Address | Address Other | City | State | Zip Code |
|---|---|---|---|---|
| 132 BERKLEY DR | | VILLA RICA | GA | 30180 |

| Phone Number | Phone Number (other) | Condition at Time of Crash |
|---|---|---|
| 404-376-3882 | | APPARENTLY NORMAL |

### PASSENGER V01

| Person Type | NMS | Vehicle# | Person Type Detail |
|---|---|---|---|
| PASSENGER | | V01 | |

| First Name | Middle Name | Last Name | Suffix | Date of Birth | Age | Sex |
|---|---|---|---|---|---|---|
| HOLBERT | JEFFREY | KEOWN | | /1968 | 44 | M |

| Address | Address Other | City | State | Zip Code |
|---|---|---|---|---|
| 736 KERBOW RD | | CARROLLTON | GA | 50117 |

| Phone Number | Phone Number (other) | Condition at Time of Crash |
|---|---|---|
| 770-537-9375 | | APPARENTLY NORMAL |

| Motor Vehicle Seating Position: Row | Motor Vehicle Seating Position: Seat | Motor Vehicle Seating Position: Other | Seating Position Unknown |
|---|---|---|---|
| FRONT | RIGHT | NOT APPLICABLE | ☐ |

| Restraint Systems | Helmet Use |
|---|---|
| SHOULDER AND LAP BELT USED | |

| Air Bag Deployed | Ejection |
|---|---|
| NOT DEPLOYED | NOT EJECTED |

| Trapped Extrication |
|---|
| NOT TRAPPED |

| Injury Severity Level Type | Injury Severity Level Detail | Primary or Most Obvious of Body Area Injured During Crash |
|---|---|---|
| NON FATAL INJURY | NON-INCAPACITATING (B) | NECK |

| Source of Transport to Medical Facility | EMS Agency Name or ID | EMS Run Number | Medical Facility Transported To |
|---|---|---|---|
| EMS GROUND | DOUGLAS COUNTY FIRE | 12401 | TANNER VILLA RICA HOSPITAL |

Injury Description (Type of Injury Inflicted to Primary or Most Obvious Body Area Injured during Crash. Can come from EMS / Hospital records).
The passenger complained of injuries to the neck, back, left ribs, and left knee.

| Law Enforcement Suspected Alcohol Use | Alcohol Test Type | Alcohol Tested | Alcohol Test Result | BAC |
|---|---|---|---|---|
| NO | | TEST NOT GIVEN | | |

| Law Enforcement Suspected Drug Use | Drug Test Type | Drug Tested | Drug Test Result |
|---|---|---|---|
| NO | | TEST NOT GIVEN | |

### WITNESS

| Person Type | NMS | Vehicle# | Person Type Detail |
|---|---|---|---|
| WITNESS | | | |

| First Name | Middle Name | Last Name | Suffix | Date of Birth | Age | Sex |
|---|---|---|---|---|---|---|
| KIMBERLY | HARROLD | LAWRENCE | | 1984 | 48 | F |

| Address | Address Other | City | State | Zip Code |
|---|---|---|---|---|
| 5324 S. BROKEN BOW DRIVE | | BIRMINGHAM | AL | 35242 |

| Phone Number | Phone Number (other) | Condition at Time of Crash |
|---|---|---|
| 205-338-3806 | 205-900-9880 | APPARENTLY NORMAL |

### NARRATIVE C000122935

Vehicle #1 was traveling westbound on I-20 in the left lane. Vehicle #2 was traveling westbound on I-20 in the middle lane. The witness was traveling westbound on I-20 in the right

Meeks 000061

| Crash Number | Reporting Agency | Reporting Agency Case Number | Reporting Agency CAD Number |
|---|---|---|---|
| C000122936-01 | GEORGIA DEPARTMENT OF PUBLIC SAFETY | | GSPD12CAD069167 |

lane. The driver of vehicle #1 lost control and traveled into the middle lane in front of vehicle #2. The left front bumper of vehicle #2 struck the left rear side of vehicle #1. Vehicle #1 traveled off the roadway while rotating counterclockwise after impact and came to rest in the median facing east. Vehicle #2 traveled across the left lane and into the median and back across all westbound lanes before overturning. Vehicle #2 came to rest on the north shoulder of I-20 westbound, on its left side, facing north. This investigation was recorded on DVD #244-009-12.

| REPORTING OFFICER | | APPROVING OFFICER (SUPERVISOR) | |
|---|---|---|---|
| Reporting Officer Name: LUNSFORD, D.F. SGT.<br>ID Number: 0244  Rank: SERGEANT<br>Org / Unit: 4-D | Signature | Approving Officer Name: IRVIN, D. J.<br>ID Number: 0328  Rank: SGT<br>Org / Unit: D-4 | Signature |

Meeks 000062

| Crash Number C80013R836-01 | Reporting Agency GEORGIA DEPARTMENT OF PUBLIC SAFETY | Reporting Agency Case Number | Reporting Agency CAD Number GSPD12CA008187 |

**DIAGRAM OF ACCIDENT**



OFFICIAL COPY

Version 8.8.8.8

Meeks 000063

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORIGA
## NEWNAN DIVISION

| | |
|---|---|
| RITA MEEKS, INDIVIDUALLY AND AS ADMINISTRATRIX OF THE ESTATE OF ALAN HEMBREE, | CIVIL ACTION NO.: |
| PLAINTIFFS, | **Notice of Removal of Action under** |
| | **28 U.S.C § 1441(b) [Diversity** |
| V. | **Jurisdiction] and** |
| | **28 U.S.C § 1446(c) [Bad Faith]** |
| ROBERT LYNN NEWCOMB, CELADON TRUCKING SERVICES, INC., and WABASH NATIONAL CORPORATION, | **Demand for Jury Trial** |
| DEFENDANTS. | |

## CONSENT TO REMOVAL

COME NOW Defendants Robert Lynn Newcomb and Celadon Trucking

Services, Inc. (collectively "the Celadon Defendants") and, pursuant to 28 U.S.C. §

1446(b)(2)(A), hereby consent to the removal of the above-captioned action to this

Court from the Superior Court of Carroll County, Georgia.

This _____6___ day of December, 2016.

_____
John D. Dixon, Esq.
Georgia Bar No. 223376
DENNIS, CORRY, PORTER & SMITH, LLP
3535 Piedmont Road, NE
14 Piedmont Center, Suite 900
Atlanta GA 30305

1

EXHIBIT
6

*Attorney for the Celadon Defendants*